Hon. Thomas S. Zilly

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| LVB-OGDEN MARKETING, LLC, | Case No. 2:18-cv-00243-TSZ |
| **Plaintiff,** | HENRY DEAN, CICILIA ELALI, and BGH HOLDINGS, LLC's MOTION TO DISMISS |
| **v.** | |
| DAVID S. BINGHAM, SHARON BINGHAM, CHRISTOPHER BINGHAM, CHERISH BINGHAM, KELLY BINGHAM, BINGO INVESTMENTS, LLC, CCRB ENTERPRISES, LLC, PARK PLACE MOTORS, LTD., HYTECH POWER, INC., CICILIA ELALI (f/k/a CICILIA PARK), HENRY DEAN, in his individual capacity and as Trustee for the SHARON GRAHAM BINGHAM 2007 TRUST, and BGH HOLDINGS, LLC, | (Fed. R. Civ. P. 12(b)(6)) |
| **Defendants.** | |

MOTION TO DISMISS - i
(2:18-cv-00243-TSZ)

WESTERN WASHINGTON LAW GROUP, PLLC
7500 212TH Street SW, Suite 207
Edmonds, WA 98026
425.728.7296 Fax 425.955.5300

# TABLE OF CONTENTS

I.    INTRODUCTION ..................................................................................... 1

II.   STATEMENT OF FACTS ....................................................................... 2

III.  AUTHORITY AND ARGUMENT ......................................................... 5

    A.   Standard of Review Under 12(b)(6) ............................................. 5

    B.   Rule 8(a) Requires More Than a Formulaic Recitation of the Elements of a Cause of Action ............................................................................ 6

    C.   Rule 9(b) Requires that Fraud be Pled with Particularity.............. 7

    D.   The Court Should Dismiss Dean, Elali, and BGH for Failing to State a Claim under the UFTA ................................................................ 8

        1.   The elements of a fraudulent transfer claim ......................... 9

        2.   The Complaint fails to state a claim of constructive fraud.................. 10

        3.   The Complaint fails to state a claim of actual fraud............................ 14

    E.   The Court Should Dismiss Dean individually, Elali, and BGH because the Complaint Fails to State a Claim for Civil Conspiracy ............................. 16

        1.   There is no cause of action for conspiracy to commit a fraudulent transfer against a non-transferee............................................ 16

        2.   The Complaint fails to plead facts supporting its conclusory allegations of civil conspiracy on the part of Dean and Elali's allegedly fraudulent transfers to other parties ...................................... 18

    F.   The Complaint's first cause of action, for Declaratory Relief, does not state a claim against Dean individually, or against Elali, or against BGH....... 19

    G.   Plaintiff lacks standing to allege the trustee's breach of fiduciary duty or breach of the Sharon Graham Bingham 2007 Trust agreement ...................... 20

    H.   A trustee does not have personal liability; neither can there be judgment jointly and severally against Dean individually, Elali, or BGH in an amount sufficient to satisfy Plaintiff's claims ................................................. 21

    I.   The Plaintiff has not sufficiently pled justifiable reliance or damages as required under 9(b) ........................................................................ 22

IV.   CONCLUSION ....................................................................................... 23

MOTION TO DISMISS - ii
(2:18-cv-00243-TSZ)

WESTERN WASHINGTON LAW
GROUP, PLLC
7500 212TH Street SW, Suite 207
Edmonds, WA 98026
425.728.7296 Fax 425.955.5300

# I. INTRODUCTION

To state a claim, a complaint must go beyond a mere recitation of the elements of a cause of action. It must contain factual allegations "showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court took up this issue in two important cases, *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal*, and explained that such a showing requires more than labels and conclusions. It requires specific factual allegations that, if true, show that the labels and conclusions are accurate. When pleading actual fraud, a complaint must be even more specific. Fed. R. Civ. P. 9(b).

A plaintiff must do more than just say so to make the transfer of an asset fraudulent. A plaintiff bringing a cause of action for conspiracy must allege facts at least suggesting that the defendants *agreed* to do some wrongful act. The pleading requirements therefore mandate dismissal of defendants Henry Dean (individually), Cicilia Elali, and BGH Holdings, LLC (respectively, "Dean," "Elali," and "BGH"). Moreover, as a matter of law, there is no cause of action for civil conspiracy to commit a fraudulent transfer. Thus, these claims should be dismissed with prejudice and without leave to amend.

Additionally, the Complaint fails to state a claim for civil conspiracy against non-transferees Dean, Elali, and BGH; it does not include these three defendants in its claim for declaratory relief; the Plaintiff has no standing to make a claim of breach of trustee's duty or trust agreement; and there can be no relief granted on Plaintiff's claim to make Dean, Elali, or BGH jointly and severally liable for the full amount of its existing judgment. For these additional reasons, defendants Dean, Elali, and BGH should be dismissed.

MOTION TO DISMISS - 1
(2:18-cv-00243-TSZ)

WESTERN WASHINGTON LAW
GROUP, PLLC
7500 212TH Street SW, Suite 207
Edmonds, WA 98026
425.728.7296 Fax 425.955.5300

## II. STATEMENT OF FACTS

While confusing and vague, the Complaint in this matter was filed on February 15, 2018. Plaintiff LVB-Ogden Marketing, LLC ("Plaintiff" or "LVB") and claims Henry Dean, Cicilia Elali, and BGH Holdings, LLC (collectively the "Additional Defendants") have become jointly and severally liable for a $70 Million judgment entered by the U.S. District Court for the Northern District of Washington ("Judgment") against David S. Bingham, Sharon Bingham, Christopher G. Bingham, Cherish Bingham, Kelly Bingham, and Bingo Investments, LLC (collectively, the "Judgment Debtors")

Regarding Defendant Henry Dean, individually, the Complaint seeks to have him found liable for fraudulent misrepresentation, maybe as a subsequent transferee of certain monies he received from the Sharon Graham Bingham 2007 Trust ("2007 Trust"), and civil conspiracy. As to Cicilia Elali, seeks to have her jointly and severally liable for the Judgment based upon fraudulent misrepresentation and civil conspiracy. As for BGH Holdings, LLC, seeks to have it become jointly and severally liable for the Judgment, but does not specify any theory of liability for it to be held liable.

The Complaint alleges that Henry Dean and Cicilia Elali aided, assisted or conspired with certain of the other Defendants, who are Judgment Debtors, to hide assets of the Judgment Debtors from the judgment creditor, Plaintiff LVB. Although the Complaint alleges that the Judgment Debtors, with Dean and Elali's assistance, fraudulently transferred assets to the 2007 Trust, it fails to provide sufficient and meaningful description of the allegedly fraudulent transfers, namely the "who, when, where and how" regarding these alleged fraudulent transfers:

MOTION TO DISMISS - 2
(2:18-cv-00243-TSZ)

WESTERN WASHINGTON LAW
GROUP, PLLC
7500 212TH Street SW, Suite 207
Edmonds, WA 98026
425.728.7296 Fax 425.955.5300

1. Nowhere does Debtor state in a consistent fashion who made the transfer, when the transfer was made, where the transfer was made, or how the transfer was made.

2. With one exception (alleging assignment of 100% of the stock in Park Place Motors, Ltd.,  to the Trust on December 31, 2012 by David Bingham), no specific dates are given for any of the allegedly fraudulent transfers of assets to the Trust;

3. None of the various parcels of real estate alleged as fraudulently transferred are described with sufficient particularity to allow them to be identified. There is never a legal description or even an address. They are instead referred to, e.g., as "Condominium in Hawaii #1" (Complaint ¶ 67) or "Single Family Residence in WA" (id.) or "the home of Defendants Scott and Kelly Bingham." (¶ 40).

4. Although a yacht is identified by name as having been allegedly fraudulently transferred to the Trust (the *Bingo* M/V, ¶¶ 40, 67), no transfer date or transferor is identified. Paragraph 34 mentions "yachts" in plural, and ¶ 41 mentions "sale of a yacht by 'the Trust'" taking place "last year," but it is unclear if these statements refer to the *Bingo* or a different vessel.

5. Paragraph 67 of the Complaint includes a list of eleven assets allegedly owned by the Trust as of May, 2017, but it is unclear whether the Complaint alleges that all of them were fraudulently transferred to the Trust, and if so, when and by whom.

Rather than specifics, the Complaint instead uses exceedingly vague language to describe the assets transferred, the dates of transfer, the transferors, and the value of the assets, for example, "Defendants proceeded to transfer or mortgage essentially all of their earthly possessions—including their multi-million dollar homes, business interests, yachts, and

MOTION TO DISMISS - 3
(2:18-cv-00243-TSZ)

WESTERN WASHINGTON LAW GROUP, PLLC
7500 212TH Street SW, Suite 207
Edmonds, WA 98026
425.728.7296 Fax 425.955.5300

luxury cars—to Sharon's Trust….” Complaint at ¶ 34, and "a sophisticated web of fraudulent transfers and obligations, shuffling around the debtors' assets to keep them out of creditors' hands." Complaint at ¶ 99.

Even as to the transfer of the interest in Park Place Motors, the allegations in the Complaint simply recite the elements of a UFTA claim, without sufficient *facts* suggesting those elements are present here.

The Complaint also is very confusing and unclear on whether it is based on an actual fraudulent transfer requiring an intent to delay, hinder or defraud creditors, a constructively fraudulent transfer because reasonably equivalent value was not received, an insider preference claim based on a transfer to an insider while the Judgment Debtor was insolvent, or rendered insolvent as a result of the transfer. In the Complaint, ¶ 103, Plaintiff alleges that the judgment debtors made the allegedly fraudulent transfers "without receiving reasonably equivalent value in exchange for the transfers" suggesting a potential constructively fraudulent transfer. Even then, it does so only with conclusory statements and without alleging facts as to the value of the consideration received. Also at ¶ 103, the Complaint alleges that the judgment debtors were "insolvent at the time of the transfers or became insolvent as a result of the transfers." This suggests there may be an insider preference claim being asserted.

WESTERN WASHINGTON LAW GROUP, PLLC
7500 212TH Street SW, Suite 207
Edmonds, WA 98026
425.728.7296 Fax 425.955.5300

1
2
3
### III. AUTHORITY AND ARGUMENT
4
**A. Standard of Review Under 12(b)(6).**
5
Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be
6
granted." Fed.R.Civ.P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a),
7
which requires "a short and plain statement of the claim showing that the pleader is entitled to
8
relief." Fed.R.Civ.P. 8(a)(2). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct.
9
1955, 167 L.Ed.2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d
10
868 (2009). On a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6),
11
all allegations of material fact must be accepted as true and construed in the light most
12
favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th
13
Cir.1996). However, the court is not required to accept as true a "legal conclusion couched as
14
a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868
15
(2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d
16
929 (2007)). The Complaint "must contain sufficient *factual* matter, accepted as true, to state
17
a claim to relief that is plausible on its face." *Id.* at 678. This requirement is met when the
18
plaintiff "pleads factual content that allows the court to draw the reasonable inference that the
19
defendant is liable for the misconduct alleged." *Id.* Absent facial plausibility, a plaintiff's
20
claims must be dismissed. *Twombly*, 550 U.S. at 570.
21
The Complaint in this matter alleges a lawyer and member of the Washington State Bar
22
Association for over 50 years (as well as the other Additional Defendants) were involved in a
23
conspiracy to commit fraud or voidable transfers. It brazenly does so with mere conclusory
24
25
26
27

MOTION TO DISMISS - 5
(2:18-cv-00243-TSZ)

allegations and without meeting the *Iqbal* Fed.R.Civ.P. 8(a)(2) standard, much less the

heightened pleading requirements of Fed.R.Civ.P. 9(b), discussed *supra*. For these reasons

and others argued in this Motion, the Complaint fails to state a claim against the Additional

Defendants and should be dismissed.

**B.  Rule 8(a) Requires More Than a Formulaic Recitation of the Elements of a Cause of Action.**

The Federal Rules of Civil Procedure require that every complaint contain "a short and

plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P.

8(a)(2) (emphasis added). To survive a 12(b)(6) motion to dismiss, this statement of the claim

"requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In

*Twombly*, the Court dismissed a complaint alleging violation of § 1 of the Sherman Act

because its allegation that the defendants had reached an agreement not to compete was

unsupported by "enough factual matter (taken as true) to suggest that an agreement was

made." *Id*. at 556, 564.

In *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009), the Supreme Court confirmed that the

standard articulated in *Twombly* applies not just in antitrust cases but in all civil cases. The

Court in *Iqbal* further clarified the application of *Twombly*, explaining that two principles

underlie the decision: "First, the tenet that a court must accept as true all of the allegations

contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at

1949. Thus, in *Twombly*, the Court had disregarded the bare allegation of an agreement in

WESTERN WASHINGTON LAW GROUP, PLLC
7500 212TH Street SW, Suite 207
Edmonds, WA 98026
425.728.7296 Fax 425.955.5300

restraint of trade as a legal conclusion. *See id*. at 1950. Second, only a complaint that states a

plausible claim for relief may survive a motion to dismiss; "where the well-pleaded facts do

not permit the court to infer more than the mere possibility of misconduct, the complaint has

alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*., citing Fed. R.

Civ. P. 8(a)(2). Thus, in *Twombly*, the Court dismissed the complaint because the non-

conclusory factual allegation of parallel conduct, although consistent with an unlawful

agreement, did not plausibly suggest that the parties had actually entered into one. *See id*.

*See also In re Caramerica*, 409 B.R. 346 (Bankr. E.D. N.C. 2009) (complaint alleging

fraudulent transfer dismissed for failure to meet the Rule 8(a) pleading standard clarified in

*Twombly* and *Iqbal*.)

## C.  Rule 9(b) Requires that Fraud be Pled with Particularity.

Dismissals under Rule 9(b) are functionally equivalent to dismissals under Rule 12(b)(6).

*U.S. v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1182 (9th Cir. 2016).  The heightened

pleading standard imposed by Fed.R.Civ.P. 9(b) applies to claims alleging violations of a

state's Uniform Voidable Transfers Act ("UVTA").[1]

---

[1] Several U.S. Circuit Courts of Appeal have similarly held. *See, e.g., In re Sharp Int'l Corp.*, 403 F.3d 43, 56 (2d Cir.2005) ("Pursuant to DCL § 276: Every conveyance made ... with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors. To prove actual fraud under § 276, a creditor must show intent to defraud on the part of the transferor.... As 'actual intent to hinder, delay, or defraud' constitutes fraud, it must be pled with specificity, as required by Fed.R.Civ.P. 9(b).") (internal quotation marks, citations, and modifications omitted); *General Electric Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1078-79 (7th Cir.1997) ("GE Capital does not allege a common law fraud violation; instead, it claims that LRC violated the Illinois Uniform Fraudulent Transfer Act.... Because this statute creates a cause of action for constructive fraud that requires neither evidence of actual intent to defraud nor a specific misrepresentation by the defendant, we will evaluate whether GE Capital has plead the circumstances surrounding the elements of this statutory cause of action with sufficient particularity to satisfy Rule 9(b)."); *see also* Barney J. Finberg, "Construction and Application of

MOTION TO DISMISS - 7
(2:18-cv-00243-TSZ)

WESTERN WASHINGTON LAW
GROUP, PLLC
7500 212th Street SW, Suite 207
Edmonds, WA 98026
425.728.7296 Fax 425.955.5300

Rule 9(b) requires that allegations of common law fraud be pleaded with particularity. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1122 (9th Cir. 2009). A complaint's general allegations, lacking any details or facts setting out the "who, what, when, where and how" of an alleged fraud, are insufficient to satisfy Rule 9(b). *Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 1000 (9th Cir. 2010). When a plaintiff's intentional fraudulent transfer claim is premised on a debtor's actual intent "to defraud," Rule 9(b) applies, and the plaintiff must plead the circumstances constituting fraud with particularity. *Screen Capital Int'l Corp. v. Library Asset Acquisition Co.,* 510 B.R. 248, 257 (C.D. Cal. 2014). To meet this requirement, a plaintiff must allege, for each transfer: (1) the date of the transfer; (2) the amount of the transfer (or if the transfer was of property other than money, the property that was transferred and its value); (3) the name of the transferor; (4) the name of the initial transferee; and (5) the consideration paid, if any, for the transfer. *In re NM Holdings Co., LLC,* 407 B.R. 232, 261 (Bankr. E.D. Mich. 2009).

**D.  The Court Should Dismiss Dean, Elali, and BGH for Failing to State a Claim under the UFTA.**

The Complaint makes clear it is alleging a conspiracy to commit actual fraudulent transfer claim against the Additional Defendants. It also seems to allege that Mr. Dean and BGH Holdings, LLC were mediate transferees of an alleged fraudulent transfer.  It does so by only making conclusory allegations that are really legal conclusions by simply repeating the language of Washington's UVTA statutes (RCW 19.40.011 et. seq) without sufficient *factual* allegations "showing that the pleader is entitled to relief" as required by Rule 8(a). In

Provision of Rule 9(b), Federal Rules of Civil Procedure, that Circumstances Constituting Fraud or Mistake Be Stated with Particularity," 27 A.L .R. Fed. 407 § 28 (2005).

MOTION TO DISMISS - 8
(2:18-cv-00243-TSZ)

WESTERN WASHINGTON LAW GROUP, PLLC
7500 212TH Street SW, Suite 207
Edmonds, WA 98026
425.728.7296 Fax 425.955.5300

addition, the Complaint fails to meet the heightened pleading requirements of Rule 9(b) for pleading actual fraud or fraudulent misrepresentation because it fails to plead the necessary "who, what, where, and how" of each alleged fraudulent transfer.

The Complaint only alleges the non-debtor 2007 Trust made transfers to BGH and/or Mr. Dean or on his behalf of certain monies.[2] As such they were, at best, a mediate transferee and not an initial transferee of an alleged fraudulent transfer. Plaintiff, however, has failed to connect the dots and show that the monies paid to BGH or Mr. Dean or on Mr. Dean's behalf have been traced to an asset that was fraudulently transferred to the 2007 trust by a Judgment Debtor. Under Fed.R.Civ.P. 8(a)(2) and 9(b), Plaintiff must connect these dots in its Complaint. It has not. Plaintiff's UVTA violations must be dismissed against Defendants BGH and Henry Dean, individually. Similarly the conspiracy to commit an actual fraudulent transfer should be dismissed against all the Additional Defendants *See* Fed. R. Civ. P. 12(b)(6).

### 1.  The elements of a fraudulent transfer claim.

To avoid a transfer under the UVTA, a plaintiff must prove, *inter alia*, either actual or constructive fraud. Actual fraud exists where a transfer is made with "actual intent to hinder, delay, or defraud any creditor." RCW 19.40.041(1)(a). The UFTA lists 11 factors that may be considered in determining actual intent. RCW 19.40.041(2).

The manner of establishing constructive fraud varies depending on whether the creditor's claim arose before or after the transfer. In either case, a transfer is constructively fraudulent only if made without receiving reasonably equivalent value. RCW 19.50.051(1). To establish

---

[2] There is no similar claim regarding Cicilia Elali.

MOTION TO DISMISS - 9
(2:18-cv-00243-TSZ)

WESTERN WASHINGTON LAW GROUP, PLLC
7500 212TH Street SW, Suite 207
Edmonds, WA 98026
425.728.7296 Fax 425.955.5300

constructive fraud with regard to present creditors, a plaintiff also must prove that the transferor was insolvent at the time or became insolvent as a result. *Id*. § 051(1). And to establish constructive fraud with regard to future creditors—or as an alternative way to establish it with respect to present creditors—a plaintiff must prove that the transferor either (a) was engaged or about to be engaged in business for which his remaining assets would be insufficient or (b) knew or should have known that he would incur debts beyond his ability to pay—i.e., "equitable insolvency." *Id*. § 041(1)(b)(i)-(ii).

### 2.   The Complaint fails to state a claim for constructive fraud.

The Complaint fails to sufficiently identify the transfers it seeks to set aside as constructively fraudulent and fails to allege sufficient facts to support its formulaic recitation of the elements of the cause of action.

#### a.   The Complaint fails to sufficiently identify the allegedly fraudulent transfers.

As a threshold matter, the Complaint should at least sufficiently identify what transfers it alleges are constructively fraudulent. For instance, in *Angell v. BER Care, Inc*., 409 B.R. 737, 744 (Bankr. E.D.N.C. 2009), the complaint specified the date, amount, and payee of each allegedly fraudulent transfer; it also included check numbers, payee reference numbers, and account numbers and names. In contrast, the court in *Hydrogen, LLC v. Blomen*, __ B.R. __, 2010 WL 1609536, at *2 (Bankr. S.D.N.Y. April 20, 2010), dismissed a preference claim against a defendant based on alleged transfers of salary, benefits, expense reimbursements, and stock or stock options in unspecified amounts: "Without a single relevant detail such as

WESTERN WASHINGTON LAW
GROUP, PLLC
7500 212ᵀᴴ Street SW, Suite 207
Edmonds, WA 98026
425.728.7296 Fax 425.955.5300

date, amount or type of transfer, it is impossible to identify any specific avoidable transfer to [the defendant]," *id*. at *12.[3]

Here, the Complaint alleges that "Defendants proceeded to transfer or mortgage essentially all of their earthly possessions—including their multi-million dollar homes, business interests, yachts, and luxury cars—to Sharon's Trust….." (Complaint ¶ 34.) But other than with reference to Park Place Motors, it fails to identify a single such transfer with the required specificity—omitting date (or even year), amount, the identity of the asset, or the transferor, and frequently several of the above. Instead, it makes the insufficiently supported, conclusory allegation that "the debtors transferred all their assets to the Trust" (*Id.* at ¶ 111) and, from there, Dean and Elali "covertly funneled millions of dollars to the Binghams or shell companies." (*Id.* at ¶ 7). But simply alleging that there were withdrawals from and deposits to an account is not enough.

Like the vague allegations that warranted dismissal in *Hydrogen, LLC*, these allegations concerning the Trust fall short of the pleading requirements of Rule 8(a). This warrants dismissal of both the actual and constructive fraudulent transfer claims and conspiracy to commit an actual or fraudulent transfer claim against the Additional Defendants. *Northwest Laborers-Employers Health & Sec. Trust Fund v. Philip Morris, Inc.*, 58 F. Supp.2d 1211, 1216 (W.D. Wash. 1999), citing *W.G. Platts, Inc., v. Platts*, 73 Wn.2d 434, 438-40, 438 P.2d 867 (1968).

---

[3] The provisions of the UFTA parallel 11 U.S.C. § 548(a)(1); thus, cases applying the bankruptcy code are applicable to actions under the UFTA. *Gluth Bros. Constr. Co. v. Ruth*, 424 B.R. 368, 377 (Bankr. N.D. Ill. 2009).

WESTERN WASHINGTON LAW
GROUP, PLLC
7500 212TH Street SW, Suite 207
Edmonds, WA 98026
425.728.7296 Fax 425.955.5300

**b. The Complaint alleges no facts to support the conclusory allegation that assets were transferred for less than reasonably equivalent value.**

To survive dismissal, a complaint alleging a constructively fraudulent transfer of whatever kind must allege facts indicating that less than reasonably equivalent value was received for the asset transferred. For instance, in *Hydrogen, LLC*, the complaint alleged that $410,652.92 in bonuses, plus other unspecified salary, benefits, stock, and stock options, paid to the defendants were constructively fraudulent transfers under 11 U.S.C. § 548. 2010 WL 1609536, at *1-2. The bankruptcy court dismissed the complaint for failure to state a claim because it set forth "little more than a formulaic recitation of the elements of" a fraudulent transfer claim and, in particular, alleged no "facts supporting the allegation that the Debtor received less than reasonably equivalent value in exchange for the payments made to Defendants." *Id*. at * 10.

The court in *Angell v. BER Care*, *Inc*., 409 B.R. 737 (Bankr. E.D.N.C. 2009), also dismissed a complaint for failure to state a fraudulent-transfer claim, notwithstanding that it specifically identified the allegedly fraudulent transfers by date, amount, and transferee. While the complaint alleged that the debtor received less than reasonably equivalent value for such transfers, "the trustee fail[ed] to support such allegations with... an identification of the consideration received by each transferor [or] information as to why the value of such consideration was less than the amount transferred." *Id*. at 756.

Here, the Complaint's mere recitation of the UVTA requirement that "the debtors have made transfers to certain transferees "without receiving reasonably equivalent value in exchange for the transfers" is insufficient to meet the pleading requirements of Rule 8(a).

(Complaint ¶ 103.) This deficiency alone requires dismissal of the conspiracy and constructive fraud claims as to Dean individually, Elali, and BGH.

### c. The Complaint alleges no facts to support the conclusory allegations regarding debtors' insolvency.

To survive dismissal, a complaint alleging a constructively fraudulent transfer must at least allege facts indicating that, *inter alia*, the transferor was or became "insolvent" as a result—either as the term is defined in the UFTA or equitably in the sense that the transferor is unable to pay debts as they come due. For instance, the complaint in *BER Care* made only the bare allegation that the transferors "were insolvent on the date of each fraudulent transfer or became insolvent as a result." 409 B.R. at 756 (internal quotation marks omitted). The court dismissed the fraudulent-transfer claim, holding that in the absence of factual assertions supporting the allegation of insolvency the claims of constructive fraud failed to meet the pleading requirements of Rule 8(a). *Id.* Similarly, the court in *Gluth Bros. Constr. Co. v. Ruth*, 424 B.R. 368, 377 (Bankr. N.D. Ill. 2009), dismissed a complaint for failure to plead facts to support its "formulaic recitation" that, "[u]pon information and belief, the Debtor was insolvent, became insolvent, and/or had unreasonably small capital in relation to its business at the time, or as a result, of the Fraudulent Transfers." (Internal quotation marks omitted.) The complaint in *Hydrogen, LLC* likewise failed to state a claim with allegations that the defendants "'saddled' the Debtor with additional unspecified debts that they 'knew or should have known would be beyond the Debtor's ability to pay.'" 2010 WL 1609536, at *2.

Here, the Complaint has inconsistent allegations of insolvency. First, Plaintiff alleges, "the debtors repeatedly *falsely* represented to LVB for several years that the debtors were

MOTION TO DISMISS - 13
(2:18-cv-00243-TSZ)

insolvent" (Complaint ¶ 100). Further down, the Complaint simply recites the UFTA requirement that, for example, (a) "the debtors were insolvent at the time of the transfers or became insolvent as a result of the transfers" (Complaint ¶ 103); (b) "[t]he debtors were insolvent or became insolvent shortly after the transfers were made" (Complaint ¶ 105); and (c) "the transferor debtor was insolvent at the time of the transfers." (Complaint ¶ 104).

Not only are Plaintiff's allegations inconsistent, but they are also insufficient to support a constructively fraudulent transfer claim.  This mere recitation of the UVTA requirement is insufficient to meet the pleading requirements of Rule 8(a) with respect to insolvency. This deficiency independently requires dismissal of the constructively voidable transfer claims against Dean individually, and BGH and the civil conspiracy claim against all the Additional Defendants.

### 3. The Complaint fails to state a claim of an actually fraudulent transfer.

A claim alleging an actual fraudulent transfer must satisfy not just Rule 8(a) but also the particularity requirement of Rule 9(b). *Gluth Bros. Constr. Co. v. Ruth*, 424 B.R. 368, 374 (Bankr. N.D. Ill. 2009); *Angell v. Haveri*, 409 B.R. 346, 353 (Bankr. E.D.N.C. 2009). Thus, a complaint in an adversary proceeding "must state with particularity the circumstances constituting an alleged fraud." Fed. R. Civ. P. 9(b). An adversary complaint may not "merely assert allegations conclusory or allegations based on information and belief" but rather "must state the who, what, when, and where of the alleged fraud." *Gluth Bros. Constr.*, 424 B.R. at

WESTERN WASHINGTON LAW GROUP, PLLC
7500 212TH Street SW, Suite 207
Edmonds, WA 98026
425.728.7296 Fax 425.955.5300

374 (internal quotation marks omitted).[4] If particular averments of fraud are insufficiently

pled under Rule 9(b), a district court should "disregard" those averments, or "strip" them from

the claim; the court should then examine the allegations that remain to determine whether

they state a claim. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003).

In *Gluth Brothers Construction*, the complaint alleged that the debtor sold its interest in a

joint venture for $30,921.90 at a time when the joint venture had over $89,000 in cash on

hand and receivables of over $230,000; shortly thereafter the transferee withdrew more than

$120,000 from the account. *Id*. at 372. The court held that the complaint failed to state a claim

and dismissed it:

> [T]he Plaintiff has not sufficiently pled any facts to support a claim for fraudulent
> transfer under the actual fraud or "fraud in fact" sections of the UFTA or 11 U.S.C. §
> 548(a)(1)(b). Other than stating that the transfers were made "with knowledge that the
> transfer would hinder, delay, or defraud creditors' recovery," the Plaintiff has alleged
> no facts to support the allegation of actual fraud. *This statement is simply a recitation
> of an element of the claim, which is not sufficient* under the standard set forth in *Iqbal*,
> and certainly not sufficient for the heightened pleading standard of Rule 9(b).

*Id*. at 377 (emphasis added). Similarly in *Haveri*, 409 B.R. at 353, the court held that a

complaint failed to satisfy the particularity requirement of Rule 9(b) where it recited the

elements and generally alleged wrongdoing but failed to make "a particularized showing of

the circumstances constituting actual fraud."

---

[4] Again, the UFTA provisions parallel 11 U.S.C. § 548(a)(1); thus, cases applying the bankruptcy code are applicable to actions under the UFTA. *Gluth Bros. Constr. Co. v. Ruth*, 424 B.R. 368, 377 (Bankr. N.D. Ill. 2009).

MOTION TO DISMISS - 15
(2:18-cv-00243-TSZ)

WESTERN WASHINGTON LAW
GROUP, PLLC
7500 212TH Street SW, Suite 207
Edmonds, WA 98026
425.728.7296 Fax 425.955.5300

1
2
**E.  The Court Should Dismiss Dean individually, Elali, and BGH because the Complaint Fails to State a Claim for Civil Conspiracy.**

3
4
The Complaint also accuses Dean and Elali of conspiring with other defendants in

5
committing fraud and making fraudulent transfers to the Trust. (*See* Complaint ¶¶ 117-125.)

6
This conspiracy to commit an actual fraudulent transfer claim fails the Complaint fails to

7
plead facts meeting the basic requirements of Rule 8(a) and the heightened pleading standard

8
in Fed.R.Civ.P. 9(b). Finally, a civil conspiracy claim in Washington must be based on

9
underlying "actionable wrongs, "overt acts," or a "tort working damage to the plaintiffs."

10
*Northwest Laborers-Employers Health & Sec. Trust Fund v. Philip Morris, Inc.*, 58 F.

11
Supp.2d 1211, 1216 (W.D. Wash. 1999), citing *W.G. Platts, Inc., v. Platts*, 73 Wn.2d 434,

12
438-40, 438 P.2d 867 (1968). A conspiracy claim fails if the underlying act or claim is not

13
actionable. *See id.; Wilson v. State*, 84 Wn. App. 332, 350-51, 939 P.2d 448 (1996). If no

14
underlying fraudulent transfer or fraud claim survives motions to dismiss, then all conspiracy

15
16
claims should also be dismissed against the Additional Defendants.

17
18
**1.  There is no cause of action for conspiracy to commit a fraudulent transfer against a non-transferee.**

19
Plaintiff has also alleged a conspiracy claim against Defendant Elali for conspiracy to

20
commit a fraudulent transfer. Nowhere does Plaintiff allege that Defendant Elali was an

21
immediate or mediate transferee of an alleged voidable transfer. She is, therefore, a non-

22
transferee.  As to her, there is no authority to allow UVTA liability to extend to a non-

23
transferee.

24
The majority of cases that have considered the issue have concluded that there is no cause

25
26
of action against non-transferees. *See, e.g., Mann v. GTCR Golder Rauner, LLC*, 483 F. Supp.

27
MOTION TO DISMISS - 16
(2:18-cv-00243-TSZ)

2d 884, 918-19 (D. Ariz. 2007) (citing cases and addressing aiding-and-abetting claim); *Ernst & Young LLP v. Baker O'Neal Holdings, Inc*., 2004 WL 771230, at \*14 (S.D. Ind. March 24, 2004) (citing the recent additions to the "multitude" of cases holding that there is no accessory liability for fraudulent transfers under the UFTA). As the court in *Mann* concluded, various courts that have "scrutinize[ed] the plain language of the UFTA… agree that it is unambiguous in that it does not suggest an intent to create an independent tort for damages." *Id*. at 919.

In *Freeman v. First Union Nat'l Bank*, 865 So.2d 1272, 1274 (Fla. 2004), for instance, the United States district court initially dismissed a claim for aiding and abetting a fraudulent transfer because Florida's Uniform Fraudulent Transfer Act—while expressly permitting creditors to avoid a fraudulent transfer, attach transferred assets, enjoin the disposition of an asset by a transferee, or request appointment of a receiver over an asset—did not expressly provide for aider-and-abettor (or any) liability on the part of a non-transferee. On appeal, the Eleventh Circuit certified the question to the Florida Supreme Court: "Under Florida law, is there a cause of action for aiding and abetting a fraudulent transfer when the alleged aider/abettor is not a transferee?" *Id*. at 1275.

The Florida Supreme Court answered "no." Reviewing the remedies available under the Florida's UFTA, the court agreed that there was "no language in the [act] that suggests an intent to create an independent tort for damages." *Id*. at 1277. The court reached this conclusion notwithstanding the provision in the statute allowing courts to award "any other relief the circumstances may require," which the court read as merely allowing other remedies, not creating new causes of action. *Id*. The court in *Ernst & Young, LLC*, 2004 WL

771230, at *14, likewise held that "[a]ccessory liability for fraudulent transfers cannot be supported by either the Bankruptcy Code or [Indiana's] UFTA," notwithstanding a similar "catch-all" provision in Indiana's statue.

The same is true of Washington's UVTA. The remedies in Washington's UVTA are substantially the same as those in the Florida and Indiana UFTAs and in the model UVTA. *See* RCW 19.40.071. There is no indication that the legislature, in adopting the UVTA or the former Uniform Fraudulent Transfers Act, intended to create an independent cause of action for accessory liability. Thus, although the Washington courts have yet to address this issue, there is no reason to suspect that they would reach a different conclusion than the majority of other state courts that have addressed the issue. Accordingly, the Court should dismiss the civil conspiracy claim for aiding and abetting in committing an actual fraudulent transfer claim against non-transferee Elali as a matter of law and with prejudice.

**2.  The Complaint fails to plead sufficient facts to support the conclusory allegations of civil conspiracy on the part of Additional Defendants related to allegedly fraudulent transfers to other parties or common law fraud.**

Plaintiff's Civil Conspiracy claims fail to state a cause of action because they do not allege an *agreement* to commit fraud or fraudulent transfers.

**a. The Complaint contains no facts suggesting an agreement between the Judgment Debtors and the Additional Defendants.**

In *Twombly*, the plaintiff asserted claims under the Sherman Act requiring a "contract, combination… or conspiracy" in restraint of trade. 550 U.S. at 548. The complaint alleged that major telecommunications providers had engaged in certain parallel conduct that was harmful to competition but failed to allege specific facts suggesting an agreement between

WESTERN WASHINGTON LAW
GROUP, PLLC
7500 212TH Street SW, Suite 207
Edmonds, WA 98026
425.728.7296 Fax 425.955.5300

them. *Id*. at 550-51. Rather, the complaint alleged "upon information and belief that [the defendants] ha[d] entered into a contract, combination or conspiracy to prevent competitive entry" in their respective markets and "agreed not to compete with one another." *Id*. at 551 (internal quotation marks omitted). The Supreme Court held that such allegations were insufficient to state a claim for relief under Rule 8(a) and therefore were subject to dismissal under Rule 12(b)(6): "[S]tating such a claim requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made." *Id*. at 556.

Here too, the Complaint lacks facts suggesting an agreement to conspire between any of the Additional Defendants and any one or more of the Judgment Debtors. Instead, it alleges:

> Defendants... conspired to hide from LVB, the debtors' assets and income, both of which could otherwise be used to satisfy LVB's judgment. On information and belief, Dean in particular provided guidance and assistance in structuring and implementing the fraudulent plan, including by counseling debtors to hide assets offshore and take other actions to illegally avoid valid judgments, permitting debtors to abuse the Trust by making payments to non-beneficiaries on demand, and making false statements to creditors to prevent judgment collection

 (Complaint ¶ 119).

This is insufficient to state a cause of action for conspiracy against any of the Additional Defendants. As such, Plaintiff's conspiracy claim should be dismissed.

**F.   The Complaint's first cause of action, for Declaratory Relief, does not state a claim against Dean individually, or against Elali, or against BGH.**

The Complaint's Prayer for Relief seeks first, "Declaratory judgment as set forth in Paragraphs 93 through 96 above." Paragraphs 93-96 include the declaratory judgment sought, which is expressly stated in Paragraph 95(a) through (i). None of these paragraphs even mentions Cicilia Elali, BGH, or Henry Dean individually, although Dean is mentioned once in

MOTION TO DISMISS - 19
(2:18-cv-00243-TSZ)

WESTERN WASHINGTON LAW
GROUP, PLLC
7500 212TH Street SW, Suite 207
Edmonds, WA 98026
425.728.7296 Fax 425.955.5300

his capacity "as trustee for the Trust." Complaint at ¶ 95(f). Therefore the first cause of action, for declaratory relief, fails to state a claim against Elali, BGH, or Dean individually, and should be dismissed as to them.

### G. Plaintiff lacks standing to allege the trustee's breach of fiduciary duty or breach of the Sharon Graham Bingham 2007 Trust agreement.

The doctrine of standing prohibits a litigant from raising another's legal rights. *Haberman v. Washington Pub. Power Supply Sys.*, 109 Wn.2d 107, 138, 744 P.2d 1032 (1987), amended, 109 Wn.2d 107, 750 P.2d 254 (1988), citing *Allen v. Wright*, 468 U.S. 737, 750–51, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556, *reh'g denied*, 468 U.S. 1250, 105 S.Ct. 51, 82 L.Ed.2d 942 (1984). The Restatements (Third) of Trusts, Section 94, addresses who may bring a suit against a trustee for breach of trust. Section 94, which is entitled, "Standing to Enforce a Trust," provides:

> A suit against a trustee of a private trust to enjoin or redress a breach of trust or otherwise to enforce the trust may be maintained only by a beneficiary or by a co-trustee, successor trustee, or other person acting on behalf of one or more beneficiaries.

The Restatements (Third) of Trusts, § 94(1). Comment b to § 94 explains who qualifies as a "beneficiary" with standing to bring suit to redress a breach of trust:

> A suit to enforce a private trust ordinarily… may be maintained by any beneficiary whose rights are or may be adversely affected by the matter(s) at issue. The beneficiaries of a trust include any person who holds a beneficial interest, present or future, vested or contingent... This includes a person who is eligible to receive a discretionary distribution….

Id. § 94, cmt. b.

Here, Plaintiff is neither a beneficiary, co-trustee, successor trustee, nor other person acting on behalf of any beneficiary. It is a creditor of a beneficiary. It therefore has no

WESTERN WASHINGTON LAW
GROUP, PLLC
7500 212TH Street SW, Suite 207
Edmonds, WA 98026
425.728.7296 Fax 425.955.5300

standing to bring a cause of action for breach of the 2007 Trust or the O.D. Fisher Trust or breach of the respective trustee's duties.[5]

**H. A trustee does not have personal liability; neither can there be judgment jointly and severally against Dean individually, Elali, nor BGH in an amount sufficient to satisfy Plaintiff's claims.**

The Complaint seeks to impose liability on all Defendants jointly and severally "in an amount sufficient to satisfy LVB's claim against debtors." Complaint, Prayer for Relief, ¶ 5. However,

> generally, a trustee should not be personally liable as an "initial transferee" under Section 550(a)(1). Rather, a trustee should be liable only in its capacity as trustee, and should draw from the corpus of the trust to satisfy its liability. Were the law applied otherwise, it would be an unduly broad and inequitable expansion of transferee liability.

*In re Mastro*, 465 B.R. 576, 616 (Bankr. W.D. Wash. 2011). Additionally, to the extent a transfer is avoidable in an action by a creditor under RCW 19.40.071(1)(a), the creditor may recover judgment for the value of the asset transferred (valued as of time of transfer), or the amount necessary to satisfy the creditor's claim, *whichever is less*. RCW 19.40.081(2). There is no provision in the statute to make a non-debtor transferee of an asset worth less than $70 million jointly and severally liable for the entirety of LVB's $70 million judgment. Therefore the Complaint's Prayer for Relief ¶ 5 as to the Additional Defendants should be stricken as not supported by any cognizable legal theory.

---

[5] Plaintiff has not named the trustee of the O.D. Fisher Trust as a defendant in this action.

MOTION TO DISMISS - 21
(2:18-cv-00243-TSZ)

WESTERN WASHINGTON LAW GROUP, PLLC
7500 212TH Street SW, Suite 207
Edmonds, WA 98026
425.728.7296 Fax 425.955.5300

1

2

3
**I.  The Plaintiff has not sufficiently pled justifiable reliance or damages as required**
**     under 9(b).**

4

5
Parties who allege fraud must plead detrimental reliance with particularity—including "how

6
[the defendant] intended plaintiffs to act in reliance on each of the alleged misrepresentations,

7
the nature of plaintiffs' justifiable reliance on each misrepresentation, and the damage

8
resulting from such reliance." *Allison v. Security Ben. Life Ins. Co.*, 980 F.2d 1213, 1216 (8th

9
Cir.1992). *See also Cox v. Mortgage Electronic Registration Systems, Inc.*, 685 F.3d 663, 673

10
(8th Cir.2012) ("Thus, the homeowners must plead 'the time, place, and contents' of the false

11
representations, the identity of the individual who made the representations, and what was

12
obtained thereby, to meet the heightened pleading requirements of Federal Rule of Civil

13
Procedure 9(b)."); *Evans v. Pearson Enterprises, Inc.*, 434 F.3d 839, 852–53 (6th Cir.2006)

14
("Conclusory statements of reliance are not sufficient to explain with particularity how she

15
detrimentally relied on the alleged fraud ....") (citation omitted); *In re NationsMart Corp. Sec.*

16
*Litig.*, 130 F.3d 309, 321–22 (8th Cir.1997) (affirming dismissal of fraud claims under Rule

17
9(b) for failure to plead reliance with particularity); and *Haberman v. Wash. Pub. Power*

18
*Supply Sys.,* 109 Wash.2d 107, 165, 744 P.2d 1032, 750 P.2d 254 (1987) ( In Washington, CR

19
9(b) obliges a plaintiff alleging fraud claims to plead the elements of fraud and the factual

20
circumstances constituting the fraud or face dismissal of the complaint.)

21

22

23

24

25

26

27
MOTION TO DISMISS - 22
(2:18-cv-00243-TSZ)

Here, the Complaint offers nothing more than conclusory claims of reliance and damages, without explaining how LVB was justified in relying on the allegedly false statements. There is absolutely no causal relationship established between any act or omission of Additional Defendants and the action Plaintiff took or did not take and no causal relationship between Plaintiff's action or inaction and any damages it suffered as a result. To the contrary, Plaintiff's Complaint, ¶ 100, simply states that "LVB reasonably relied on those false representations," and at ¶ 116 that "LVB actually and reasonably relied on Defendants' misrepresentations in its judgment collection efforts, as it was not aware the representations were false." For this reason alone, the common law frauds and related conspiracy claim against Additional Defendants has been insufficiently pled to meet the requirements of Fed.R.Civ.P. 9(b), and should be dismissed.

### IV. CONCLUSION

For the reasons stated above, defendants Henry Dean (in his individual capacity), Cicilia Elali, and BGH Holdings, LLC, should be dismissed. Plaintiff's UVTA and conspiracy to commit a UVTA violation should be dismissed with prejudice as to Defendant Elali.

Dated this 5th day of March, 2018.

MOTION TO DISMISS - 23
(2:18-cv-00243-TSZ)

WESTERN WASHINGTON LAW GROUP, PLLC
7500 212TH Street SW, Suite 207
Edmonds, WA 98026
425.728.7296 Fax 425.955.5300

1

2

WESTERN WASHINGTON LAW GROUP, PLLC

3

*/s/ Dennis J. McGlothin*

_____

4

*/s/ Robert J. Cadranell*

_____

5

6

7

8

9

10

Dennis J. McGlothin, WSBA No. 28177
Robert J. Cadranell, WSBA No. 41773
Attorneys for Defendants Henry Dean, in his individual
capacity, and Cicilia Elali, and BGH Holdings, LLC
7500 212ᵗʰ St. SW, Suite 207
Edmonds, WA 98026
Phone: 425-728-7296
Fax: 425-955-5300
robert@westwalaw.com
dennis@westwalaw.com
docs@westwalaw.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

MOTION TO DISMISS - 24
(2:18-cv-00243-TSZ)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 7, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Manish Borde
mborde@williamskastner.com; mphilomeno@williamskastner.com

Robert Joseph Cadranell
robert@westwalaw.com

Heather F. Canner
heather.canner@kirkland.com

Jonathan J. Faria
Jonathan.faria@kirkland.com; michael.tecuanhuehue@kirkland.com;
tammy.t.soumas@kirkland.com; amy.palafox@kirkland.com

Scott B. Henrie
shenrie@williamskastner.com; mphilomeno@williamskastner.com

Emanuel Fraser Jacobowitz
manny@jjalaw.com; pattie@jjalaw.com

Dennis John McGlothin
dennis@westwalaw.com; docs@westwalaw.com

William Randolph Squires, III
rsquires@corrcronin.com; mbdahl@corrcronin.com; reception@corrcronin.com;
amy.palafox@kirkland.com

Tammy Ann Tsoumas
Tammy.tsoumas@kirkland.com

Jeffrey L. Willian
jwillian@kirkland.com

WESTERN WASHINGTON LAW GROUP, PLLC

/s/ Lindsey Matter
_____
Paralegal to:

Robert J. Cadranell, WSBA No. 41773
Dennis J. McGlothin, WSBA No. 28177
Attorneys for Defendants Henry Dean, in his individual
capacity, and Cicilia Elali, and BGH Holdings, LLC
7500 212th St. SW, Suite 207

MOTION TO DISMISS - 25
(2:18-cv-00243-TSZ)

WESTERN WASHINGTON LAW
GROUP, PLLC
7500 212TH Street SW, Suite 207
Edmonds, WA 98026
425.728.7296 Fax 425.955.5300

1

2   Edmonds, WA 98026
    Phone: 425-728-7296
3   Fax: 425-955-5300
    robert@westwalaw.com
4   dennis@westwalaw.com
    docs@westwalaw.com

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   MOTION TO DISMISS - 26                    WESTERN WASHINGTON LAW
     (2:18-cv-00243-TSZ)                                GROUP, PLLC
                                               7500 212TH Street SW, Suite 207
                                                    Edmonds, WA 98026
                                               425.728.7296 Fax 425.955.5300