THE HONORABLE THOMAS S. ZILLY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

LVB-OGDEN MARKETING, LLC,

Plaintiff,

v.

DAVID S. BINGHAM, SHARON BINGHAM, CHRISTOPHER BINGHAM, CHERISH BINGHAM, KELLY BINGHAM, BINGO INVESTMENTS, LLC, CCRB ENTERPRISES, LLC, SKBB ENTERPRISES, LLC, PARK PLACE MOTORS, LTD., HYTECH POWER, INC., HENRY DEAN, in his individual capacity and as Trustee for the SHARON GRAHAM BINGHAM 2007 TRUST, and BGH HOLDINGS, LLC,

Defendants.

No. 2:18-CV-00243

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

NOTE ON MOTION CALENDAR: June 15, 2018

ORAL ARGUMENT REQUESTED

CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

# TABLE OF CONTENTS

**Page**

I. **INTRODUCTION** ..... 1

II. **BACKGROUND** ..... 3

A. LVB's Motion for a Preliminary Injunction ..... 3

B. Defendants Attempt to Delay a Ruling By Seeking Individual Depositions ..... 3

C. Defendants Seek Further Delays By Noticing A 30(b)(6) Deposition on Irrelevant Topics. ..... 4

III. **ARGUMENT** ..... 5

A. Defendants' 30(b)(6) Notice Seeks A Deposition on Information That Is Irrelevant As A Matter of Law. ..... 6

B. Defendants Cannot Delay A Ruling on LVB's Motion for A Protective Order By Claiming The Depositions Must Take Place Now. ..... 10

IV. **CONCLUSION** ..... 12

CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

## I. INTRODUCTION

Despite Plaintiff LVB-Ogden Marketing, LLC ("LVB")'s best efforts to avoid burdening the Court with any further motion practice, Defendants have forced LVB to file the instant motion for a protective order to prevent Defendants' ongoing efforts to delay a ruling on LVB's motion for a preliminary injunction, and avoid the merits of this case.

Indeed, LVB's motion for a preliminary injunction was filed on February 15, 2018, was fully briefed by March 9, 2018, and was heard over the course of several hours on May 3, 2018. The re-noted date of May 30, 2018 has passed, the record is complete, and the Court may now rule. To avoid that result, Defendants' latest delay tactic has been to claim that they now need to take four depositions before the Court can rule. In particular, Defendants (i) issued a lengthy 30(b)(6) deposition notice of LVB on topics that are irrelevant under binding Supreme Court precedent, and (ii) have claimed that they must take that deposition, and three others, before the Court can issue a ruling on LVB's motion. This unfortunately left LVB with no choice but to file the instant motion to avoid any further delays, manufactured by Defendants, in obtaining preliminary injunctive relief (which is needed to prevent the ongoing drain of Trust assets).

**30(b)(6) Notice**. On May 24, 2018, Defendants e-mailed a 30(b)(6) notice of LVB that they unilaterally set for June 5, 2018. That notice contains twenty-three (23) topics, nineteen (19) of which go to Defendants' new theory—nine years later—that LVB's conversion from a corporation to an LLC during the pendency of the underlying litigation in the Northern District of Illinois somehow divested that Court of subject matter jurisdiction before judgment. (Exs. 6-7.) That is contrary to well-established Supreme Court precedent holding that if there is diversity at the outset of the case (which there undisputedly was) it is not lost by subsequent events such as the conversion of a plaintiff from a corporation to an LLC. (ECF No. 97 at 8.) Defendants have absolutely no authority to the contrary, but refuse to withdraw those topics. The remaining topics concern diversity jurisdiction in this case (which LVB is no longer pursuing), their theory of Local Rule 7.1 (which is already before the Court on their baseless motion for an order to show cause),

CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

and information LVB has explained does not exist. Defendants' notice simply seeks delay for its own sake by pursuing irrelevant, unsupported discovery.

**Individual Deposition Notices.** Defendants also have sought to delay a ruling by claiming that they must take the depositions of Steven Weiss, Joel Solomon, and James Raved before the Court rules on LVB's motion for a preliminary injunction. Messrs. Weiss and Solomon are only relevant to LVB's Second Cause of Action under the UFTA—and even then only to the 13 of 237 transfers that happened outside the limitations period, and for which LVB is invoking the discovery rule. There is no statute of limitations for LVB's First Cause of Action for Declaratory Judgment regarding (i) self-settled transfers of Sharon's own property into the Trust; or (ii) that the Trust has lost any spendthrift protection it may have had. (ECF No. 97 (Suppl. Br. ) at 18-19.) Nor could the statute of limitations ever bar the 224 of 237 transfers at issue in LVB's Second Cause of Action that were undisputedly within the limitations period. No testimony or evidence from Messrs. Weiss or Solomon is relevant at all to those claims. Given the limited relevance of their testimony, it cannot be a basis for the Court to deny LVB's motion for a preliminary injunction under any theory.

To be clear, LVB is not opposed to the deposition of Messrs. Weiss and Solomon proceeding at an appropriate time, and has submitted a proposed Case Management Order (ECF No. 99) that accounts for this. But Defendants have no cognizable basis in law or fact to claim that these depositions must be completed before the Court can rule on LVB's motion.

With respect to Mr. Raved—the lawyer who verified the First Amended Complaint—LVB is not relying on the First Amended Complaint, or testimony from Mr. Raved, as evidence in support of its preliminary injunction motion. Again, there is no credible basis to claim that deposition must take place before the Court can rule on LVB's motion.

LVB has organized multiple meet and confer discussions, and has now proposed to provide extensive stipulations and written evidence to avoid having to burden the Court with this motion. Defendants have refused all of those efforts, leaving LVB with no choice but to proceed.

CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

For the reasons above, the Court should grant LVB's motion for protective order, make clear that the Court need not consider these depositions to rule on LVB's motion, and order the parties to meet and confer regarding a reasonable schedule for these and other depositions LVB has requested. A proposed order has been filed concurrently with this motion.[1]

## II. BACKGROUND

### A. LVB's Motion for a Preliminary Injunction

LVB filed its motion for a preliminary injunction on February 15, 2018. (ECF No. 4.) That motion outlined in detail the many, alternative bases for that relief—a routine freeze that is commonplace in fraudulent transfer litigation—and attached over seventy documents in support. (*Id.* at 12-24.) The motion also demonstrated the many ways in which money is being funneled out of the Trust each month to the detriment of LVB. (*Id.* at 4-12.) That motion was fully briefed by March 9, 2018. (ECF Nos. 4, 36, 39, 41, 53.) No party moved the Court for leave to take discovery to bring or oppose that motion. This Court then held a three-hour hearing on that motion on May 3, 2018. After the hearing, the Court asked LVB to file declarations from Steven Weiss and Joel Solomon on May 30, 2018, which it did, and re-noted LVB's motion for May 30, 2018. The motion is now under submission, the record is closed, and the Court may rule.

### B. Defendants Attempt to Delay a Ruling By Seeking Individual Depositions

The Court's May 3, 2018 order also requested that LVB file a verified amended complaint by May 15, 2018, and LVB did so. (ECF No. 82.) Three days later, counsel for Defendants sent a letter to LVB demanding to immediately depose James Raved, the lawyer who verified that complaint. (Ex. 1 (5/18/18 Ltr. from B. Johnston).) Defendants also demanded to immediately depose Messrs. Weiss and Solomon. (*Id.*) LVB attempted to organize a meet and confer

[1] Certain of the defendants have also continued to burden the Court by now filing a redundant motion on largely the same topics they agreed would be addressed in this motion, without notifying LVB they would do so, and without satisfying the meet and confer requirements of Local Rule 7(j). (ECF No. 103.) Indeed, counsel for Defendants specifically represented "[i]n light of your agreement to file a motion for protective order on or before this Thursday, neither Henry Dean, individually, BGH Holdings, LLC, ***or the 2007 Sharon graham Bingham Trust*** will file a motion to compel; rather, we will respond to your Motion for Protective Order." (Ex. 10.) (emphasis added).

CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

discussion regarding a case schedule, including a sequence of depositions requested by both sides. (Ex. 2 (5/21/18 Ltr. from J. Willian).) The same day, counsel for Defendants responded, indicating they were not willing to wait until the Court's ruling to conduct discovery, despite providing no grounds for such urgency. (Ex. 3 (5/21/18 Ltr. from D. McGlothin); Ex. 4 (5/21/18 Ltr. from R. Johnston).) LVB responded, again requesting to meet and confer, noting that none of the discovery was in any way relevant to the issues before the Court. (Ex. 5.)

### C. Defendants Seek Further Delays By Noticing A 30(b)(6) Deposition on Irrelevant Topics.

Defendants responded to LVB's letter on May 24, 2018—not by agreeing to meet confer, or otherwise engaging in cooperative discussions—but by demanding yet another deposition, this time in the form of a Rule 30(b)(6) deposition notice unilaterally set for June 5, 2018. (Ex. 6 (5/24/18 Ltr. from M. Borde); Ex. 7 (5/24/18 Dep Notice.).) The notice lists twenty-three topics. Nineteen of those topics (Topics 1-15, 18, and 21-23) seek the identification and "citizenship" of "each member/owner" of LVB throughout the course of 2009 and 2010, during the pendency of the underlying litigation in the Northern District of Illinois. (Ex. 7; FAC at Ex. B (N.D. Ill. Compl.)) Two topics (Topics 16 and 17) seek information regarding diversity jurisdiction in this case (which is not being alleged), and two seek information about the members of "LVB-Ogden Marketing Corporation LLC" (Topics 19 and 20)—information LVB has explained does not exist.

LVB outlined the clear irrelevancy of this information, as a matter of law, in detail in a responsive letter, and proposed for a third time to meet and confer regarding a case schedule. (Ex. 8 (5/29/18 Ltr. from J. Willian.).) On May 31st, Defendants and LVB had a call to meet and confer. (Ex. 9 (5/31/18 emails string).) On that call, Defendants insisted on going forward immediately with all four requested depositions, despite providing no authority to establish that they were entitled to such discovery now. (*Id.*) Defendants claimed that they were seeking these depositions for the preliminary injunction motion. (*Id.*) LVB explained that the record for that motion was closed, and Defendants never sought, nor did the Court authorize, further discovery in

CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

connection with that motion. (*Id.*) Defendants agreed to take the Rule 30(b)(6) deposition off calendar, and to have a final meet and confer on June 5, 2018. (*Id.*)

On the June 5th call, LVB again noted why each of the twenty-three topics for the Rule 30(b)(6) deposition is irrelevant, including citing authority directly in support; Defendants had no authority to the contrary. (Ex. 9 (6/5/18 email from J. Faria).) Nonetheless, in the interest of reaching resolution, LVB agreed to stipulate to the authenticity of government records concerning LVB's citizenship at the outset, and records of its conversion to a LLC. (*Id.*) Still, Defendants demanded a Rule 30(b)(6) deposition. (*Id.*) In follow-up correspondence, LVB again agreed to detailed stipulations, and to authenticate documents, that would provide the only relevant information, and obviate the need to burden the Court with a motion. (Ex. 10.) Nevertheless, Defendants insisted on proceeding, leaving LVB with no choice but to file this motion. (*Id.*)

## III. ARGUMENT

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery; [] specifying terms, including time and place . . . for the disclosure or discovery; . . . [and] limiting the scope of the disclosure or discovery." Fed. R. Civ. Proc. 26(c)(1). Such "good cause" is found where the requested information is irrelevant as defined in Rule 26(b)(1), or where it can be more easily obtained from some other source. Fed. R. Civ. Proc. 26(b)(2)(C)(iii) ("[T]he court must limit the frequency or extent of discovery . . . if it determines that . . . the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive . . . or [] the proposed discovery is outside the scope permitted by Rule 26(b)(1) [limiting discovery to relevant information]."). In addition, "a district court has wide discretion to establish the time and place of depositions." *Lynch v. Safeco Ins. Co. of Am.*, No. C13-64-BAT, 2014 WL 12042524, at *3 (W.D. Wash. Mar. 14, 2014) (citation omitted).

Here, the Court has good cause to grant LVB's motion. As discussed in detail below, the 30(b)(6) deposition topics seek information that is irrelevant as a matter of law under binding



CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

Supreme Court precedent, and thus cannot reasonably lead to the discovery of admissible evidence. The Court should therefore issue a protective order with respect to that deposition. The Court should also order the the depositions of Messrs. Weiss, Solomon and Raved are not required before the Court rules on its preliminary injunction motion, and order the parties to meet and confer regarding a reasonable deposition schedule for the depositions requested by both sides.

### A. Defendants' 30(b)(6) Notice Seeks A Deposition on Information That Is Irrelevant As A Matter of Law.

LVB is entitled to a protective order preventing Defendants' noticed Rule 30(b)(6) deposition, because the noticed topics are entirely irrelevant. *EEOC v. Nat'l R.R. Passenger Corp.*, No. C15-1269-RSM, 2016 WL 3655269, at *2-4 (W.D. Wash. July 8, 2016) (granting protective order where Rule 30(b)(6) deposition topics were "irrelevant"); *Jimenez v. City of Chicago*, 733 F. Supp. 2d 1268, 1273 (W.D. Wash. 2010) ("The compulsion of production of irrelevant information is an inherently undue burden.").

**Topics 1-15, 18, 21-23.** These Topics seek information regarding the members and citizenship of LVB throughout the underlying proceeding in the Northern District of Illinois, apparently to determine whether diversity changed in that case *at later points in time* during the pendency of that case. *See supra* at p. 4. But, as explained in LVB's Supplemental Brief, it is hornbook law that the existence of diversity jurisdiction is determined at the *outset* of the proceeding. ECF No. 97 at 8; *Grupo Dataflux v. Atlas Glob. Grp.*, 541 U.S. 567, 570 (2004) (citing *Mollan v. Torrance*, 9 Wheat. 537, 539 (1824)) ("It has long been the case that the jurisdiction of the court depends upon the state of things at the time of the action brought."). When that action was filed in 2009, LVB was undisputedly a Delaware corporation with its principal place of business in Illinois, and the defendants in that action were all Washington residents. (ECF No. 97 at 8; FAC at Ex. B (N.D. Ill. Compl.) ¶¶ 2-12.) Thus, there was undisputedly complete diversity in that action at the outset. (ECF No. 97 at 8.) As LVB outlined in its Supplemental Brief, the fact that LVB was converted to a LLC *later on* during that

CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

proceeding could not divest the court of jurisdiction. (ECF No. 97 at 8); *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428, 111 S. Ct. 858, 860 (1991) ("We have consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events."). Every court to address conversion to an LLC has confirmed this. *See Hammermann & Gainer, Inc. v. Stratacare, Inc.*, No. 09-cv-1786, 2010 WL 890178, at *2 (W.D. La. Mar. 9, 2010) (where defendant converted from corporation to LLC after filing of action, the court explained it "need not order additional amendments with respect to the citizenship of the LLC because the *post*-removal change in the form of the business entity does not impact subject-matter jurisdiction."); *Walsh Chiropractic, Ltd. v. StrataCare, Inc.*, 752 F. Supp. 2d 896, 901 (S.D. Ill. 2010) (post-filing conversion to LLC immaterial because "events that occur after a case has been removed do not affect the existence of federal jurisdiction."). LVB outlined this authority for Defendants, and they have failed to provide any meaningful response. (*E.g.*, Ex. 9-10.)[2]

Moreover, under binding Supreme Court precedent, the debtors cannot collaterally attack the underlying judgment for lack of subject matter jurisdiction. *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 n.9 (1982) ("A party that has had an opportunity to litigate the question of subject-matter jurisdiction may not, however, reopen that question in a collateral attack upon an adverse judgment. It has long been the rule that principles of

---

[2] While LVB provided binding cases demonstrating that converting a party to an LLC cannot divest the court of jurisdiction, *see supra* at pp. 6-7, Defendants first cited out-of-circuit cases that involve plaintiffs joining a new, non-diverse defendant to the action, which have no bearing on this case. (Ex. 9); *Sharp v. Kmart Corp.*, 991 F. Supp. 519, 527 (M.D. La. 1998) (holding that if a new, non-diverse defendant is joined, diversity is destroyed); *Bishop v. Moore*, No. CIV. A. 99-2275-GTV, 2000 WL 246583, at *2 (D. Kan. Feb. 4, 2000) (same); *Am. Fiber & Finishing, Inc. v. Tyco Healthcare Grp., LP*, 362 F.3d 136, 141-42 (1st Cir. 2004) (same); *Farver v. Glaxo Wellcome Inc.*, 181 F. Supp. 2d 781, 782-84 (N.D. Ohio 2001) (same). They then reversed course, and now are citing cases claiming that somehow the claims brought in the N.D. Illinois case changed—when they remained identical throughout. (Ex. 10); *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985) (federal question jurisdiction was destroyed when plaintiff dropped all federal claims in amended complaint); *Bullen v. De Bretteville*, 239 F.2d 824, 833 (9th Cir. 1956), *overruled by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012) (where amended complaint omitted a request for relief for one plaintiff, amended complaint was controlling); *Cicchetti v. Lucey*, 514 F.2d 362, 365 (1st Cir. 1975) (plaintiff "could not resuscitate his action by amending his complaint to state a class action after his individual case was mooted"); *Grady v. Irvine*, 254 F.2d 224, 228 (4th Cir. 1958) (after plaintiff bringing personal injury claim died, substitution of non-diverse plaintiff bringing different claim for wrongful death destroyed diversity) None of these cases applies here.

**CORR CRONIN MICHELSON BAUMGARDNER FOGG & MOORE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

res judicata apply to jurisdictional determinations—both subject matter and personal."); *O'Sullivan v. City of Chicago*, 396 F.3d 843, 859 (7th Cir. 2005) ("[I]t seems clear that a federal court judgment is binding notwithstanding a simple lack of subject matter jurisdiction, without regard to whether the jurisdictional question was litigated or appealed.") (citations omitted); *City of S. Pasadena v. Mineta*, 284 F.3d 1154, 1157 (9th Cir. 2002) ("Even objections to subject-matter jurisdiction . . . must be raised while the lawsuit is still pending; they may not be raised for the first time by way of collateral challenge in a subsequent action."). Under principles of res judicata and judgment finality, *Ins. Corp.*, 456 U.S. at 702 n.9, they cannot attack the judgment now.

To avoid burdening the Court with this motion, LVB agreed to stipulate to the authenticity of government records showing that LVB-Ogden Marketing Corporation was a Delaware corporation with its principal place of business in Illinois at the outset of the N.D. Illinois litigation. (Ex. 10) It also agreed to stipulate to the authenticity of government records showing that it simply filed a certificate of conversion in Delaware to convert to an LLC *later in time*, during the pendency of the N.D. Illinois litigation. (*Id.*) After that conversion, LVB moved the Illinois court to substitute LVB-Ogden Marketing LLC as the named plaintiff, and that motion was granted. (No. 1:09-cv-4518 (N.D. Ill.), ECF Nos. 30, 33.) No other facts are relevant to showing that the Illinois Court (i) had diversity jurisdiction at the outset; and (ii) that did not change when LVB converted to an LLC as a matter of law. *See supra* at pp. 6-7. Nothing else Defendants could learn at a deposition would change this. Defendants cited no authority to the contrary, yet insisted on proceeding with this motion anyway. (Ex. 10.)

**Topics 16-17.** These Topics seek information regarding whether diversity jurisdiction exists in this case (the members of LVB at the outset of *this case*). (Exs. 6-7.) As explained in LVB's Supplemental Brief, and as Defendants have plainly acknowledged, LVB brings this action solely under federal ancillary enforcement jurisdiction, not diversity jurisdiction. FAC ¶ 11; (ECF No. 97 at 1-7); (Ex. 3 (5/21/18 Ltr. from D. McGlothin) ("LVB's Amended Complaint makes clear that LVB is proceeding based solely upon ancillary jurisdiction[.]")). Therefore, Topics 16 and 17

CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

regarding the members of LVB and their citizenship as of February 15, 2018, which goes to whether diversity jurisdiction exists in this case, have no bearing on this action, and fall outside the universe of discoverable information under Rule 26(b)(1). In its most recent meet and confer communication, LVB noted that if Defendants' theory concerns LVB's amended Local Rule 7.1 statements, that issue is already before the Court on Defendants' entirely unsupported "motion for an order to show cause," and that there would be no need to burden the Court again. (Ex. 10.)[3] Nevertheless, Defendants insisted on proceeding. (*Id.*)

**Topics 18-19.** The two remaining Topics (Nos. 18 and 19) seek the identity and citizenship of the members of "LVB-Ogden Marketing Corporation, LLC," which is the name the Illinois court listed on the original judgment by inadvertently interposing the word "Corporation" into the name of LVB-Ogden Marketing, LLC. (*See* FAC at Ex. A (N.D. Illinois judgment).) There is no "membership" information to discover as to these Topics. Defendants have long waived any contention that this is material in any event. This judgment was issued nine years ago. Defendants never raised this issue in the original proceeding, when the judgment was renewed in 2017, during the miscellaneous proceeding in 2017-2018, or when the judgment was attached to the original Complaint in this case in 2018. They never suggested any issue with the spelling. And presumably they did not because they are clearly aware from the docket that LVB-Ogden Marketing, LLC moved for summary judgment in that case (No. 1:09-cv-4518 (N.D. Ill.), ECF No. 68), its motion was granted (FAC at Ex. C), accordingly final judgment was entered (FAC at Ex. A), and there was no appeal. LVB-Ogden Marketing, LLC filed a motion to renew the judgment

---

[3] In a June 6, 2018 email, counsel for Defendants, in an apparent effort to manufacture other reasons for forcing LVB to appear for a needless Rule 30(b)(6) deposition, claimed these Topics are also relevant for the Court to decide whether it needs to recuse itself for conflicts, citing LR 7.1. (Ex. 10 (6/5/18 email string).) For the reasons discussed in LVB's recent Opposition, LVB has complied with LR 7.1. (ECF No. 101.) To the extent the Court desires additional information, LVB will of course respond; Defendants are not entitled to engage in discovery for that purpose, and they provide not authority to that effect. Nor is the case cited by Defendants, in which a plaintiff is sanctioned for failing to file *any* disclosure under Local Rule 7.1 despite the court's warning that failure to do so would result in sanctions, have any bearing in this action. (Ex. _ (citing *Curtis v. Illumination Arts, Inc.*, C12-0991JLR, 2013 WL 1148802, at *2 (W.D. Wash. Mar.19, 2013)); (ECF No. 101). In any event, Defendants' theory is already pending before their Court in their unsupported motion for an "order to show cause." (ECF No. 85.)

CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

in the Northern District of Illinois in August 2017, for which the judgment debtors retained Katten Muchin Rosenman LLP as counsel. (No. 1:09-cv-4518 (N.D. Ill.), ECF Nos. 88, 91.) These Topics, as the others, plainly have no relevance to this case, and seek to simply to delay.

Again, LVB offered to stipulate that (i) at the outset of the case (July 27, 2009), LVB-Ogden Marketing Corporation was a Delaware corporation with its principal place of business in Illinois; (ii) on October 7, 2009, LVB-Ogden Marketing Corporation filed a certificate of conversion to convert from a Delaware corporation to a Delaware limited liability company; (iii) accordingly, on October 23, 2009, LVB-Ogden Marketing Corporation filed a motion to substitute LVB-Ogden Marketing LLC as the named plaintiff in the N.D. Illinois Action, which was granted; (iv) on June 24, 2010, LVB-Ogden Marketing LLC moved for summary judgment in the N.D. Illinois action; (v) on August 25, 2010, the Court granted LVB-Ogden Marketing LLC's motion and directed entry of final judgment; (vi) that final judgment was entered; and (vii) any reference to LVB-Ogden Marketing Corporation LLC by the Court in the N.D. Illinois Action is simply a misspelling of LVB-Ogden Marketing LLC by interposing the extra word "Corporation." (Ex. 10.) Again, there is nothing more Defendants could learn at a deposition on these topics. Nevertheless, Defendants insisted on proceeding with this motion. (*Id.*)

### B. Defendants Cannot Delay A Ruling on LVB's Motion for A Protective Order By Claiming The Depositions Must Take Place Now.

The Court should also issue an order making clear that the requested depositions of Messrs. Weiss, Solomon, and Raved need not take place before the Court rules on LVB's pending motion for a preliminary injunction. LVB is more than willing to meet and confer with Defendants about a reasonable deposition schedule, and does not contest that the depositions of Messrs. Weiss and Solomon should proceed at an appropriate time. That is why LVB submitted a proposed Case Management Order to the Court that accounts for Defendants' requests. (ECF No. 99.) But Defendants cannot delay a ruling on LVB's motion for a preliminary injunction by contending that these depositions must take place before the Court can rule. LVB's motion has

CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

already been fully briefed, with lengthy declarations and voluminous exhibits, and the Court heard hours of oral argument. (ECF Nos. 4-5, 35-36, 38-41, 53, 79.) After that hearing, the Court requested two additional declarations to be filed by May 30, 2018, and re-noted the motion for that date. (ECF No. 79.) The record is closed, and Defendants cannot delay a ruling by noticing any and all depositions they can think of and claiming they must take place before the Court can rule.

Indeed, if a party believes discovery is needed in connection with a preliminary injunction motion, the time to do so is *before* the hearing on the motion. *See*, *e.g.*, *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1326 (9th Cir. 1994) (noting that party "could have filed a request for a continuance in order to complete discovery prior to the August 26, 1993 hearing on the motion for preliminary injunction"); *Pac. Kidney & Hypertension, LLC v. Kassakian*, 156 F. Supp. 3d 1219, 1233 (D. Or. 2016) (providing for expedited discovery up to three days before the preliminary injunction hearing); *Combined Ins. Co. of Am. v. Hubley*, CV 14-72, 2014 WL 12663095, at *1 (D. Mont. June 6, 2014) (denying request for expedited discovery where proposed discovery deadlines would fall after the preliminary injunction hearing).[4] Indeed, Defendants concede that they would have to obtain leave of Court to get any of their requested discovery. (Ex. 10.) But Defendants did not petition the Court for leave to take discovery when LVB served its preliminary injunction motion in February 2018, nor did they do so at any time during the nearly *three months* leading up to the hearing. They cannot now claim that they need discovery and indefinitely delay the Court's ruling (thereby prejudicing LVB), with no basis on law or fact to support such a claim. (Ex. 10.)[5]

---

[4] Furthermore, even when a party moves for discovery in advance of the hearing, that discovery must be "narrowly tailored to obtain information relevant to a preliminary injunction determination." *Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1099-1100 (N.D. Cal. 2012) (explaining "Plaintiff has . . . not articulated any specific missing evidence essential for injunctive relief. Contrary to Plaintiff's contention, it has not 'precisely defined and carefully limited' the discovery requested to include only what is 'essential for the preliminary injunction'" and refusing to provide discovery that "may be nothing more than superfluous evidence"). Defendants have done nothing more than identify that they seek these depositions generally for the preliminary injunction (*e.g.*, Ex. 9 at 2). Because this testimony is unnecessary for the preliminary injunction, particularly in light of the affidavits these witnesses have already submitted, Defendants cannot meet this standard.

[5] To the extent Defendants seek discovery to assert any arguments not included in their opposition motion filed on March 5, 2018 (3 months ago), such arguments have been waived. *See Meggitt San Juan Capistrano, Inc. v. Yongzhong*, 575 F. App'x 801, 803 (9th Cir. 2014).

CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

Nor do Defendants present any credible basis for their position that the deposition of Mr. Raved—a lawyer who verified the First Amended Complaint—is somehow required before the Court rules on LVB's motion. LVB is not relying on the First Amended Complaint, nor any testimony from Mr. Raved, as evidence to support its preliminary injunction motion. The Court ordered LVB to verify the First Amended Complaint, and it did so. (ECF Nos. 79, 82.) Nor have Defendants articulated any other basis for subjecting Mr. Raved to a deposition at this stage.

To be clear, LVB is not disputing that depositions of Messrs. Weiss, Solomon or Raved may be appropriate at a later stage. In fact, LVB has filed a proposed Case Management Order (ECF No. 99) with its Supplemental Brief that provides for those depositions. Entering that Order would permit the parties to sequence discovery in an efficient fashion designed to expedite resolution of this case. For purposes of this motion, the Court should issue an order making clear that the depositions of Messrs. Weiss, Solomon and Raved need not be completed in order for the Court to rule on LVB's motion for a preliminary injunction. Instead, the parties should be ordered to meet and confer regarding an appropriate schedule for the depositions both sides have requested, and comply with any guidance from the Court on the case schedule generally.

Once again, to avoid burdening the Court with this issue, LVB offered to stipulate that the Court need not consider the declarations of Messrs. Weiss and Solomon, or the First Amended Complaint, in ruling upon LVB's motion. That stipulation made clear that, should the Court wish to consider the declarations, it is free to do so, but that, for all the reasons noted above, *supra at* at p. 2, any testimony from Messrs. Weiss and Solomon is relevant to only a small fraction of one claim, and thus cannot be a basis to deny LVB's motion for a preliminary injunction in the first place. For those reasons, LVB need not rely on any testimony or declarations from Messrs. Weiss and Solomon for the Court to issues the routine freeze LVB has requested.

## IV. CONCLUSION

For the foregoing reasons, this Court should grant LVB's motion for a protective order.

**CORR CRONIN MICHELSON BAUMGARDNER FOGG & MOORE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

DATED: June 7, 2018

*s/ William R. Squires III*
William R. Squires III, WSBA No. 4976
CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Telephone: (206) 625-8600 Fax: (206) 625-0900
E-mail: rsquires@corrcronin.com

Jeffrey L. Willian (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2257
Email: jwillian@kirkland.com

Tammy A. Tsoumas (admitted *pro hac vice*)
Jonathan J. Faria (admitted *pro hac vice*)
Heather F. Canner (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
333 S. Hope Street
Los Angeles, CA 90071
Telephone: (213) 680-8151
Email: tammy.tsoumas@kirkland.com
jonathan.faria@kirkland.com
heather.canner@kirkland.com

*Attorneys for Plaintiff*

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER** – 13
No. 2:18-CV-00243-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Emanuel Jacobowitz
R. Bruce Johnston
Nathan J. Arnold
JOHNSTON JACOBOWITZ & ARNOLD, PC
2701 First Avenue, Suite 200
Seattle, WA 98121
Telephone: (206) 866-3230
Email: manny@jjalaw.com
bruce@rbrucejohnston.com
Nathan@jjalaw.com
*Attorneys for Defendants David S. Bingham, Sharon Bingham, Christopher Bingham, Cherish Bingham, Kelly Bingham, Bingo Investments, LLC, and CCRB Enterprises, LLC*

Scott B. Henrie
Manish Borde
WILLIAMS KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
Telephone: (206) 628-6600
Email: shenrie@williamskastner.com
mborde@williamskastner.com
*Attorneys for Defendant Park Place Motors, Ltd. and Henry Dean as Trustee for the Sharon Graham Bingham 2007 Trust*

Dennis J. McGlothin
Robert J. Cadranell, II
WESTERN WASHINGTON LAW GROUP PLLC
7500 212th St. S.W., Suite 270
Edmonds, WA 98026
Phone: 425-428-7296
Email: dennis@westwalaw.com
robert@westwalaw.com
*Attorneys for Defendants Henry Dean in his individual capacity, Cicilia Elali, and BGH Holdings, LLC*

**CORR CRONIN MICHELSON BAUMGARDNER FOGG & MOORE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

*s/ William R. Squires III*
William R. Squires III, WSBA No. 4976
Attorney for Plaintiff
CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Telephone: (206) 625-8600
Fax: (206) 625-0900
e-mail: rsquires@corrcronin.com

**CERTIFICATE OF SERVICE**
No. 2:18-CV-00243-TSZ

**CORR CRONIN MICHELSON**
**BAUMGARDNER FOGG & MOORE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600