UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LVB-OGDEN MARKETING, LLC,

          Plaintiff,

   v.

DAVID S. BINGHAM, et al.,

          Defendants.

C18-243 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1)    Currently pending before the Court is a series of motions to dismiss (docket nos. 85, 87, 89, 90, and 115), a motion for relief from deadline (docket no. 103), and a motion for protective order (docket no. 105).

      a.    **Motions to Dismiss**:  Before the Court is (1) Defendant Henry Dean's Motion for Order of Dismissal Pursuant to Fed. R. Civ. P. 41(b) or in the Alternative to Show Cause, docket no. 85 ("Dean's 41(b) Motion"); (2) Defendant Henry Dean, in his Capacity as Trustee of the Sharon Graham Bingham 2007 Trust's, Motion to Dismiss, docket no. 87 ("Trustee's Motion"); (3) Motion to Dismiss by David S. Bingham, Sharon Bingham, Christopher Bingham, Kelly Bingham, Bingo Investments, LLC, and CCRB Enterprises, docket no. 89 ("Judgment Debtors' Motion"); (4) Henry Dean and BGH Holdings, LLC's Motion to Dismiss, docket no. 90 ("BGH Motion"); and (5) SKBB Enterprises, LLC's Motion to Dismiss, docket no. 115 ("SKBB Motion").  The legal theories and arguments presented in these motions largely overlap and seek dismissal of the First Amended and Verified Complaint, docket no. 82 (the "Amended Complaint") under Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, 12(b)(6) for failure to state a claim, 12(b)(7) for failure to join

MINUTE ORDER - 1

indispensable parties, and 41(b) for failure to comply with Court order. The Court rules on these issues and the pending motions as follows:

    i.    Plaintiff has complied with the Court's April 25, 2018, Minute Order, docket no. 69, ordering Plaintiff to file a verified complaint.

    ii.    The Court concludes it has ancillary jurisdiction over the claims for declaratory judgment and relief under Washington's Uniform Fraudulent Transfer Act (UFTA) asserted in the Amended Complaint. *Peacock v. Thomas*, 516 U.S. 349, 356 (1996). On or around July 27, 2009, LVB-Ogden Marketing Corporation filed the underlying lawsuit in the United States District Court for the Northern District of Illinois. *See* Amended Complaint, Exhibit B (later assigned case number 09-cv-4518) (the "Underlying Lawsuit"). On October 29, 2009, the Northern District of Illinois granted LVB-Ogden Marketing Corporation's "Motion to Substitute Party Plaintiff LVB-Ogden Marketing, LLC in the place of LVB-Ogden Marketing Corporation . . . ." Underlying Lawsuit, docket no. 33. LVB-Ogden Marketing, LLC is the named plaintiff in these supplemental proceedings and the Court concludes that LVB-Ogden Marketing, LLC is the proper judgment creditor for purposes of concluding that the Court has ancillary jurisdiction over the instant dispute. Neither Washington's Trust and Estate Dispute Resolution Act (TEDRA) nor Federal Rule of Civil Procedure 69 divest the Court of its ancillary jurisdiction. *See Thomas, Head & Greisen Emps. Trust v. Buster*, 95 F.3d 1449, 1454–55 (9th Cir. 1996). For these reasons, the Court declines to dismiss the Amended Complaint under Rule 12(b)(1).

    iii.    The Court incorporates by reference the arguments and rulings made at the May 3, 2018, hearing. *See* docket 81 (motion hearing transcript). At that hearing the Court rejected Defendants' arguments that Plaintiff has failed to state its UFTA and declaratory relief claims. Since then, Plaintiff has filed the Amended Complaint which has bolstered the allegations contained in the original complaint at issue during the hearing. The Court concludes that Plaintiff has properly plead its claim for declaratory judgment and relief under the UFTA consistent with Federal Rules of Civil Procedure 8(a) and 12(b)(6).[1] *See Aqua-Chem, Inc. v. Marine Sys., Inc.*, No. C13–2280JLR, 2014 WL 795922, at *3–4 (W.D.

---

[1] That Plaintiff has already registered with this Court the judgment from the Underlying Lawsuit does not somehow render its declaratory relief or UFTA claims implausible. As the Amended Complaint makes clear, the instant litigation is an effort to assist Plaintiff in enforcing that judgment.

Wash. Feb. 27, 2002) (the definition of "transfer" under the UFTA is to be construed as broad as possible to include both direct and indirect dispositions of assets); RCW 19.40.081(2)(a) (permitting a judgment creditor to recover the value of an asset that has been fraudulently transferred, irrespective of whether the fraudulent transferee still possesses that asset).[2] Likewise, the Amended Complaint is not subject to dismissal on statute of limitations grounds. The vast majority of the allegedly fraudulent transfers took place within the four-year limitations period identified in RCW 19.40.091(1). For those limited transfers that allegedly occurred outside of the limitations period, the Court concludes that the Amended Complaint contains enough allegations to warrant application of the discovery rule contained in the statute of limitations for fraud at this stage of the litigation. *See Freitag v. McGhie*, 133 Wash. 2d 816, 821 (1997). Defendants will have the opportunity to test these allegations during discovery. The Court therefore declines to dismiss the Amended Complaint under Rule 12(b)(6).

  iv. Plaintiff has joined all necessary parties sufficient to withstand dismissal under Rule 12(b)(7). The Court concludes that it can accord complete relief among the existing parties and Defendants have not identified any absent party that has a legally protected interest in this lawsuit. *See* Fed. R. Civ. P. 19(a)(1). The Court declines to dismiss the Amended Complaint for failure to join any necessary parties.

  v. For the foregoing reasons, the Court DENIES Dean's 41(b) Motion, docket no. 85, the Trustee's Motion, docket no. 87, the Judgment Debtors' Motion, docket no. 89, the BGH Motion, docket no. 90, and the SKBB Motion, docket no. 115.

 b. **Motion for Relief from Deadline**: The Motion for Order Granting Relief from Court Deadline Regarding Preliminary Injunction Briefing, docket no. 103, is DENIED. The pending motion for Preliminary Injunction, docket no. 4 (the "Preliminary Injunction Motion") is ripe for the Court's review.

 c. **Motion for Protective Order**: Plaintiff's Motion for Protective Order, docket no. 105, is DENIED. The Court has determined that no diversity jurisdiction exists, but that this enforcement proceeding may continue under the

---

[2] Defendants argue that Plaintiff's claims fail because the trust contains a spendthrift provision. *See* Judgment Debtors' Motion at 5. Courts routinely look past the language contained in a trust and look to the conduct of the relevant actors in assessing the extent to which a trust is entitled to spendthrift protection. *See, e.g.*, *Britannica Holdings Ltd. v. Greer*, 127 Wash. App. 926, 935 (2005).

MINUTE ORDER - 3

Court's ancillary jurisdiction. However, Defendants may challenge the Court's jurisdiction at any time. Correspondingly, Defendants may depose LVB-Ogden Marketing, LLC's Rule 30(b)(6) witness about facts pertaining to jurisdiction, including but not limited to whether the District Court for the Northern District of Illinois had jurisdiction over the underlying action. Additionally, the parties may proceed with the depositions of Steve Weiss, Joel Solomon, and James Raved, but the Court will not delay its ruling on the Preliminary Injunction Motion.

(2) The parties are DIRECTED to confer regarding the Proposed Case Management Order submitted by Plaintiff at docket no. 99 and, within fourteen (14) days of this Minute Order, submit a joint status report including a proposed trial date and pretrial schedule.

(3) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 27th day of July, 2018.

                                          William M. McCool
                                          Clerk

                                          s/Karen Dews
                                          Deputy Clerk

MINUTE ORDER - 4