Nathan J. Arnold, WSBA #45356
Johnston Jacobowitz & Arnold, PC
2701 First Ave, Suite 200
Seattle, WA 98121
Tel: 206-866-3240
Fax: 206-866-3234
Nathan@JJALaw.com

The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LVB-OGDEN MARKETING, LLC, <br><br> Plaintiff, <br><br> v. <br><br> DAVID S. BINGHAM, SHARON BINGHAM, CHRISTOPHER BINGHAM, CHERISH BINGHAM, KELLY BINGHAM, BINGO INVESTMENTS, LLC, CCRB ENTERPRISES, LLC, PARK PLACE MOTORS, LTD., HYTECH POWER, INC., CICILIA ELALI (f/k/a CICILIA PARK), HENRY DEAN, in his individual capacity and as Trustee for the SHARON GRAHAM BINGHAM 2007 TRUST, and BGH HOLDINGS, LLC, <br><br> Defendants. | NO. 2:18-cv-00243-TSZ <br><br> SUPPLEMENTAL BRIEF OF DAVID S. BINGHAM, SHARON BINGHAM, CHRISTOPHER BINGHAM, CHERISH BINGHAM, KELLY BINGHAM, BINGO INVESTMENTS, LLC, SKBB ENTERPRISES, LLC, AND CCRB ENTERPRISES, LLC |

SUPPLEMENTAL BRIEF OF BINGHAMS, SKBB, AND CCRB - 1

Defendants David S. Bingham, Sharon Bingham, Christopher Bingham, Cherish Bingham, Kelly Bingham, Bingo Investments, LLC, (collectively, the "Judgment Debtors") and SKBB Enterprises, LLC and CCRB Enterprises, LLC (collectively, the "Family LLCs," and with Judgment Debtors, the "Bingham Entities") respectfully submit the following analysis as directed by the Court in its minute order dated August 17, 2018 (ECF No. 132).

*Issue 1*

The Bingham Entities adopt and incorporate the analysis and argument set forth in the brief filed concurrently by the Sharon Graham Bingham 2007 Trust/Henry Dean in his capacity as Trustee of the Sharon Graham Bingham 2007 Trust (the "SGB 2007 Trust").

*Issue 2*

"Whether Plaintiff needs an order from this Court before it can execute on the assets of Defendant CCRB Enterprises, LLC, SKBB Enterprises, LLC, or any other assets outside of the Trust."

Obviously, Plaintiff ("LVB") cannot execute in **this** action, because no judgment has entered against any Defendant in this action.  The Bingham Entities therefore understand the Court to be asking whether LVB needs to wait for judgment in this action, before it can pursue execution in the underlying action,

*LVB-Ogden Marketing Corp. v. McCourt, et al.*, Cause No. 09-cv-04518 in the District Court for the Northern District of Illinois, particularly on assets held by the Family LLCs which LVB claims are in some sense really owned by the Judgment Debtors.

LVB need not wait on the Court in this action, to execute on its judgment in general.  For example, if there were a bank account in the name of, for example, Bingo Investments, LLC, LVB could presumably begin garnishment and that Judgment Debtor or the garnishee could make appropriate objections.

LVB has brought in this action, however, claims that raise the exact same issues which would clearly arise in certain specific execution scenarios, specifically as to the O.D. Fisher Trust and the Nellie Hughes Fisher Trust (the "Fisher Trusts") and as to the Family LLCs.  In the interests of judicial efficiency and to avoid incongruous results in different actions, those issues should be decided in only one action.

First, LVB has asked this Court to enter a declaration that "[t]he assets of the O.D. Fisher Trust and Nellie Hughes Fisher Trust shall be transferred to LVB to satisfy the judgment, as they became property of judgment debtor Sharon G. Bingham upon the death of Frances G. Bingham [sic]."  First Amended Complaint ¶ 118(g) (ECF No. 82).  Despite having already raised that issue in this Court, LVB

separately served a writ of garnishment on Bank of the West and accused it of withholding responsive information related to assets held by those trusts at that bank, on exactly the same legal theory. *See* Cause No. 2:18-cv-00786-TSZ in this Court. If the Court determines in that action that LVB cannot execute on assets still in the Fisher Trusts, that decision would be res judicata as to LVB's "declaratory" claim in this action. The effect of that parallel action, thus, is to bifurcate this action. That actually seems more efficient with regard to the Fisher Trusts issue, because LVB has not tied its allegations about the Fisher Trusts into its conspiracy theory about the Defendants here. LVB should dismiss its claim in this action as to the Fisher Trusts and resolve it in the garnishment action.

With regard to the Family LLCs, however, the issues that would arise in execution are inextricably intertwined with those already being actively litigated in this action. LVB concedes in its declaratory-judgment claim pleading that there is a controversy which requires adjudication, as to whether it may execute on assets held under the name of the Family LLCs. First Amended Complaint ¶ 117 (ECF No. 80). Pursuing execution separately would raise the same issues in a second action. Unlike the Fisher Trusts issues, those issues should not be separately litigated. The whole premise of LVB's claims against the Family LLCs is that the Family LLCs' very creation, and all of their acts, were part of the alleged complex

fraudulent scheme supposedly perpetrated by all the Defendants. *Id.*, *passim*. The Bingham Entities disagree, and look forward to putting these theories to the proof, but the point is, those issues should be resolved in this action before any other court rules on them.

The 'alter ego' issues raised in LVB's original Complaint are, the Court has already ruled, beyond the Court's ancillary jurisdiction. Those issues are no longer in this action and may have to be resolved elsewhere. But even if a court with jurisdiction were to rule in favor of LVB on that theory, execution would still have to wait on this Court's resolution of other issues. Assuming, *arguendo*, that SKBB were an alter ego of Kelly Bingham, so that whatever assets it might have are actually Kelly Bingham's, the Sharon Graham Bingham 2007 Trust still holds prior judgments and liens on her property—and therefore, *ex hypotheosi*, on SKBB's assets. In this action, LVB challenges the existence or effect of those prior judgments. Again, the Bingham Entities disagree with LVB on those points, but again, those issues would have to be resolved in this action before any assets of a hypothetical alter ego of a Judgment Debtor could be executed upon elsewhere.

***Issue 3***

The Bingham Entities adopt and incorporate the analysis and argument set forth in the brief filed concurrently by Defendants Henry W. Dean and BGH Holdings, LLC, and add the following.

Based on the authorities cited by the said defendants, whether to bifurcate a trial, is essentially a question of convenience and efficiency. Here, LVB proposes separating out into a first phase of the action, three claims, ostensibly for declaratory relief: as to execution on assets in the Fisher Trusts, as to execution on "self-settled assets" in the Sharon Graham Bingham 2007 Trust (the "SGB 2007 Trust"), and as to the SGB 2007 Trust's "spendthrift defense." (ECF No. 127 at 5–6). The first of these claims, regarding the Fisher Trusts, seems reasonably separate from the rest of this action. LVB has not alleged any specific facts relating that claim to its other claims. LVB's Fisher-Trusts claim could be efficiently bifurcated from the rest of this action. In practical effect, as discussed above, it already has been. Therefore, there is no practical need to bifurcate it again. It will be resolved in the pending garnishment action against Bank of the West. The better answer would be for LVB (or the Court) to dismiss that claim without prejudice in this action.

In contrast, LVB's allegations about the other two claims which it proposes bifurcating off, are inextricably intertwined with the rest of this action. LVB

alleges a single, overarching scheme to hide assets from creditors, including the supposed self-settled transfers, all relying on the SGB 2007 Trust's spendthrift nature. The Defendants' defenses rely in part on the spendthrift protection afforded by Washington law. Separating out that defense puts the cart before the horse: LVB has to make a prima facie proof of its claims before any defense should be proved. If LVB is going to have to make that prima facie proof at the Phase 1 trial it envisions, there will be much redundancy between that trial, and the Phase 2 trial. Bifurcation would therefore be very inefficient. Likewise, if the 'self-settled transfers' issue is not resolved on the pending summary judgment motion it will be more efficient, and easier on the witnesses, to bring out evidence about those transfers in the course of the same trial at which evidence is presented about all the other transfers.

DATED this 21st day of September, 2018.

**JOHNSTON JACOBOWITZ & ARNOLD, PC**

/s/ Emanuel Jacobowitz
R. Bruce Johnston, WSBA #4646
Emanuel Jacobowitz, WSBA #39991
Nathan J. Arnold, WSBA #45356
2701 First Avenue, Suite 200
Seattle, WA 98121
Tel: (206) 866-3230
Fax: (206) 866-3234
Bruce@JJALaw.com

1
2
3    *Counsel for Defendants Bingham, Bingo Investments, LLC, SKBB Enterprises, LLC and CCRB Enterprises, LLC*
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

SUPPLEMENTAL BRIEF OF BINGHAMS, SKBB, AND CCRB - 8

Johnston Jacobowitz & Arnold, PC
2701 First Avenue, Suite 200
Seattle, WA 98121
(206) 866-3230  Fax (206) 866-3234

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury under the laws of the United States that on September 21, 2018, I served a copy of the foregoing upon all parties of record through the Court's ECF system

DATED this 21st day of September, 2018.

    /s/ Emanuel Jacobowitz
Emanuel Jacobowitz, WSBA No. 39991