1

2                                                                    Hon. Thomas S. Zilly

3

4

5

6

7

8

9                          **UNITED STATES DISTRICT COURT**
                    **WESTERN DISTRICT OF WASHINGTON AT SEATTLE**
10

| | |
|---|---|
| 11  LVB-OGDEN MARKETING, LLC, | Case No. 2:18-cv-00243-TSZ |
| 12                         **Plaintiff,** | HENRY DEAN (INDIVIDUALLY) AND BGH HOLDINGS, LLC'S |
| 13  v. | SUPPLEMENTAL BRIEFING |
| 14  DAVID S. BINGHAM, SHARON BINGHAM, CHRISTOPHER BINGHAM, CHERISH | |
| 15  BINGHAM, KELLY BINGHAM, BINGO INVESTMENTS, LLC, CCRB | |
| 16  ENTERPRISES, LLC, PARK PLACE MOTORS, LTD., HYTECH POWER, INC., | |
| 17  CICILIA ELALI (f/k/a CICILIA PARK), HENRY DEAN, in his individual capacity and | |
| 18  as Trustee for the SHARON GRAHAM BINGHAM 2007 TRUST, and BGH | |
| 19  HOLDINGS, LLC, | |
| 20                        **Defendants.** | |

21

22

23

24

25

26

27  SUPPLEMENTAL BRIEFING OF HENRY DEAN
    INDIVIDUALLY AND BGH HOLDINGS, LLC - i
    (2:18-cv-00243-TSZ)

WESTERN WASHINGTON LAW
GROUP, PLLC
7500 212TH Street SW, Suite 207
Edmonds, WA 98026
425.728.7296 Fax 425.955.5300

**TABLE OF CONTENTS**

I.    INTRODUCTION AND BACKGROUND ................................................. 1

II.   AUTHORITY AND ARGUMENT ............................................................ 1

      A.    The burden of proof is on the party seeking bifurcation, bifurcation
            is generally denied where issues and evidence overlap, and
            bifurcation of trial remains the exception, not the rule. ................................. 2

      B.    There is considerable overlap as to facts, issues, and defenses,
            leading to duplicative presentations of evidence and argument,
            and judicial inefficiency. ................................................................................ 4

      C.    Even if Plaintiff LVB were to prevail on two of the trust issues
            it seeks to have tried first, a second trial would probably still be necessary ...... 6

      D.    Bifurcation would prejudice defendant Henry Dean ......................................... 6

III.  CONCLUSION .......................................................................................... 7

SUPPLEMENTAL BRIEFING OF HENRY DEAN
INDIVIDUALLY AND BGH HOLDINGS, LLC - ii
(2:18-cv-00243-TSZ)

WESTERN WASHINGTON LAW
GROUP, PLLC
7500 212TH Street SW, Suite 207
Edmonds, WA 98026
425.728.7296 Fax 425.955.5300

# I. INTRODUCTION AND BACKGROUND

The Court's Minute Order of August 17, 2018 [Dkt. No. 132] directed each party to file one supplemental brief, not to exceed 24 pages, addressing three issues, including Issue 3, "Whether the Court should bifurcate the trial into two or more stages." Minute Order at 2. Henry Dean in his individual capacity and BGH Holdings, LLC ("BGH") submit this brief on the issue of trial bifurcation. Henry Dean (individually) and BGH agree with, adopt, and incorporate by reference the positions taken and argued by other defendants in their supplemental briefing as to Issue 1 (priority of judgments) and Issue 2 (order from this Court prior to execution on certain assets), and present this brief addressing Issue 3, whether trial should be bifurcated. Trial should not be bifurcated.

In the parties' Joint Status Report filed with the Court on August 10, 2018 [Dkt. No. 127], Plaintiff LVB-Ogden Marketing, LLC, requested that trial in this matter be bifurcated into two phases (or in the alternative that the Court order briefing on the issue of bifurcation). Plaintiff proposed that Phase 1 would try LVB's declaratory judgment claim as to self-settled assets, the Trust's spendthrift defense, and the Fisher Trusts, and only if necessary, Phase 2 would try LVB's fraudulent transfer claim. *See* Joint Status Report at 5-6.

Defendants' position as stated in the Joint Status Report is that this case cannot be resolved in favor of LVB as a matter of law, and that there is no reason to divide the case into multiple phases and multiple narrow hearings. Joint Status Report at 6. Defendants pointed out strong reasons not to bifurcate, arguing that the facts and defenses relevant to the transfers at issue overlap the facts and defenses relevant to LVB's effort to disregard the Trust, and pointing out that the court cannot assess the transfers that LVB alleges are "self-settled"

SUPPLEMENTAL BRIEFING OF HENRY DEAN
INDIVIDUALLY AND BGH HOLDINGS, LLC - 1
(2:18-cv-00243-TSZ)

WESTERN WASHINGTON LAW
GROUP, PLLC
7500 212TH Street SW, Suite 207
Edmonds, WA 98026
425.728.7296 Fax 425.955.5300

without examining the structure and consideration for those transfers. *Id.* Defendants argued

that the multiple phased approach advocated by LVB would require duplicative examinations

of the same transfers and unduly delay a full resolution. *Id.*

## II. AUTHORITY AND ARGUMENT

**A. The burden of proof is on the party seeking bifurcation, bifurcation is generally denied where issues and evidence overlap, and bifurcation of trial is the exception, not the rule.**

Whether to bifurcate a trial is within the discretion of the district court. *Counts v. Burlington N. R.R.,*952 F.2d 1136, 1139 (9th Cir.1991). Rule 42 of the Federal Rules of Civil Procedure provides in pertinent part:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

CR 42(b). The party seeking bifurcation has the burden of proving that bifurcation is justified given the facts in the case. *Spectra-Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99, 101, (N.D. Calif. 1992). A district court does not abuse its discretion in denying a motion to bifurcate trial when, given an overlap in the evidence used to prove a plaintiff's claims against multiple different defendants, bifurcation would be costly and unnecessary. *Willis v. Vasquez*, 648 F. App'x 720, 722 (9th Cir. 2016), citing *Hangarter v. Provident Life & Accident Ins. Co.,* 373 F.3d 998, 1021 (9th Cir. 2004). Bifurcation is not warranted due in part to overlapping issues that would require evidence to be presented to two separate juries in two trials. *Real v. Bunn-O-Matic Corp.*, 195 F.R.D. 618, 624 (N.D. Ill. 2000).

SUPPLEMENTAL BRIEFING OF HENRY DEAN
INDIVIDUALLY AND BGH HOLDINGS, LLC - 2
(2:18-cv-00243-TSZ)

WESTERN WASHINGTON LAW
GROUP, PLLC
7500 212TH Street SW, Suite 207
Edmonds, WA 98026
425.728.7296 Fax 425.955.5300

The court did grant a request to bifurcate in *Smith v. Alyeska Pipeline Service Co.*, 538 F.Supp. 977 (D. Del. 1982), but in that case the moving party presented evidence that the issue of damages was complex and would require a review of millions of documents and require extensive time during discovery and trial; additionally, the moving party showed that the issues of liability and damages did not overlap.

> To determine whether bifurcation is warranted, courts generally consider the following three factors: 1) whether significant resources would be saved by bifurcation, 2) whether bifurcation will increase juror comprehension, and 3) whether bifurcation will lead to repeat presentations of the same evidence and witnesses. The moving party bears the burden of establishing that bifurcation is warranted. In all cases… bifurcation is the exception, not the rule.

*Computer Assocs. Int'l, Inc. v. Simple.com, Inc.*, 247 F.R.D. 63, 67 (E.D.N.Y. 2007)(citations and internal quotation marks omitted).

Courts have used a three-step process in determining whether to bifurcate a trial:

> First, the trial judge must determine whether separate trials would avoid prejudice to a party or promote judicial economy. Only one of these criteria— avoidance of prejudice or judicial economy—need be met before a court can order separation. Next, the court must be satisfied that the decision to bifurcate does not unfairly prejudice the non-moving party. Finally, separate trials must not be granted if doing so would violate the Seventh Amendment. Although the ultimate decision to bifurcate is within our discretion, because we are expected to act to "secure the just, speedy, and inexpensive determination of every action" (Fed. R. Civ. P. 1), bifurcation remains the exception, not the rule. The party seeking separate trials has the burden of showing that judicial economy would be served and the balance of potential prejudice weighs in favor of bifurcation. In determining whether to bifurcate a trial, courts have looked to judicial efficiency, possibility of needless delay, potential juror confusion, the timing of the request for bifurcation, whether any filing delay was tactical, the overlap of evidence and witnesses between the two trials, and prejudice to each party.

SUPPLEMENTAL BRIEFING OF HENRY DEAN
INDIVIDUALLY AND BGH HOLDINGS, LLC - 3
(2:18-cv-00243-TSZ)

WESTERN WASHINGTON LAW
GROUP, PLLC
7500 212TH Street SW, Suite 207
Edmonds, WA 98026
425.728.7296 Fax 425.955.5300

*Trading Techs. Int'l, Inc. v. eSpeed, Inc.*, 431 F. Supp. 2d 834, 836–37 (N.D. Ill. 2006)(internal case citations and some internal quotation marks omitted).

**B. There is considerable overlap as to facts, issues, and defenses, leading to duplicative presentations of evidence and argument, and judicial inefficiency.**

LVB seeks to disregard the Sharon Graham Bingham 2007 Trust (the "Trust"), arguing that LVB is entitled to execution of Trust assets, and alleging in its First Amended and Verified Complaint [Dkt. No. 82] (the "Amended Complaint"), inter alia, that multiple transfers to the Trust are "self-settled" transfers (¶ 118a), that the Trust has lost any spendthrift character that it had (¶ 118b), and that any transfer or obligation including granting of security interests between certain individuals and the Trust is void as to LVB (¶ 118c). Appendix A of Plaintiff's First Amended and Verified Complaint [Dkt. No. 82] lists well over 200 transactions Plaintiff alleges at ¶ 42 were all "self-settled" transactions.

As a second cause of action, Plaintiff alleges violation of the Uniform Fraudulent Transfer Act (RCW 19.40 *et seq*.). *See* Amended Complaint at ¶¶ 120-130. Plaintiff refers to CCRB Enterprises, LLC, SKBB Enterprises, LLC, Park Place Motors, Ltd., the Trust, Henry Dean in his individual capacity, BGH Holdings, LLC, and HyTech Power, Inc., as "Fraudulent Transferees." Amended Complaint at ¶ 121. Among the transfers LVB alleges were fraudulent are many of the transfers listed in Appendix A to its Amended Complaint, which it also claims were "self-settled" transfers. Amended Complaint at ¶ 126.

The Court cannot assess the transfers that LVB alleges are "self-settled" without examining the structure and consideration for those transfers. The structure and consideration of the transfers is also basic to determining whether the transfers were fraudulent. Therefore it

is more conducive to judicial economy to present and examine the facts surrounding each transfer just once in determining whether each such transfer was self-settled or fraudulent.

Many affirmative defenses asserted by the various defendants overlap. For example, Park Place Motors Ltd. and HyTech Power, Inc. have asserted a laches and lapse of time affirmative defense, which overlaps with the fraudulent (voidable) transfer extinguishment (statute of limitations) defense. See [Dkt. No. 136] First Amended Answer of Defendants Park Place Motors, Ltd. and HyTech Power, Inc. to Plantiff's Amended Complaint at 12, ¶¶ 4-5. These defendants have also asserted overlapping affirmative defenses of assets being fully encumbered at time of transfer or otherwise beyond the purview of RCW 19.40 et seq., and that transfers lacked value at time of transfer. Id. at 13, ¶¶ 19, 22.

David S. Bingham, Sharon Bingham, Christopher Bingham, Cherish Bingham and Kelly Bingham (collectively, the "Bingham Individuals") along with Bingo Investments LLC, CCRB Enterprises LLC, and SKBB Enterprises LLC have also asserted overlapping affirmative defenses of laches and statute of limitations. See [Dkt. No. 130] their Answer to First Amended Complaint at  16, ¶¶ 140-141. These defendants have also asserted the affirmative defenses of assets fully encumbered at time of transfer and that transfers were of property encumbered by a valid and enforceable lien. Id. at 18, ¶¶ 163, 166.

As a final point, LVB has requested a jury trial. To empanel two juries, to hear much of the same evidence and consider many of the same facts regarding the same transactions, is not efficient.

SUPPLEMENTAL BRIEFING OF HENRY DEAN
INDIVIDUALLY AND BGH HOLDINGS, LLC - 5
(2:18-cv-00243-TSZ)

WESTERN WASHINGTON LAW
GROUP, PLLC
7500 212TH Street SW, Suite 207
Edmonds, WA 98026
425.728.7296 Fax 425.955.5300

**C.  Even if Plaintiff LVB were to prevail on two of the trust issues it seeks to have tried first, a second trial would probably still be necessary.**

LVB seeks to collect a judgment in excess of $70 million.  *See* First Amended and Verified Complaint [Dkt. No. 82] at 1, ¶ 3. The net value of assets of the Trust is significantly less than the amount LVB seeks (*see e.g.* Amended Complaint at ¶¶ 82-83; estimated net value as of May, 2017 of $13,588,612). Therefore, even if Plaintiff LVB were to prevail on both the self-settled assets issue and the spendthrift issues it seeks to have tried first, much if not most of the judgment (plus interest and attorney fees) would still remain unsatisfied. The second trial, as to fraudulent transfers of assets, rather than being rendered unnecessary by the first trial, would probably still need to go forward. Thus trial bifurcation would lead to inefficiency and wasted resources, not judicial efficiency.

**D.  Bifurcation would prejudice defendant Henry Dean.**

Bifurcation would prejudice defendant Henry Dean (in his individual capacity) because bifurcation into two trials would mean that this matter will remain unresolved for a longer time as to him. Mr. Dean is a defendant only as to the Uniform Voidable Transactions Act ("UVTA") (Chapter 19.40 RCW) portion of the case, and not as to the issues of self-settled Trust assets, whether or not the Trust has a valid spendthrift provision, or as to the Fisher Trusts. Plaintiff LVB is proposing to try the UVTA (UFTA) portion of the case not until the second of the bifurcated trials. Mr. Dean however is entitled to an expedited trial. RCW 6.32.270. Furthermore, the Federal Rules of Civil Procedure are to be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Bifurcation in

SUPPLEMENTAL BRIEFING OF HENRY DEAN
INDIVIDUALLY AND BGH HOLDINGS, LLC - 6
(2:18-cv-00243-TSZ)

WESTERN WASHINGTON LAW
GROUP, PLLC
7500 212TH Street SW, Suite 207
Edmonds, WA 98026
425.728.7296 Fax 425.955.5300

this matter will only prolong and complicate the proceeding as to Mr. Dean, and Mr. Dean will therefore be prejudiced.

### III. CONCLUSION

For the reasons stated above, Defendants Henry Dean (in his individual capacity) and BGH Holdings, LLC, argue that trial in this matter should not be bifurcated.

Dated this 21st day of September, 2018.

WESTERN WASHINGTON LAW GROUP, PLLC

*/s/ Dennis J. McGlothin*

_____

*/s/ Robert J. Cadranell*

_____

Dennis J. McGlothin, WSBA No. 28177
Robert J. Cadranell, WSBA No. 41773
Attorneys for Defendants Henry Dean, in his individual capacity, and BGH Holdings, LLC
7500 212th St. SW, Suite 207
Edmonds, WA 98026
Phone: 425-728-7296
Fax: 425-955-5300
robert@westwalaw.com
dennis@westwalaw.com
docs@westwalaw.com

SUPPLEMENTAL BRIEFING OF HENRY DEAN
INDIVIDUALLY AND BGH HOLDINGS, LLC - 7
(2:18-cv-00243-TSZ)

WESTERN WASHINGTON LAW
GROUP, PLLC
7500 212TH Street SW, Suite 207
Edmonds, WA 98026
425.728.7296 Fax 425.955.5300

1

2                                   **CERTIFICATE OF SERVICE**

3    I hereby certify that on September 21, 2018, I electronically filed the foregoing with the Clerk
     of the Court using the CM/ECF System which will send notification of such filing to the
4    following:

5    Nathan J. Arnold
     nathan@jjalaw.com, pattie@jjalaw.com
6    JOHNSTON JACOBOWITZ & ARNOLD, PC

7    2701 First Avenue, Suite 200
     Seattle, WA 98121
8    Telephone: (206) 866-3230
     *Attorneys for Defendants David S. Bingham, Sharon Bingham, Christopher Bingham, Cherish*
9    *Bingham, Kelly Bingham, Bingo Investments, LLC, and CCRB Enterprises, LLC*

10   Manish Borde
     mborde@williamskastner.com; mphilomeno@williamskastner.com
11   WILLIAMS KASTNER & GIBBS PLLC

12   601 Union Street, Suite 4100
     Seattle, Washington 98101-2380
13   Telephone: (206) 628-6600
     *Attorneys for Defendant Park Place Motors, Ltd. and Henry Dean as Trustee for the Sharon*
14   *Graham Bingham 2007 Trust*

15   Robert Joseph Cadranell
     robert@westwalaw.com; docs@westwalaw.com
16   WESTERN WASHINGTON LAW GROUP PLLC

17   7500 212th St. S.W., Suite 270
     Edmonds, WA 98026
18   Phone: 425-428-7296
     *Attorneys for Defendants Henry Dean in his individual capacity, Cicilia Elali, and BGH*
19   *Holdings, LLC*

20   Heather F. Canner
     heather.canner@kirkland.com
21   KIRKLAND & ELLIS LLP

22   333 S. Hope Street
     Los Angeles, CA 90071
23   Telephone: (213) 680-8151
     *Attorneys for Plaintiff*

24   Jonathan J. Faria
     Jonathan.faria@kirkland.com; michael.tecuanhuehue@kirkland.com;
25   tammy.t.soumas@kirkland.com; amy.palafox@kirkland.com
     KIRKLAND & ELLIS LLP
26

27   SUPPLEMENTAL BRIEFING OF HENRY DEAN                    WESTERN WASHINGTON LAW
     INDIVIDUALLY AND BGH HOLDINGS, LLC - 8                          GROUP, PLLC
     (2:18-cv-00243-TSZ)                                    7500 212TH Street SW, Suite 207
                                                                   Edmonds, WA 98026
                                                            425.728.7296 Fax 425.955.5300

333 S. Hope Street
Los Angeles, CA 90071
Telephone: (213) 680-8151
*Attorneys for Plaintiff*

Scott B. Henrie
shenrie@williamskastner.com; rvansteen@williamskastner.com
WILLIAMS KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
Telephone: (206) 628-6600
*Attorneys for Defendant Park Place Motors, Ltd. and Henry Dean as Trustee for the Sharon Graham Bingham 2007 Trust*

Emanuel Fraser Jacobowitz
manny@jjalaw.com; pattie@jjalaw.com
JOHNSTON JACOBOWITZ & ARNOLD, PC
2701 First Avenue, Suite 200
Seattle, WA 98121
Telephone: (206) 866-3230
*Attorneys for Defendants David S. Bingham, Sharon Bingham, Christopher Bingham, Cherish Bingham, Kelly Bingham, Bingo Investments, LLC, and CCRB Enterprises, LLC*

R. Bruce Johnston
bruce@rbrucejohnston.com
JOHNSTON JACOBOWITZ & ARNOLD, PC
2701 First Avenue, Suite 200
Seattle, WA 98121
Telephone: (206) 866-3230
*Attorneys for Defendants David S. Bingham, Sharon Bingham, Christopher Bingham, Cherish Bingham, Kelly Bingham, Bingo Investments, LLC, and CCRB Enterprises, LLC*

Dennis John McGlothin
dennis@westwalaw.com; docs@westwalaw.com
WESTERN WASHINGTON LAW GROUP PLLC
7500 212th St. S.W., Suite 270
Edmonds, WA 98026
Phone: 425-428-7296
*Attorneys for Defendants Henry Dean in his individual capacity, Cicilia Elali, and BGH Holdings, LLC*

William Randolph Squires, III
rsquires@corrcronin.com; mbdahl@corrcronin.com; reception@corrcronin.com; amy.palafox@kirkland.com
CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP

SUPPLEMENTAL BRIEFING OF HENRY DEAN
INDIVIDUALLY AND BGH HOLDINGS, LLC - 9
(2:18-cv-00243-TSZ)

WESTERN WASHINGTON LAW
GROUP, PLLC
7500 212TH Street SW, Suite 207
Edmonds, WA 98026
425.728.7296 Fax 425.955.5300

1

2   1001 Fourth Avenue, Suite 3900
    Seattle, Washington 98154-1051
3   Telephone: (206) 625-8600 Fax: (206) 625-0900

4   Tammy Ann Tsoumas
    Tammy.tsoumas@kirkland.com
5   KIRKLAND & ELLIS LLP
    333 S. Hope Street
6   Los Angeles, CA 90071
    Telephone: (213) 680-8151
7   *Attorneys for Plaintiff*

8   Jeffrey L. Willian
    jwillian@kirkland.com
9   KIRKLAND & ELLIS LLP
    300 North LaSalle
10  Chicago, IL 60654
    Telephone: (312) 862-2257
11  Email: jwillian@kirkland.com

12

13  WESTERN WASHINGTON LAW GROUP, PLLC

14  /s/ Lindsey Matter

15  _____
    Paralegal for:
16  Robert J. Cadranell, WSBA No. 41773
    Dennis J. McGlothin, WSBA No. 28177
17  Attorneys for Defendants Henry Dean, in his individual
    capacity, and BGH Holdings, LLC
18  7500 212th St. SW, Suite 207
    Edmonds, WA 98026
19  Phone: 425-728-7296
    Fax: 425-955-5300
20  robert@westwalaw.com
    dennis@westwalaw.com
21  docs@westwalaw.com

22

23

24

25

26

27  SUPPLEMENTAL BRIEFING OF HENRY DEAN
    INDIVIDUALLY AND BGH HOLDINGS, LLC - 10
    (2:18-cv-00243-TSZ)

                                    WESTERN WASHINGTON LAW
                                         GROUP, PLLC
                                    7500 212TH Street SW, Suite 207
                                         Edmonds, WA 98026
                                    425.728.7296 Fax 425.955.5300