1

2

3

4

5

6

7

The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

LVB-OGDEN MARKETING, LLC,

              Plaintiff,

      v.

DAVID S. BINGHAM, SHARON BINGHAM,
CHRISTOPHER BINGHAM, CHERISH
BINGHAM, KELLY BINGHAM, BINGO
INVESTMENTS, LLC, CCRB
ENTERPRISES, LLC, PARK PLACE
MOTORS, LTD., HYTECH POWER, INC.,
CICILIA ELALI (f/k/a CICILIA PARK),
HENRY DEAN, in his individual capacity and
as Trustee for the SHARON GRAHAM
BINGHAM 2007 TRUST, and BGH
HOLDINGS, LLC,

              Defendants.

NO. 2:18-cv-00243-TSZ

SUPPLEMENTAL BRIEF OF SHARON
GRAHAM BINGHAM 2007
TRUST/DEAN AS TRUSTEE

SUPPLEMENTAL BRIEF OF SHARON GRAHAM BINGHAM 2007
TRUST/DEAN AS TRUSTEE - i
(17-cv-00528-TSZ )

6615216.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## Table of Contents

I. INTRODUCTION ............................................................................................................... 1

II. ARGUMENT & AUTHORITY ......................................................................................... 2

   A.     The Umpqua Bank judgment and Centrum Financial Services, Inc. judgment proceeded from exempt trust assets. ................................................................................ 2

   B.     The extent of priority over the real estate assets of David and Sharon Bingham.......... 2

     1.     Unit 1113 of the Kaanapali Ali'i condominiums...................................................... 2

     2.     Unit 1115 of the Kaanapali Ali'i condominiums...................................................... 3

     3.     9215 S.E. Shoreland Dr., Bellevue, WA 98004....................................................... 3

   C.     The extent of priority over the real estate assets of Chris and Cherish Bingham.......... 5

   D.     The extent of priority over personal property formerly owned by the judgment debtors. ......................................................................................................................... 5

   E.     The extent of priority over the M/V Bingo................................................................. 7

   F.     The extent of priority over the personal property never owned by the judgment debtors.7

   G.     The extent of priority over real property titled in the Trustee/SGB 2007 Trust............ 8

III. CONCLUSION .............................................................................................................. 8

SUPPLEMENTAL BRIEF OF SHARON GRAHAM BINGHAM 2007
TRUST/DEAN AS TRUSTEE - ii
(17-cv-00528-TSZ )

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6615216.1

1

## I.  INTRODUCTION

On August 17, 2018, the Court entered a Minute Order at Dkt. No. 132.  The Minute

Order directs the parties to file supplemental briefs on three issues.  The Sharon Graham

Bingham 2007 Trust/Henry Dean in his capacity as Trustee of the Sharon Graham Bingham

2007 Trust (the "SGB 2007 Trust") submits this brief with respect to Issue 1.  With respect to

Issue 3, the SGB 2007 Trust believes the Court should not bifurcate the trial into two or more

stages, for reasons advanced in the Joint Status Report at Dkt. No. 127 at 6:7-9:5, and for the

reasons set forth in the supplemental briefs of other defendants.  For ease of reference, Issue 1

was articulated by the Court as follows:

> **Issue 1**: The record before the Court demonstrates that the Trust holds two
> judgments of $23,290,953 and $57,617,482, respectively, against the same
> debtors as Plaintiff.  *See* Declaration of Henry W. Dean, Trustee in Support of
> Response to Motion for Preliminary Injunction, docket no. 38, Exhibit H (the
> "Umpqua Judgment"), Exhibit L (assignment of the Umpqua Judgment),
> Exhibit R (the "Centrum Judgment"); Declaration of R. Bruce Johnston in
> Opposition to Plaintiff's Motion for Preliminary Injunction, docket no. 35,
> Exhibit 1A (assignment of the Centrum Judgment).  The parties are DIRECTED
> to address whether there is any legal or equitable reason why those judgments
> would not have priority over Plaintiff's judgment.

Dkt. No. 132 (Minute Order) at page 2.

Plaintiff's First Amended and Verified Complaint seeks, in part, a declaration "[t]hat

the Sharon Graham Bingham 2007 Trust has lost any spendthrift character that it had, and that

LVB is therefore entitled to execution of the assets of the Trust to satisfy its judgment."[1]

Plaintiff alleges that Sharon Graham Bingham has ". . . the means to direct the assets and

income of the trust . . . ."[2]  Because the priority of a particular judgment depends on the

particular asset at issue, the discussion below will be organized by asset or a group of assets,

where appropriate.

---

[1] Dkt. No. 82 (First Amended and Verified Complaint) at ¶ 118.b.
[2] Dkt. No. 82 (First Amended and Verified Complaint) at ¶ ¶ 113, 114.

SUPPLEMENTAL BRIEF OF SHARON GRAHAM BINGHAM 2007
TRUST/DEAN AS TRUSTEE - 1
(17-cv-00528-TSZ )

6615216.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

## II. ARGUMENT & AUTHORITY

A.   The Umpqua Bank judgment and Centrum Financial Services, Inc. judgment proceeded from exempt trust assets.

The Umpqua Bank judgment was entered in King County Superior Court on June 19, 2009.  Dkt. No. 42 at Exhibit H.  The judgment in favor of Centrum Financial Services, Inc. was entered in King County Superior Court on March 15, 2013.  Dkt. No. 42 at Exhibit R.

There is no dispute that:  (1) the Sharon Graham Bingham 2007 Trust was settled by someone besides the beneficiary (Frances Graham) with assets that did not belong to the beneficiary (the 116.33 shares of O.D. Fischer Company).[3]  There is also no dispute that the O.D. Fischer Company shares generated approximately $11.8 million in cash in September of 2008 when Safeco was acquired by Liberty Mutual.[4]  There has been no assertion, and nor could there be, that the funds used to purchase the Umpqua Bank judgment and Centrum Financial Services, Inc. judgment did not proceed from trust property exempt from execution. *See* RCW 6.32.250.  The judgments are thus not assailable by LVB, or any other creditor.

B.   The extent of priority over the real estate assets of David and Sharon Bingham.

Judgment debtors David Bingham and Sharon Bingham have title to the following real properties:  (1) Unit 1113 of the Kaanapali Ali'i condominiums located at 50 Nohea Kai Drive, Lahaina, HI 96761; (2) Unit 1115 of the Kaanapali Ali'i condominiums located at 50 Nohea Kai Drive, Lahaina, HI 96761; and (3) 9215 S.E. Shoreland Dr., Bellevue, WA 98004.[5]

1.   Unit 1113 of the Kaanapali Ali'i condominiums.

A title report for Unit 1113 of the Kaanapali Ali'i condominiums reflects that the $23,290,953.14 Umpqua Bank judgment was recorded against Unit 1113 on August 19, 2009.[6]

---

[3] Dkt. No. 42 (Declaration of Henry W. Dean, Trustee in Support of Response to Motion for Preliminary Injunction) at ¶ 2.
[4] Dkt. No. 42 at ¶ 2.
[5] Dkt. No. 83 (balance sheet filed under seal); Dkt. No. 42 (Declaration of Henry W. Dean).
[6] Dkt. No. 42 (Exhibit V-page 6 to Dean declaration).

SUPPLEMENTAL BRIEF OF SHARON GRAHAM BINGHAM 2007
TRUST/DEAN AS TRUSTEE - 2
(17-cv-00528-TSZ )

6615216.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1   The March 23, 2016 title report contained at Exhibit V to Mr. Dean's declaration at Dkt. No.

2   42 reflects LVB did not record its judgment against Unit 1113.  Accordingly, the judgment

3   held by the SGB 2007 Trust has priority over LVB's judgment with respect to Unit 1113.  In

4   addition, as the title report reflects, a mortgage to secure an indebtedness in favor of Centrum

5   Financial Services, Inc. was recorded on May 5, 2008 and this was assigned to the SGB 2007

6   Trust by Centrum Financial Services, Inc.  *See Dkt. No.* 35-2 at page 43 of 68 to 46 of 68.

7   Accordingly, the SGB 2007 Trust also has priority over LVB to Unit 1113 by means of the

8   Centrum mortgage.[7]

9           2.      Unit 1115 of the Kaanapali Ali'i condominiums.

10          A title report for Unit 1115 of the Kaanapali Ali'i condominiums reflects that the

11  $23,290,953.14 Umpqua Bank judgment was recorded against Unit 1115 on August 19, 2009.[8]

12  The March 23, 2016 title report contained at Exhibit W to Mr. Dean's declaration at Dkt. No.

13  42 reflects LVB did not record its judgment against Unit 1115.  Accordingly, the judgment

14  held by the SGB 2007 Trust has priority over LVB's judgment with respect to Unit 1115.  In

15  addition, as the title report reflects, a mortgage to secure an indebtedness in favor of Centrum

16  Financial Services, Inc. was recorded on May 5, 2008 and this was assigned to the SGB 2007

17  Trust by Centrum Financial Services, Inc.  *See Dkt. No.* 35-2 at page 39 of 68 to 42 of 68.

18  Accordingly, the SGB 2007 Trust also has priority over LVB to Unit 1115 by means of the

19  Centrum mortgage.[9]

20          3.      9215 S.E. Shoreland Dr., Bellevue, WA 98004

21          A title report for 9215 S.E. Shoreland Drive, Bellevue, WA 98004 reflects that the

22  $23,290,953.14 Umpqua Bank judgment was recorded against the Binghams' Washington

23

24  [7] In footnote 10 of his declaration at Dkt. No. 42, Mr. Dean explains that there was a change in the unit number from 1103 to 1113.
    [8] Dkt. No. 42 (Exhibit W-page 6 to Dean declaration).

25  [9] In footnote 10 of his declaration at Dkt. No. 42, Mr. Dean explains that there was a change in the unit number from 1105 to 1115.

SUPPLEMENTAL BRIEF OF SHARON GRAHAM BINGHAM 2007
TRUST/DEAN AS TRUSTEE - 3
(17-cv-00528-TSZ )

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6615216.1

1    residence on June 19, 2009.[10]  The title report also reflects that Centrum Financial Services,

2    Inc. recorded its $57,617,482.96 judgment against the residence on March 15, 2013.[11]  The

3    judgment LVB currently seeks to enforce does not appear in the title report.  This may be

4    because LVB failed to record the judgment with the King County Recorder's Office.

5         A judgment lien attaches to non-exempt real property when it "commences," which

6    depends on the counties of the judgment and real property.  RCW 4.56.190.  When a

7    Washington superior court judgment is entered in the same county as the judgment debtor's

8    real estate, the lien commences from the time of the filing by the county clerk upon the

9    execution docket in accordance with RCW 4.64.030.  RCW 4.56.200; RCW 4.64.030.  The

10   Umpqua Bank judgment was entered on the execution docket on June 19, 2009.  *See* Appendix

11   1.[12]

12        Pursuant to 28 U.S.C. § 3201(a) and 26 U.S.C. § 6323, a judgment in a civil action

13   creates a lien on all real property of a judgment debtor on the filing of a certified copy of the

14   abstract of judgment in either the District Court in which the property is situated, or with the

15   pertinent county.  LVB registered its judgment in the Western District of Washington on

16   October 15, 2010.[13]  The Umpqua Bank judgment held by the SGB 2007 Trust has priority

17   over LVB with respect to the 9215 S.E. Shoreland Dr., Bellevue property.[14]  *See e.g., Bank of*

18   *America, N.A., v. Owens*, 173 Wn.2d 40, 50, 266 P.3d 211 (2011) (a judgment lien on real

19   property takes priority from the date the judgment is recorded).

20

---

21   [10] Dkt. No. 35-10 (Declaration of R. Bruce Johnston in Opposition to Plaintiff's Motion for Preliminary
     Injunction) at page 3 of 6.

22   [11] Dkt. No. 35-10 (Declaration of R. Bruce Johnston in Opposition to Plaintiff's Motion for Preliminary
     Injunction) at page 5 of 6.

23   [12] The Court may take judicial notice of the entry of the judgment on the execution docket pursuant to Fed. R.
     Evid. 201.

     [13] Dkt. No. 5 (Declaration of Jonathan J. Faria in Support of Plaintiff's Motion for Temporary Restraining Order
24   and/or Preliminary Injunction) at Exhibit 3.

     [14] Furthermore, there is no evidence LVB recorded its judgment with the King County Recorder's Office, which is
25   necessary for the judgment to have become a lien on homestead property located in King County.  *See* RCW
     6.13.090.

SUPPLEMENTAL BRIEF OF SHARON GRAHAM BINGHAM 2007
TRUST/DEAN AS TRUSTEE - 4
(17-cv-00528-TSZ )

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6615216.1

C.   The extent of priority over the real estate assets of Chris and Cherish Bingham.

Chris and Cherish Bingham occupy 3200 80th Ave. NE, Hunts Point, WA 98004.  As provided for in Mr. Dean's declaration at Dkt. No. 42 at page 32 of 40, this was the long-time residence of Frances Graham, the settlor of the SGB 2007 Trust.  The $23,290,953.14 Umpqua Bank judgment was recorded against the residence on June 23, 2009.[15]

Pursuant to 28 U.S.C. § 3201(a) and 26 U.S.C. § 6323, a judgment in a civil action creates a lien on all real property of a judgment debtor on the filing of a certified copy of the abstract of judgment in either the District Court in which the property is situated, or with the pertinent county.  LVB registered its judgment in the Western District of Washington on October 15, 2010.[16]  The Umpqua Bank judgment held by the SGB 2007 Trust has priority over LVB with respect to the 3200 80th Ave. NE, Hunts Point, WA property.[17]  *See e.g., Bank of America, N.A., v. Owens*, 173 Wn.2d 40, 50, 266 P.3d 211 (2011) (a judgment lien on real property takes priority from the date the judgment is recorded).

D.   The extent of priority over personal property formerly owned by the judgment debtors.

As conceded by LVB, possession of the personal property identified in the balance sheet filed at Dkt. No. 83 lies within Henry Dean in his capacity as Trustee of the Sharon Graham Bingham 2007 Trust.  *See Dkt. No.* 137 (Motion for Summary Judgment) at page 7 line 7 to page 9 line 6.  Ignoring for the purposes of this brief the fact that legal title of the personal property passed to the Trustee in satisfaction of loans (which proceeded from exempt trust assets) made by the Trustee to the judgment debtors, the Umpqua Bank judgment and

---

[15] https://recordsearch.kingcounty.gov/LandmarkWeb/search/index?theme=.blue&section=searchCriteriaParcelId&quickSearchSelection=

[16] Dkt. No. 5 (Declaration of Jonathan J. Faria in Support of Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction) at Exhibit 3.

[17] Furthermore, there is no evidence LVB recorded its judgment with the King County Recorder's Office, which is necessary for the judgment to have become a lien on homestead property located in the King County.  *See* RCW 6.13.090.

SUPPLEMENTAL BRIEF OF SHARON GRAHAM BINGHAM 2007
TRUST/DEAN AS TRUSTEE - 5
(17-cv-00528-TSZ )

6615216.1

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1   Centrum Financial Services, Inc. judgment separately and independently give the Trustee

2   priority to the personal property formerly owned by the judgment debtors.

3        The balance sheet filed under seal at Dkt. No. 83 reflects the following personal

4   property to which the judgment debtors formerly had title:  (1) shares in Park Place Motors,

5   Ltd.; (2) the 1,263,333 shares of Biolytical Laboratories, Inc., a Canadian corporation; (3) the

6   Prium Note (formerly belonging to judgment debtor Bingo Investments, LLC); (4) shares in

7   Plasma Drive (formerly held by Bingo Venture Capital, LLC which is not a judgment debtor of

8   LVB but was wholly owned by judgment debtors); (5) the matrimonial rings; and (6) the

9   Bingham family's furniture, fixtures, equipment and appliances.  As a result of the Umpqua

10  Bank judgment, Centrum Financial Services, Inc. judgment, and the Trustee's possession of the

11  property, the Trustee has priority over these personal property assets.  No authority exists for a

12  sheriff or United States Marshal to seize property from one creditor, regardless of whether that

13  property was previously taken from a judgment debtor, to satisfy the claims of another creditor.

14       What's more, the Trustee has the benefit of the writ of execution obtained by

15  Washington Trust Bank.  There is no dispute that Washington Trust Bank obtained a judgment

16  against the same debtors liable on LVB's judgment.  *See* Exhibit P to the Dean declaration at

17  Dkt. No. 42.  There is also no dispute that on or about January 25, 2011, Washington Trust

18  Bank obtained a writ of execution against the judgment debtors and was, along with the King

19  County Sheriff, at the doorsteps of the residence of David and Sharon Bingham for the purpose

20  of seizing all personal property of the Binghams.  *See* Dkt. No. 42 at ¶¶ 18-20.  Even if the

21  Sheriff did not actually take physical possession of the personal property prior to the Trustee

22  executing the settlement agreement with Washington Trust Bank, thereby affording the Trustee

23  a statutory lien against the personal property pursuant to RCW 4.56.190, the issuance of the

24  writ of execution in favor of Washington Trust Bank, and the right of the Trustee to be

25  equitably subrogated to Washington Trust Bank for the amounts paid by the Trustee

SUPPLEMENTAL BRIEF OF SHARON GRAHAM BINGHAM 2007
TRUST/DEAN AS TRUSTEE - 6
(17-cv-00528-TSZ )

6615216.1

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1  ($1,030,000) to Washington Trust Bank, afford the Trustee an equitable lien on the personal

2  property with a greater priority than that of LVB securing at least $1,030,000. *See e.g., Bank*

3  *of America, N.A., v. Owens*, 173 Wn.2d 40, 49-50, 266 P.3d 211 (2011) ("Where a statutory

4  lien is unavailable, a court may create an equitable lien.").

5  E.    The extent of priority over the M/V Bingo.

6      Title to the M/V Bingo is vested in David Bingham and Sharon Bingham.  Neither the

7  Umpqua Bank judgment nor Centrum Financial Services, Inc. judgment grants the Trustee

8  priority in the M/V Bingo, unless the Trustee elects to cause the vessel to be arrested (again).[18]

9  However, it is undisputed that the judgment debtors executed a $600,000 note and preferred

10  marine mortgage in favor of the SGB 2007 Trust and that preferred marine mortgage was

11  recorded with the United States Coast Guard on September 20, 2011.[19]  Accordingly, to the

12  extent LVB elects to arrest the M/V Bingo and causes the vessel to be sold, the SGB 2007

13  Trust will have priority to the first $600,000 of proceeds.

14  F.    The extent of priority over the personal property never owned by the judgment debtors.

15      It is undisputed that the shares held by the Trustee in HyTech Power, Inc., the

16  promissory note owed by Park Place Motors, Ltd., the three (3) miscellaneous promissory

17  notes with a combined value of $20,000, and any cash on hand were never owned by any of

18  judgment debtors.  There is no dispute possession of these assets identified in the balance sheet

19  filed at Dkt. No. 83 lies within Henry Dean in his capacity as Trustee of the Sharon Graham

20  Bingham 2007 Trust.  Ignoring for the purposes of this brief the fact that these assets

21  proceeded from the assets that were settled by Frances Graham for Sharon Graham Bingham's

22  benefit, the Umpqua Bank judgment and Centrum Financial Services, Inc. judgment separately

23  and independently give the Trustee priority to these personal property assets.  Even if the Court

24

25

---

[18] Dkt. No. 42 at ¶ 24.b.
[19] Dkt. No. 35 at 13.b; Dkt. No. 42 at ¶ 24.b.

SUPPLEMENTAL BRIEF OF SHARON GRAHAM BINGHAM 2007
TRUST/DEAN AS TRUSTEE - 7
(17-cv-00528-TSZ )

6615216.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1  holds that Sharon Graham Bingham controls the Trustee/has the equivalent of an ownership

2  interest with respect to the SGB 2007 Trust, no authority exists for a sheriff or United States

3  Marshal to seize property from one creditor to satisfy the claims of another creditor.

4  G.    The extent of priority over real property titled in the Trustee/SGB 2007 Trust.

5         Title to 721 250th Lane NE, Sammamish WA was conveyed to the Trustee by means of

6  a Quit Claim Deed from Scott and Kelly Bingham on February 28, 2014.  The Quit Claim

7  Deed was recorded on October 21, 2014.[20]  Because the Umpqua Bank judgment was entered

8  in King County Superior Court, a judgment lien attached to the former property of Scott and

9  Kelly Bingham in 2009, prior to when LVB obtained and registered its judgment in the

10  Western District.  RCW 4.56.190; RCW 4.56.200.  Accordingly, the Umpqua Bank judgment

11  gives the Trustee/SGB 2007 Trust priority over the 721 250th Lane NE, Sammamish WA

12  property.  However, this discussion is highly academic as KeyBank is secured for a significant

13  amount on the property and the public record reflects other liens/judgements on the property

14  with greater priority than LVB.[21]  *See* Appendix 2 (state court order granting KeyBank leave to

15  amend its judicial foreclosure complaint to add LVB as a party).

16                              III.  CONCLUSION

17         There is no dispute that the Umpqua Bank judgment and Centrum Financial Services,

18  Inc. judgment held by the Trustee/SGB 2007 Trust proceeded from exempt trust property.  The

19  judgment lien arising out of the Umpqua Bank judgment on the real property situated in King

20  County commenced prior to any judgment lien commenced by LVB's registration of its

21  judgment.  Accordingly, the Trustee/SGB 2007 Trust has priority with respect to the King

22  County real property assets titled in the judgment debtors, as well as the 721 250th Lane NE,

23

24

25
---
[20] Dkt. No. 42, Exhibit Z.
[21] Dkt. No. 42 at ¶ 24.h.

SUPPLEMENTAL BRIEF OF SHARON GRAHAM BINGHAM 2007
TRUST/DEAN AS TRUSTEE - 8
(17-cv-00528-TSZ )

6615216.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1    Sammamish WA property.  LVB did not even register its judgment in Hawaii, and thus it has

2    no judgment lien on the real property located in Hawaii.

3         With respect to the personal property formerly owned by the judgment debtors and the

4    personal property never owned by the judgment debtors, LVB concedes that the Trustee/SGB

5    2007 Trust is in possession of those assets.  No authority exists for a sheriff or United States

6    Marshal to seize property from one creditor, regardless of whether that property was previously

7    taken from a judgment debtor, to satisfy the claims of another creditor.  LVB is free to arrest

8    the M/V Bingo, although the first $600,000 of any proceeds from the sale of the asset is

9    payable to the Trustee/SGB 2007 Trust.

10        DATED this 21st day of September, 2018.

11
                                        s/ Manish Borde
                                        Scott B. Henrie, WSBA #12673
12                                      Manish  Borde, WSBA #39503
                                        Attorneys for Respondents Henry Dean, as
13                                      trustee of the Sharon Graham Bingham 2007
                                        Trust and Park Place Motors Ltd.
14                                      WILLIAMS, KASTNER & GIBBS PLLC
                                        601 Union Street, Suite 4100
15                                      Seattle, WA 98101-2380
                                        Telephone:  (206) 628-6600
16                                      Fax:  (206) 628-6611
                                        shenrie@williamskastner.com
17                                      mborde@williamskastner.com

18

19

20

21

22

23

24

25

SUPPLEMENTAL BRIEF OF SHARON GRAHAM BINGHAM 2007          **Williams, Kastner & Gibbs PLLC**
TRUST/DEAN AS TRUSTEE - 9                                 601 Union Street, Suite 4100
(17-cv-00528-TSZ )                                        Seattle, Washington 98101-2380
                                                          (206) 628-6600

6615216.1

CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2018, I electronically filed the foregoing with the

Clerk of the court using the CM/ECF system which will send notification to the following:

Scott B Henrie     shenrie@williamskastner.com, mphilomeno@williamskastner.com, rvansteen@williamskastner.com

Dennis John McGlothin     dennis@westwalaw.com, docs@westwalaw.com

Emanuel Fraser Jacobowitz     manny@jjalaw.com, Pattie@jjalaw.com

Heather F. Canner     heather.canner@kirkland.com

Jeffrey L Willian     jwillian@kirkland.com

Jonathan J Faria     jonathan.faria@kirkland.com, amy.palafox@kirkland.com, michael.tecuanhuehue@kirkland.com, tammy.tsoumas@kirkland.com

Manish Borde     mborde@williamskastner.com, mphilomeno@williamskastner.com, rvansteen@williamskastner.com

Nathan J Arnold     nathan@jjalaw.com, pattie@jjalaw.com

R. Bruce Johnston     bruce@rbrucejohnston.com

Robert Joseph Cadranell , II     Robert@westwalaw.com, docs@westwalaw.com

Tammy Ann Tsoumas     tammy.tsoumas@kirkland.com

William Randolph Squires , III     rsquires@corrcronin.com, amy.palafox@kirkland.com, mbdahl@corrcronin.com, reception@corrcronin.com


DATED this 21st day of September, 2018.


SUPPLEMENTAL BRIEF OF SHARON GRAHAM BINGHAM 2007
TRUST/DEAN AS TRUSTEE - 10
(17-cv-00528-TSZ )

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6615216.1

1

s/ Manish Borde
Scott B. Henrie, WSBA #12673

2

Manish  Borde, WSBA #39503
Attorneys for Respondents Henry Dean, as

3

trustee of the Sharon Graham Bingham 2007
Trust and Park Place Motors Ltd.

4

WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100

5

Seattle, WA 98101-2380
Telephone:  (206) 628-6600

6

Fax:  (206) 628-6611
shenrie@williamskastner.com

7

mborde@williamskastner.com

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

SUPPLEMENTAL BRIEF OF SHARON GRAHAM BINGHAM 2007
TRUST/DEAN AS TRUSTEE - 11
(17-cv-00528-TSZ )

6615216.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600