UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LVB-OGDEN MARKETING, LLC,

    Plaintiff,

v.

DAVID S. BINGHAM, SHARON BINGHAM, CHRISTOPHER BINGHAM, CHERISH BINGHAM, KELLY BINGHAM, BINGO INVESTMENTS, LLC, CCRB ENTERPRISES, LLC, SKBB ENTERPRISES, LLC, PARK PLACE MOTORS, LTD., HYTECH POWER, INC., HENRY DEAN, in his individual capacity and as Trustee for the SHARON GRAHAM BINGHAM 2007 TRUST, and BGH HOLDINGS, LLC,

    Defendants.

C18-243 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1)    Plaintiff's first Motion to Dismiss or Strike the Trustee's Counterclaims, docket no. 135, is stricken as moot in light of the Trustee filing an Amended Answer, docket no. 140. Plaintiff's second Motion to Dismiss or Strike, docket no. 153, largely repeats the arguments presented in the first motion to dismiss or strike. The Trustee's first and second counterclaims, for declaratory relief regarding priority and for pro rata distributions, respectively, are duplicative of the Trustee's affirmative defenses. The

MINUTE ORDER - 1

counterclaims add nothing to the litigation, and are almost verbatim recitations of affirmative defenses. The Court dismisses the first and second counterclaims as redundant of the affirmative defenses. *Stickrath v. Globalstar, Inc.*, No. C07-1941 TEH, 2008 WL 2050990, at *2 (N.D. Cal. May 13, 2008) ("Numerous courts have used [their] discretion [to deny declaratory judgment claims] to dismiss counterclaims under Fed. Rule Civ. Pro. 12(f) where they are either the 'mirror image' of claims in the complaint *or redundant of affirmative defenses*.") (emphasis added); *Englewood Lending Inc. v. G & G Coachella Invs., LLC*, 651 F. Supp. 2d 1141, 1145-46 (C.D. Cal. 2009) (dismissing counterclaim that "overlaps with the relief sought in claims four through seven of the FAC and with two of the affirmative defenses"); *Perez v. Roofing*, No. 3:15-cv-05623-RJB, 2016 WL 898545, at *2 (W.D. Wash. Mar. 9, 2016).

The third counterclaim for attorneys' fees under RCW 11.96A.150 for violation of RCW 6.32.250 is not completely duplicative of the affirmative defense because it adds a claim under the Trust and Estate Dispute Resolution statute ("TEDRA") and the possible right to attorneys' fees. Because TEDRA authorizes recovery of attorneys' fees, and because the statute "applies to all proceedings governed by this title, including but not limited to proceedings involving trusts . . ." the counterclaim is sufficiently pled to survive a motion to dismiss for failure to state a claim. RCW 11.96A.150.[1]

For the foregoing reasons, the Court ORDERS as follows: Plaintiff's Motion to Dismiss or In the Alternative Strike Trustee's Counterclaim, docket no. 135, is STRICKEN as moot. Plaintiff's Motion to Dismiss or in the Alternative Strike Trustee's Amended Counterclaim, docket no. 153, is GRANTED in part. The Trustee's first and second counterclaims are DISMISSED with prejudice.

(2) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 27th day of November, 2018.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

---

[1] The Court's earlier ruling that TEDRA does not deprive the Court of ancillary jurisdiction, docket no. 126 at 2, does not mean the statute is entirely inapplicable in this proceeding.

MINUTE ORDER - 2