THE HONORABLE THOMAS S. ZILLY

1

2

3

4

5

6

7 UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9 LVB-OGDEN MARKETING, LLC,

No. 2:18-CV-00243-TSZ

Plaintiff,

10 **LVB-OGDEN MARKETING'S MOTION
TO COMPEL PURSUANT TO
FEDERAL RULE OF CIVIL
PROCEDURE 37**

v.

11

12 DAVID S. BINGHAM, SHARON
BINGHAM, CHRISTOPHER BINGHAM,
KELLY BINGHAM, BINGO
INVESTMENTS, LLC, CCRB
ENTERPRISES, LLC, SKBB ENTERPRISES,
LLC, PARK PLACE MOTORS, LTD.,
HYTECH POWER, INC., HENRY DEAN, in
his individual capacity and as Trustee of the
SHARON GRAHAM BINGHAM 2007
TRUST, and BGH HOLDINGS, LLC,

NOTE ON MOTION CALENDAR:
Friday, December 14, 2018

13

**ORAL ARGUMENT REQUESTED**

14

15

16

17 Defendants.

18

19

20

21

22

23

24

25

26

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

1

## **<u>TABLE OF CONTENTS</u>**

2

**Page**

I.    INTRODUCTION ........................................................................................... 1

II.   BACKGROUND ............................................................................................. 2

III.   ARGUMENT ................................................................................................. 4

   A.   LVB's Targeted Discovery Requests Seek Information and Documents That Are Highly Relevant to Its Judgment Enforcement Claims................................. 4

   B.   Defendants Have Failed To Comply With Rule 33(d). ................................. 8

   C.   Defendants' Claimed "Statutory Privilege" Does Not Exist, and Certainly Does Not Provide Immunity From Discovery. ............................................. 10

   D.   The Trustee Is Obligated to Produce Non-Privileged, Responsive Communications That Occurred After His January 2018 Production. ................................. 11

   E.   Defendants Cannot Avoid Their Obligations To Produce Relevant, Responsive Documents By Vaguely Claiming that Others Produced Those Documents............... 12

IV.   CONCLUSION ............................................................................................. 12

LVB-OGDEN MARKETING'S MOTION TO COMPEL – i
No. 2:18-CV-00243-TSZ

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bite Tech, Inc. v. X2 Biosystems, Inc.*,
    2013 WL 12191342 (W.D. Wash. May 13, 2013)................................................................9

*Cambridge Elec. Corp. v. MGA Elec., Inc.*,
    227 F.R.D. 313 (C.D. Cal. 2004) ...................................................................................9

*Campbell v. Washington*,
    2009 WL 10676376 (W.D. Wash. May 5, 2009)...........................................................9

*Henry v. Rizzolo*,
    No. 2:08-CV-00635-PMP, 2012 WL 13725 (D. Nev. Jan. 4, 2012) ..................................4

*La. Pac. Corp. v. Money Mkt. 1 Inst. Inv. Dealer*,
    285 F.R.D. 481 (N.D. Cal. 2012)................................................................................4, 7

*LVB v. Dean et al.*,
    No. 2:17-cv-00528-TSZ, 2017 WL 2363633 (W.D. Wash. May 31, 2017)......................4

*McSwiggin v. Omni Limousine*,
    2016 WL 1030053 (D. Nev. March 10, 2016) ...............................................................9

*O'Connor v. Boeing North American, Inc.*,
    185 F.R.D. 272 (C.D. Cal. 1999) ..................................................................................9

*Rainbow Pioneer v. Hawaii-Nevada Inv. Corp.*,
    711 F.2d 902 (9th Cir. 1983).........................................................................................9

*Riverfront Landing Phase II Owners' Assoc. v. Assurance Co. of Am.*,
    2008 WL 11344626 (W.D. Wash. Dec. 16, 2008)..........................................................8

*Wilson v. Washington*,
    2017 WL 518915 (W.D. Wash. Feb 8, 2017) .................................................................9

**Rules**

Fed. R. Civ. Proc. 26 ........................................................................................................4, 5, 7

Fed. R. Civ. Proc. 33 ......................................................................................................... *passim*

Fed. R. Civ. Proc. 34 ........................................................................................................4, 9

Fed. R. Civ. Proc. 37 ........................................................................................................4, 8

LVB-OGDEN MARKETING'S MOTION TO COMPEL – ii
No. 2:18-CV-00243-TSZ

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

1    **I.      INTRODUCTION**

2         For the fourth time, LVB-Ogden Marketing ("LVB") is forced to seek relief from the Court

3    to obtain basic discovery from Defendants. LVB propounded its First Set of Interrogatories and

4    Requests for Production to obtain information central to its judgment enforcement claims, including

5    for example, discovery regarding transfers of money to and from trusts, financial statements, and

6    communications regarding those transactions, the debtors, and LVB.

7         Defendants do not dispute that they possess responsive information and documents. Instead

8    of complying with their discovery obligations, however, they assert various meritless objections and

9    evasive responses. For example, Defendants assert that several requests, including requests asking

10   debtors to identify their current assets, are irrelevant. But the discovery LVB seeks is directly

11   relevant to its claims in this action.  Defendants also object they have no obligation to provide

12   discovery regarding the O.D. Fisher Trust and Nellie Hughes Fisher Trust (the "Fisher Trusts")

13   because they are protected by a "statutory privilege"—a non-existent privilege the Court has

14   already rejected.  In response to many interrogatories, Defendants simply cite to Rule 33(d), which

15   allows a party to identify specific documents with the requested information in specific

16   circumstances not present here. Even if they were, Defendants fail to identify any specific

17   documents with the requested information. Similarly, in response to many document requests,

18   Defendants object that because other defendants have produced responsive documents in another

19   action, they somehow have no obligation to produce the responsive documents in their possession.

20   But other defendants' productions do not eliminate the obligation to produce their own documents.

21   Indeed, none of these objections justifies excusing Defendants' discovery obligations.

22        LVB made its best effort to avoid bringing yet another motion to compel by explaining to

23   Defendants the obvious factual relevance and legal basis for its discovery requests, as well as the

24   significant deficiencies in Defendants' responses.[1] Yet Defendants still refused to comply with their

25   ──────────────

26   [1] Defendants Henry Dean, in his individual capacity, and BGH Holdings, LLC have represented to LVB that they
     will produce documents responsive to LVB's requests. LVB awaits this production, and in the meantime has agreed
     to refrain from bringing a motion to compel against them. LVB therefore moves to compel only the responses of the

1  basic discovery obligations. LVB is therefore left with no option but to move for an order from the

2  Court compelling Defendants to provide complete responses to its discovery.

3  **II.    BACKGROUND**

4        As set forth in more detail in prior filings,[2] over the past nine years, Defendants have

5  engaged in a series of fraudulent tactics to avoid paying their outstanding judgment to LVB. Before

6  bringing this action, in an effort to discover debtor assets, LVB sought discovery from several

7  Defendants, including the Trustee, CCRB, and Park Place Motors, but they delayed and refused to

8  produce the documents and information to which LVB was plainly entitled. LVB was forced to

9  incur the time and expense of moving to compel ***multiple times***, including two times as to the SGB

10  2007 Trust alone, and this Court eventually issued ***several rulings*** ordering the Trustee and others

11  to produce documents. *E.g.*, *LVB v. Dean et al.*, No. 2:17-cv-00528-TSZ (ECF 19, 20, 52-54, 67,

12  75) (the "Discovery Action").

13        In January 2018, the Trustee finally produced the requested documents, which included

14  emails from only two custodians: Henry Dean and Cicilia Elali. These documents began to expose

15  the extensive, tangled web of fraudulent transactions constructed by the Binghams and their

16  associates and businesses, their misuse of the SGB 2007 Trust, and their use of other trusts to hide

17  money and assets. Armed with this discovery, LVB filed the instant action.

18        On October 12, 2018, LVB propounded straightforward interrogatories and document

19  requests to all Defendants, tailored to trace fraudulent transfers and illuminate the existence,

20  location, and character of debtor assets, and the misuse of the SGB 2007 Trust. For example, LVB's

21  interrogatories ask Defendants to identify bank accounts, transfers to and from other Defendants

---

22  other Defendants—David S. Bingham; Sharon Bingham; Christopher Bingham; Cherish Bingham; Kelly Bingham;

23  Bingo Investments, LLC ("Bingo"); CCRB Enterprises, LLC ("CCRB"); SSKB Enterprises, LLC ("SSKB"); Park
   Place Motors, Ltd. ("Park Place" or "PPM"); Hytech Power, Inc. ("HTP"); and Henry Dean, as Trustee for the

24  Sharon Graham Bingham 2007 Trust ("the Trustee")—and references to "Defendants" in this motion refer to only
   those parties. LVB reserves its right to bring a motion to compel against Henry Dean in his individual capacity and

25  BGH Holdings, LLC should their productions be deficient.

26  [2] LVB previously outlined in detail the conduct of Defendants in its First Amended Complaint (ECF No. 82) and
   prior motions (*e.g.*, ECF 4 at 2-10). In the interests of efficiency, LVB here recites only background and additional
   facts necessary to evaluate this motion.

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

1  and trusts, and written agreements with the SGB 2007 Trust. (*See* Exs. 1-11.) Similarly, LVB's

2  document requests seek bank statements and wills from the debtors; and for all defendants, seek

3  documents reflecting transfers to and from the SGB 2007 Trust, Fisher Trusts and other trusts,

4  communications regarding the SGB 2007 Trust and/or LVB, financial statements, certain

5  communications with other Defendants; and agreements with the SGB 2007 Trust. (*See* Exs. 12-

6  22.)

7          Defendants largely refused to produce any substantive responses or documents in response

8  to LVB's requests. *See* App'x A.[3] Instead, Defendants generally relied on one of the following

9  responses: they cited to Fed. R. Civ. Proc. 33(d) to indicate that the information is, or may be,

10 already contained somewhere in the documents "produced" in this action (*i.e.*, attached to a filing)

11 or somewhere in the over 400,000 document production made by the Trust, without identifying any

12 information or documents in particular; objected that the discovery was "not relevant nor

13 reasonably calculated to lead to the discovery of admissible evidence" and refused to provide a

14 single answer or document; or invoked a non-existent "statutory privilege preventing execution on

15 assets held in trust." In addition, Defendants failed to verify their interrogatory responses.

16         On November 19, LVB sent Defendants a letter identifying the deficiencies in their

17 responses, and requesting a meet-and-confer. (Faria Decl. ¶ 3; Ex. 23.) On that call, Henry Dean

18 and BGH Holdings, LLC agreed to produce responsive documents, and the Trustee agreed to

19 provide QuickBooks data to address LVB's requests. (*Id.* ¶ 3; Ex. 24.) The Defendants otherwise

20 refused to amend their responses or produce responsive documents. (*Id.*) This includes the Trustee's

21 refusal to produce any communications regarding the SGB 2007 Trust that have occurred since his

22 January production in the Discovery Action. (*Id.*)  All Defendants except for the Binghams have

23 provided verifications for their interrogatory responses. The parties are now at an impasse, and

24 LVB is forced again to seek this Court's intervention to obtain basic discovery.

25 _____

26 [3] Attached as Appendix A is a chart of Defendants' responses to LVB's First Set of Interrogatories and First Set of
   Requests for Production.

LVB-OGDEN MARKETING'S MOTION TO COMPEL – 3
No. 2:18-CV-00243-TSZ

### III.   ARGUMENT

Under the Federal Rules, a judgment creditor, like LVB, is entitled to the same scope of "liberal" discovery provided under Rule 26(b). Fed. R. Civ. Proc. 69(a)(2); *Henry v. Rizzolo*, No. 2:08-CV-00635-PMP, 2012 WL 13725, at *3 (D. Nev. Jan. 4, 2012). "[T]he presumption should be in favor of full discovery of any matters arguably related to the judgment creditor's efforts to trace the judgment debtor's assets and otherwise to enforce its judgment." *LVB v. Dean et al.*, No. 2:17-cv-00528-TSZ, 2017 WL 2363633, at *1 (W.D. Wash. May 31, 2017) (citation omitted). LVB's discovery requests seek information directly related to its efforts to collect the debtors' assets and enforce its judgment, as discussed below.

The Defendants therefore have a duty to provide ***complete*** responses to LVB's interrogatories, and to produce ***all*** non-privileged documents within their possession, custody, or control responsive to LVB's document requests. Fed. R. Civ. Proc. 33, 34. Even an "evasive" or "incomplete" response, which describes most of Defendants' responses, is considered a complete failure to respond. Fed. R. Civ. Proc. 37(a)(4). To obtain an order compelling discovery, LVB need only establish that its request satisfies Rule 26(b)'s relevancy requirements, a standard that LVB easily meets, as discussed below. *La. Pac. Corp. v. Money Mkt. 1 Inst. Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012).

#### A.   LVB's Targeted Discovery Requests Seek Information and Documents That Are Highly Relevant to Its Judgment Enforcement Claims.

Each of LVB's interrogatories and document requests seek discovery relevant to enforce its judgment under LVB's two claims in this action: (1) violation of the UFTA; and (2) declarations that the trust is self-settled and has lost its spendthrift character. As set forth in detail below, LVB's discovery seeks financial statements, bank accounts, transfers and agreements among the Defendants, and communications regarding the same. This Court has already held that these types of requests, propounded to the Trust in 2017, are relevant to LVB's judgment enforcement. (ECF 53, No. 2:17-cv-00528-TSZ ("The Court concludes that this information is discoverable under Federal Rule of Civil Procedure 26(b) and bears on whether the Trust has lost spendthrift character,

1   whether self-settled transfers have been executed, . . . and whether any fraudulent transfers should

2   be unwound.").) LVB now seeks similar discovery from Defendants in this case, and as to the SGB

3   2007 Trust, LVB seeks any responsive, non-privileged communications that have occurred since its

4   production in the related action. This discovery is undisputedly relevant under Rule 26(b), and

5   Defendants do not dispute that they are in possession of responsive information and documents.

6        **The Binghams and Bingo.** LVB propounded the same twelve interrogatories to all five

7   members of the Bingham family and Bingo Investments (all debtors) requesting that they identify

8   their bank accounts; transactions where they received or gave money to the SGB 2007 Trust, Fisher

9   Trusts, other trusts, or PPM; and written agreements with the SGB 2007 Trust. (Exs. 1-6.) For

10  Sharon Bingham, LVB also propounded four interrogatories seeking information about her current

11  personal property. (Ex. 2.) LVB also served requests seeking documents reflecting transfers to and

12  from trusts; communications regarding the SGB 2007 Trust or LVB, and for Bingo, also

13  communications regarding the Binghams and Dean; bank statements and wills from the Binghams;

14  and financial statements for Bingo. (Exs. 12-17.) Such debtor information is undisputedly relevant.

15  Nevertheless, they largely refused to respond, claiming many of the requests sought irrelevant

16  information (including requests seeking information about Sharon Bingham's current assets); trust

17  information is "privileged"; that because others had produced documents, they were not obligated

18  to; and citing to Rule 33(d) without identifying any specific documents. They also failed to verify

19  their responses.

20       **CCRB and SKBB.** LVB served CCRB and SKBB, which are shell companies the debtors

21  use to funnel money to the Binghams undetected by creditors, with the same twelve interrogatories

22  and the same document requests as it served on Bingo, described above. The transfers CCRB and

23  SKBB engaged in, and their assets, are all relevant to LVB's actions. (*See* ECF 54, Case No. 2:17-

24  cv-00528-TSZ (granting motion to compel discovery from CCRB).) Like the Binghams, however,

25  CCRB and SKBB largely refused to respond, objecting on the same grounds as the Binghams and

26  Bingo. (Exs. 7-8, 18-19)

LVB-OGDEN MARKETING'S MOTION TO COMPEL – 5
No. 2:18-CV-00243-TSZ

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

**Park Place Motors ("PPM").** PPM itself is a self-settled and fraudulently transferred asset, and has admittedly used funds from the Trust to pay for its remodel, which are fraudulent transfers. LVB propounded interrogatories to PPM requesting that it identify its bank accounts; transactions with the SGB 2007 Trust, Fisher Trusts, and other trusts; written agreements with the SGB 2007 Trust and the Binghams; and its owners and decision-makers. PPM refused to identify transactions or agreements with the SGB 2007 Trust, citing Rule 33(d) without identifying any documents, claiming the Trustee would or has made such production, and flatly refusing to identify any bank accounts from which it had received money. (Ex. 9.) LVB also served requests seeking documents regarding transfers to and from the trusts; communications regarding the SGB 2007 Trust, LVB, the Binghams, and Henry Dean; financial statements; assets; and agreements with the SGB 2007 Trust and the Binghams. PPM refused to produce documents concerning the SGB 2007 Trust, claiming other defendants' productions somehow satisfied its own discovery obligations, or any financial statements, on the grounds that they are irrelevant and confidential. (Ex. 20.)[4]

**HyTech Power ("HTP").** Defendant HTP's stock is a debtor asset, and in addition, it carried out fraudulent transfers with the SGB 2007 Trust that involved self-dealing by the Trustee, who was also an owner and executive to the company. Therefore the nature of HTP's transactions and of HTP itself, as a debtor asset, is relevant.[5] Accordingly, LVB propounded the same twelve interrogatories to HTP as to the Binghams, as well as requests seeking documents reflecting transfers from trusts; financial statements; agreements with the SGB 2007 Trust; and communications regarding LVB, the SGB 2007 Trust, the Binghams, and Henry Dean.  HTP refused to provide its responsive documents and answers on the same grounds as PPM, as above. (Exs. 10, 21.)

---

[4] On November 29, PPM indicated it may permit LVB access to its emails, but the scope and logistics of such access unclear. (Ex. 25.)

[5] HTP also objects to several requests regarding its transactions and communications with the Trust on the grounds that the "loans" to HTP were "paid off." *See* App'x A. But HTP's claimed defenses to LVB's claims do not bar LVB's right to discovery regarding the nature of those transactions.

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

1     **The SGB 2007 Trust.** As for the Trustee, the only discovery at issue at this time is LVB's

2     document requests seeking communications regarding the Binghams, LVB, and transfers to and

3     from other trusts, including the Fisher Trusts, and the other Defendants. (Ex. 22.) The Court already

4     determined that these communications are relevant, and ordered the Trustee to produce them. (ECF

5     19, 53, No. 2:17-cv-00528-TSZ.) LVB is now seeking any new communications since the Trustee's

6     initial January 2018 production.  The Trustee refuses to provide this information on the apparent

7     grounds that some of it will be privileged. (Faria Decl. ¶ 4; Ex. 24.)

8           Thus, all of the discovery sought by LVB is relevant under Rule 26(b). As noted above,

9     Defendants vaguely objected to some of this discovery as "not relevant nor reasonably calculated to

10    lead to the discovery of admissible evidence," but failed to "clarify[y], explain[], and support[] its

11    objection with competent evidence" as required. *See La. Pac. Corp.*, 285 F.R.D. at 485. Nor can

12    they. For example, debtor Sharon Bingham refused to identify her "personal property" on the

13    ground of relevance. But debtor property is central to any judgment enforcement action.

14          Similarly, the Defendants categorically refuse to produce two types of documents on the

15    grounds of relevance: (1) "any and all wills" of the Binghams (Rog. No. 11); and (2) financial

16    statements for the entity Defendants—Bingo, CCRB, SKBB, PPM, and HTP (RFP Nos. 6-9). The

17    Binghams' wills reflect current debtor assets, as well as beneficial and contingent interests in

18    property, and plainly meet Rule 26(f). As for the entity defendants, LVB seeks basic financial

19    statements, a routine production in litigation. All of the entity defendants are either debtors or

20    constitute debtor property, and they are all participants in the fraudulent transfer scheme at issue.

21    Their assets, income, and cash flows reflected on the requested financial statements constitute

22    records of the very assets LVB is entitled to seize.[6]

23          In addition, Defendants in some instances make the implausible claim that they have no

24    responsive documents or communications based on their "belief" and some "investigation." *E.g.*,

25

26    _____

[6] Further, there is no "burden" to producing these pre-existing documents, and any concerns regarding "confidentiality" are moot, as the parties are negotiating a protective order. *See* RFP Nos. 6-9.

LVB-OGDEN MARKETING'S MOTION TO COMPEL – 7
No. 2:18-CV-00243-TSZ

Ex. 14 at 8.  That is insufficient. None of them represented that they undertook a reasonable search for responsive emails, which likely exist. For example, Chris Bingham claims he has no communications regarding the SGB 2007 Trust, but the Trust has produced emails to the contrary.

Accordingly, LVB's discovery satisfies Rule 26(b), and an order compelling complete discovery responses, including an order that the Defendants should undertake reasonable searches of email accounts for responsive docs, and the Binghams must verify their responses, is warranted. Moreover, Defendants cannot meet their burden to prevent such an order, as discussed below.

## B.  Defendants Have Failed To Comply With Rule 33(d).

The vast majority of Defendants' interrogatory responses simply cite to Rule 33(d) and state that the requested information exists or *might* exist somewhere in the over 400,000 documents produced by the Trustee before this action was filed. *See* App'x A (setting forth relevant interrogatories); *e.g.*, Ex. 3 at 7. In particular, Defendants cite Rule 33(d) in response to Interrogatories seeking bank accounts from which Defendants deposited or received money, and transfers of money to and from trusts and PPM. Their reliance on Rule 33(d) constitutes a ***complete failure*** to respond to LVB's interrogatories, and provides grounds for an order to compel further responses, for at least four reasons. Fed. R. Civ. Proc. 37(a)(3)(B), (a)(4).

***First***, Rule 33(d) is inapplicable to the interrogatories for which Defendants cite it. Rule 33(d) may only be relied upon if the interrogatory calls for the "examining, auditing, compiling, abstracting, or summarizing a party's business records" for which "the burden of deriving or ascertaining the answer will be substantially the same for either party." Fed. R. Civ. P. 33(d). "Notably, the mere fact that the interrogatory imposes a burden on the responding party is not enough to justify invocation of Rule 33(d). All discovery requests are a burden on the party who must respond thereto. Unless the task of producing or answering is ***unusual, undue or extraordinary***, the general rules requires the entity answering or producing the documents to bear that burden." *Riverfront Landing Phase II Owners' Assoc. v. Assurance Co. of Am.*, 2008 WL 11344626, at *1 (W.D. Wash. Dec. 16, 2008) (citations omitted) (emphasis added).

LVB-OGDEN MARKETING'S MOTION TO COMPEL – 8
No. 2:18-CV-00243-TSZ

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

Defendants' "burden" to identify bank accounts and limited financial transfers is no more than the ordinary burden in any judgment enforcement action, and does not warrant invoking Rule 33(d). Defendants cannot credibly claim that the burden of listing their bank accounts is so extraordinary, and *equally burdensome* to LVB, such that LVB should have to rifle through over 400,000 documents to find records that Defendants likely already have compiled. *See id.* at *2 (recognizing that it is less burdensome for the responding party to identify specific information within its own voluminous documents because it at least has a basic knowledge of it); *accord O'Connor v. Boeing North American, Inc.*, 185 F.R.D. 272, 278 (C.D. Cal. 1999) (recognizing that it is less burdensome for a party to locate responsive documents within their own documents). Moreover, in many instances, Defendants state only that the information ***may exist*** somewhere in those documents or a future production, and would have LVB search through 400,000 documents for nothing. *See* App'x A; Ex. 5 at 7 ("Responding Party states that she does not believe any [transactions] exist, but if any do, they will be reflected, pursuant to Fed. R. Civ. P. 33(d), in documents to be produced or already produced by Defendant or another Defendant in this litigation or the underlying litigation.").

*Second*, Rule 33(d) "applies only when the answers to interrogatories may be found in the business records of the ***responding party***." *Campbell v. Washington*, 2009 WL 10676376 (W.D. Wash. May 5, 2009) (emphasis added). Defendants seemingly refer to the SGB 2007 Trust's business records, not their own, and Rule 33(d) is therefore inapplicable. *Id.*; *see also McSwiggin v. Omni Limousine*, 2016 WL 1030053, at *7 (D. Nev. March 10, 2016) (plaintiffs' "invocation of Rule 33(d) is misguided" because they cited to the defendant's business records, rather than their own); *Bite Tech, Inc. v. X2 Biosystems, Inc.*, 2013 WL 12191342, at *2 (W.D. Wash. May 13, 2013) ("[Rule 33(d)] is narrowly interpreted and typically applies only to business records.").

*Third*, even if the interrogatories *did* merit a response under Rule 33(d), a party responding under that rule must "specify where in the records the answers [can] be found." *Cambridge Elec. Corp. v. MGA Elec., Inc.*, 227 F.R.D. 313, 323-23 (C.D. Cal. 2004) (citing *Rainbow Pioneer v.*

LVB-OGDEN MARKETING'S MOTION TO COMPEL – 9
No. 2:18-CV-00243-TSZ

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

1   *Hawaii-Nevada Inv. Corp.*, 711 F.2d 902, 906 (9th Cir. 1983) (holding that to answer an

2   interrogatory, "a responding party has the duty to specify, by category and location, the records

3   from which answers to interrogatories can be derived.")). "[W]hen voluminous documents are

4   produced under Rule 33(d), they must be accompanied by indices designed to guide the searcher to

5   the documents responsive to the interrogatories." *O'Connor*, 185 F.R.D. at 278.[7] None of the

6   Defendants even attempt to identify the documents they claim contain the answers; instead, they

7   simply state the answer is located—or *may* be located—somewhere in a vague population of

8   documents produced by an unidentified "Defendant" in this or other proceedings—a population that

9   exceeds 400,000 documents.

10   **Fourth**, the answers to most of LVB's interrogatories plainly cannot be derived from the

11   Trustee's production. The Trustee represented to the Court under oath that this production

12   contained only documents collected from two custodians—Henry Dean and Cicilia Elali.  It is not,

13   and does not purport to be, a source of complete answers to each of LVB's interrogatories, and

14   certainly not those directed to Defendants aside from the Trustee himself.

15   Thus, the Court should order Defendants to provide amended, complete responses to the

16   interrogatories for which they cited to Rule 33(d). *See* App'x A.

### C.  Defendants' Claimed "Statutory Privilege" Does Not Exist, and Certainly Does Not Provide Immunity From Discovery.

19   Defendants also refused to produce documents and answer interrogatories regarding the

20   Fisher Trusts and other trusts on the claimed basis that "[w]hether such information need be

21   produced is a subject which is currently before the court; this information is protected by a statutory

22   privilege preventing execution on assets held in trust." *See* App'x A; *e.g.*, Ex. 2 at 5-6.  No such

23   "statutory privilege" against discovery exists, even for claimed spendthrift trusts. Indeed, the

---

[7] *See also Wilson v. Washington*, 2017 WL 518615, at *2 (W.D. Wash. Feb 8, 2017) (defendants' response was deficient under both Rules 33 and 34 because (1) they do not include "any explanation on which document are responsive to corresponding interrogatories or requests for production"; nor (2) "provide any mechanism, such as a table of content or summarization, whereby Plaintiff's counsel could locate and identify responsive documents as effectively as the Defendants.").

1    Trustee already attempted to evade LVB's discovery requests in the Discovery Action by arguing

2    that the SGB 2007 Trust was protected from discovery by a statutory trust "privilege," as

3    Defendants do here, citing RCW 6.32.250. (ECF 2-1 at 27, Case No. 2:17-cv-00528-TSZ.) To be

4    clear, trusts are not immune *from discovery,* and nothing in Washington law so holds. The cited

5    statute merely outlines when certain property is exempt from execution, and does nothing to

6    prevent discovery of trusts. *See* RCW 6.32.250.  Indeed, this Court plainly rejected this argument

7    when it ordered the Trustee multiple times to produce the requested documents. (*E.g.*, ECF 19, 53,

8    Case No. 2:17-cv-00528-TSZ.) Moreover, to the extent Defendants' claim that discoverability of

9    the Fisher Trusts "is currently before the Court" is meant to refer to Case No. 2:18-cv-00786, the

10   only issue before the Court there was whether the Trustee Bank of the West's answer was complete,

11   and the Court has since found it was not. (ECF 40, Case No. 2:18-cv-00786-TSZ.) Moreover, the

12   Court saw fit to order the Trustee of the Fisher Trusts to disclose "a list of any other assets that were

13   distributed from the Fisher Trust accounts since the date of the writ of garnishment was served."

14   (*Id.*) LVB seeks the same type of discovery regarding the Fisher Trusts, as well as other trusts, and

15   Defendants cannot credibly contend they are immunized from this discovery.

16       **D.  The Trustee Is Obligated to Produce Non-Privileged, Responsive Communications That Occurred After His January 2018 Production.**

17          This Court has already ordered the SGB 2007 Trust to produce a wide variety of documents,

18   including the Trustee's e-mail, because those documents were relevant to the very arguments LVB

19   brings in this action, including the Trust's self-settled assets, fraudulent transfers, and spendthrift

20   nature (or lack thereof). (ECF 19, 53, Case No. 2:17-cv-00528.) In January 2018, before this action

21   was filed, the Trustee completed the ordered production, including communications from Henry

22   Dean and Cicilia Elali concerning the SGB 2007 Trust. As a judgment creditor, LVB is entitled to

23   discover the fraudulent transactions, self-settled assets, and abuse of the trust since that time, and

24   therefore has propounded discovery seeking the communications that have occurred since that

25   production. The Trustee refuses to make such production because he claims such emails are

26   privileged. But not every responsive email can be privileged. Indeed, Mr. Dean has continued to

LVB-OGDEN MARKETING'S MOTION TO COMPEL – 11
No. 2:18-CV-00243-TSZ

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

1 operate as the Trustee of the SGB 2007 Trust, and LVB is entitled to the emails he sent in that

2 capacity since January to supplement what was previously produced.

### E.  Defendants Cannot Avoid Their Obligations To Produce Relevant, Responsive Documents By Vaguely Claiming that Others Produced Those Documents.

Many of Defendants' responses to LVB's requests for production rest on the false premise

that the fact the Trustee has produced documents in response to a subpoena in a related action

somehow relieves all other defendants of the obligation to search for and provide responsive

documents from their records. *See* App'x A. But each Defendant has an obligation to search for and

produce non-privileged, responsive documents in its possession. As noted above, the Trustee

represented to the Court that he searched only for documents from two custodians: Henry Dean and

Cicilia Elali. *Supra* at 10. The other Defendants apparently have not bothered to search for, and

refuse to produce, *any* responsive documents and communications from their records. Without

having done a search of their responsive documents and e-mails it is impossible for them to certify

that the Trustee has all responsive documents. And that is certainly true for Defendants like HTP

and PPM, who cannot credibly contend that the Trustee somehow manages all of the responsive e-

mails for their directors, executives, and employees and other documents. Furthermore, HTP and

PPM likely have internal communications and records regarding the SGB 2007 Trust, the

Binghams, and LVB that were not shared with Henry Dean or Cicilia Elali. Similarly, the Binghams

likely have responsive communications not shared with them. Defendants also cited this response

for documents pertaining to the Fisher Trusts, but neither Henry Dean nor Cicilia Elali is a Trustee

of those trusts, nor did the subpoena to which the Trustee responded include requests seeking

documents for those trusts. Nor does it seem credible that the Trustee maintains a complete set of

all bank statements for each of the debtors since LVB's judgment was entered. LVB is entitled to

responsive documents in Defendants' *own* possession, custody, or control.

### IV.   CONCLUSION

For the foregoing reasons, LVB's motion to compel should be granted.

LVB-OGDEN MARKETING'S MOTION TO COMPEL – 12
No. 2:18-CV-00243-TSZ

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

1     DATED: November 29, 2018

2                            *s/ William R. Squires III*
                           William R. Squires III, WSBA No. 4976

3                            CORR CRONIN LLP
                           1001 Fourth Avenue, Suite 3900

4                            Seattle, Washington 98154-1051
                           Telephone: (206) 625-8600 Fax: (206) 625-0900

5                            E-mail:   rsquires@corrcronin.com

6                            Jeffrey L. Willian (admitted *pro hac vice*)
                           KIRKLAND & ELLIS LLP

7                            300 North LaSalle
                           Chicago, IL 60654

8                            Telephone: (312) 862-2257
                           Email:    jwillian@kirkland.com

9                            Tammy A. Tsoumas (admitted *pro hac vice*)
                           Jonathan J. Faria (admitted *pro hac vice*)

10                          Heather F. Canner (admitted *pro hac vice*)
                         KIRKLAND & ELLIS LLP

11                          333 S. Hope Street
                         Los Angeles, CA 90071

12                          Telephone: (213) 680-8151
                         Email:    tammy.tsoumas@kirkland.com

13                                         jonathan.faria@kirkland.com

14                                          heather.canner@kirkland.com

15                          *Attorneys for Plaintiff*

16

17

18

19

20

21

22

23

24

25

26

## APPENDIX A: RELEVANT DISCOVERY RESPONSES[1,2]

### Part I: The Binghams

#### *Interrogatories*[3]

| No. | Interrogatory | Cherish, Chris, and Kelly Bingham (Exs. 3-5) | David Bingham (Ex. 1) | Sharon  Bingham (Ex. 2) |
|---|---|---|---|---|
| 1 | Identify each bank account from which you have received money between September 29, 2010 and the present, including the bank, address, account number, and name on the account. | Irrelevant as to time<br><br>FRCP 33(d)[4] | Irrelevant as to time<br><br>FRCP 33(d) | Irrelevant as to time<br><br>FRCP 33(d) |
| 2 | Identify each transaction in which you received money from the Sharon Graham Bingham 2007 Trust, including the date and amount. | Irrelevant as to time<br><br>FRCP 33(d) | Irrelevant as to time<br><br>FRCP 33(d) | Irrelevant as to time<br><br>FRCP 33(d) |
| 3 | Identify each transaction in which you received money from the O.D. Fisher Trust, including the date and amount. | Irrelevant<br><br>Statutory Privilege | Irrelevant<br><br>Statutory Privilege | Irrelevant<br><br>Statutory Privilege |

---

[1]  Black shaded cells indicate that party was not served with that discovery request. Gray shaded cells indicate the party was served with such a request, but the party's response is not currently at issue. Other responses not at issue are omitted entirely.

[2]  With respect to the Trustee, at this time, LVB is only seeking an order that the Trustee must produce non-privileged, responsive communications occurring since his January 2018 production, which he refuses to produce on the sole ground that such communications are privileged. LVB does not include the Trustee's discovery responses in this Appendix.

[3]  Refer to Exhibits 1 to 5 to the Declaration of Jonathan Faria for complete responses.

[4]  The full sentence for citations to Rule 33(d) for the Binghams is: "Responding Party responds pursuant to Fed. R. Civ. P. 33(d) by production of records and by reference to records already produced in this matter or in supplemental proceedings in the underlying action."

| No. | Interrogatory | Cherish, Chris, and Kelly Bingham (Exs. 3-5) | David Bingham (Ex. 1) | Sharon  Bingham (Ex. 2) |
|---|---|---|---|---|
| 4 | Identify each transaction in which you received money from the Nellie Hughes Fisher Trust, including the date and amount. | Irrelevant<br><br>Statutory Privilege | Irrelevant<br><br>Statutory Privilege | Irrelevant<br><br>Statutory Privilege |
| 5 | Identify each transaction in which you received money from any trusts aside from the Sharon Graham Bingham 2007 Trust, the O.D. Fisher Trust, and the Nellie Hughes Fisher Trust, including the name of the trust and beneficiary, and date and amount of the transaction. | Irrelevant<br><br>Statutory Privilege | Irrelevant<br><br>Statutory Privilege | Irrelevant<br><br>Statutory Privilege |
| 6 | Identify each transaction in which you received money from Park Place Motors, including the date and amount. | Irrelevant as to time<br><br>FRCP 33(d), if any exist | Irrelevant as to time<br><br>FRCP 33(d) | Irrelevant as to time<br><br>FRCP 33(d) |
| 7 | Identify each transaction in which you provided money to the Sharon Graham Bingham 2007 Trust, including the date and amount. | Irrelevant as to time<br><br>FRCP 33(d), if any exist | Irrelevant as to time<br><br>FRCP 33(d) | Irrelevant as to time<br><br>FRCP 33(d) |
| 8 | Identify each transaction in which you provided money to the O.D. Fisher Trust, including the date and amount. | Irrelevant<br><br>Statutory Privilege<br><br>FRCP 33(d), if any exist | Irrelevant<br><br>Statutory Privilege<br><br>FRCP 33(d), if any exist | Irrelevant<br><br>Statutory Privilege<br><br>FRCP 33(d), if any exist |
| 9 | Identify each transaction in which you provided money to the Nellie Hughes Fisher Trust, including the date and amount. | Irrelevant<br><br>Statutory Privilege | Irrelevant<br><br>Statutory Privilege<br><br>FRCP 33(d), if any exist | Irrelevant<br><br>Statutory Privilege<br><br>FRCP 33(d), if any exist |

2

| No. | Interrogatory | Cherish, Chris, and Kelly Bingham (Exs. 3-5) | David Bingham (Ex. 1) | Sharon Bingham (Ex. 2) |
|---|---|---|---|---|
|  |  | FRCP 33(d), if any exist |  |  |
| 10 | Identify each transaction in which you provided money to any trusts aside from the Sharon Graham Bingham 2007 Trust, O.D. Fisher Trust, and Nellie Hughes Fisher Trust, including trust name and beneficiary, and the date and amount of the transaction. | Irrelevant<br><br>Statutory Privilege<br><br>FRCP 33(d), if any exist | Irrelevant<br><br>Statutory Privilege | Irrelevant<br><br>Statutory Privilege |
| 11 | Identify each transaction in which you provided money to Park Place Motors, including the date and amount. | Irrelevant<br><br>FRCP 33(d), if any exist<br><br>Kelly also asserts Statutory Privilege | Irrelevant as to time<br><br>FRCP 33(d) | Irrelevant as to time<br><br>FRCP 33(d) |
| 12 | Identify all written agreements between you and the Sharon Graham Bingham 2007 Trust. | Irrelevant as to time<br><br>FRCP 33(d) | Irrelevant as to time<br><br>FRCP 33(d) | Irrelevant as to time<br><br>FRCP 33(d) |
| 14 | Identify each item of personal property for which you have possession, custody, or control valued at over $500. |  |  | Irrelevant |
| 16 | Identify each item of marital property for which you have possession, custody or control valued at over $500. |  |  | Irrelevant |

3

**Part I**: The Binghams

*Requests for Production*[5]

| No. | Request for Production | Cherish Bingham (Ex. 15) | Kelly Bingham (Ex. 16) | Chris Bingham (Ex. 14) | David Bingham (Ex. 12) | Sharon Bingham (Ex. 13) |
|---|---|---|---|---|---|---|
| 1 | All bank statements for each bank account from which you have received money between September 29, 2010 and the present. | Defendants have produced in this or another action.[6] | Defendants have produced in this or another action. | Defendants have produced in this or another action. | Defendants have produced in this or another action. | Defendants have produced in this or another action. |
| 2 | All bank statements for each bank account into which you have deposited, wired or otherwise transferred money between September 29, 2010 and the present. | Defendants have produced in this or another action. | Defendants have produced in this or another action. | Defendants have produced in this or another action. | Defendants have produced in this or another action. | Defendants have produced in this or another action. |
| 3 | All documents reflecting transfers of money to you from the Sharon Graham Bingham 2007 Trust between September 29, 2010 and the present. | Defendants have produced in this or another action. | Defendants have produced in this or another action. | Defendants have produced in this or another action. | Defendants have produced in this or another action. | Defendants have produced in this or another action. |
| 4 | All documents reflecting transfers of money to you from the O.D. Fisher Trust between September 29, 2010 and the present. | Irrelevant<br><br>Statutory Privilege | Irrelevant<br><br>Statutory Privilege | Irrelevant<br><br>Statutory Privilege | Irrelevant<br><br>Statutory Privilege | Irrelevant<br><br>Statutory Privilege |
| 5 | All documents reflecting transfers of money to you from | Irrelevant | Irrelevant | Irrelevant | Irrelevant | Irrelevant |

---

[5]  Refer to Exhibits 12 to 16 to the Declaration of Jonathan Faria for complete responses.

[6]  The full sentence is the following, or something similar: "Responding Party or other defendants have already produced all reasonably identifiable, responsive documents in discovery in this litigation or in the underlying action."

4

| No. | Request for Production | Cherish Bingham (Ex. 15) | Kelly Bingham (Ex. 16) | Chris Bingham (Ex. 14) | David Bingham (Ex. 12) | Sharon  Bingham (Ex. 13) |
|---|---|---|---|---|---|---|
| | the Nellie Hughes Fisher Trust between September 29, 2010 and the present. | Statutory Privilege | Statutory Privilege | Statutory Privilege | Statutory Privilege | Statutory Privilege |
| 6 | All documents reflecting transfers of money from you to the Sharon Graham Bingham 2007 Trust, O.D. Fisher Trust, and Nellie Hughes Fisher Trust, between September 29, 2010 and the present. | Claim no documents exist, but did not represent she searched emails | Claim no documents exist, but did not represent she searched emails | Irrelevant

Statutory Privilege | Defendants have produced in this or another action. | Defendants have produced in this or another action. |
| 7 | All documents reflecting transfers of money from you to the Sharon Graham Bingham 2007 Trust between September 29, 2010 and the present. | Claim no documents exist, but did not represent she searched emails | Claim no documents exist, but did not represent she searched emails | Defendants have produced in this or another action. | Defendants have produced in this or another action. | Defendants have produced in this or another action. |
| 8 | All documents reflecting transfers of money from you to the O.D. Fisher Trust between September 29, 2010 and the present. | Claim no documents exist, but did not represent she searched emails | Claim no documents exist, but did not represent she searched emails | Claim no documents exist, but did not represent he searched emails | Irrelevant

Statutory Privilege | Irrelevant

Statutory Privilege

Defendants have produced in this or another action. |
| 9 | All documents reflecting transfers of money from you to the Nellie Hughes Fisher Trust between September 29, 2010 and the present. | Claim no documents exist, but did not represent she searched emails | Claim no documents exist, but did not represent she searched emails | Claim no documents exist, but did not represent he searched emails | Irrelevant

Statutory Privilege | Irrelevant

Statutory Privilege

Defendants have produced in this or another action. |

5

| No. | Request for Production | Cherish Bingham (Ex. 15) | Kelly Bingham (Ex. 16) | Chris Bingham (Ex. 14) | David Bingham (Ex. 12) | Sharon  Bingham (Ex. 13) |
|---|---|---|---|---|---|---|
| 10 | All documents reflecting transfers of money from you to any trusts aside from the Sharon Graham Bingham 2007 Trust, O.D. Fisher Trust, and Nellie Hughes Fisher Trust, between September 29, 2010 and the present. | Claim no documents exist, but did not represent she searched emails | Claim no documents exist, but did not represent she searched emails | Claim no documents exist, but did not represent he searched emails | Irrelevant

Statutory Privilege | Irrelevant

Statutory Privilege |
| 11 | Any and all of your current wills. | Irrelevant | Irrelevant | Irrelevant | Irrelevant | Irrelevant |
| 12 | Your communications regarding the Sharon Graham Bingham 2007 Trust. | Claim no documents exist, but did not represent she searched emails | | Claim no documents exist, but did not represent he searched emails | | |
| 13 | Your communications regarding any transaction between you and the Sharon Graham Bingham 2007 Trust. | Claim no documents exist, but did not represent she searched emails | | Claim no documents exist, but did not represent he searched emails | | |
| 14 | Your communications regarding Plaintiff. | Claim no documents exist, but did not represent she searched emails | Claim no documents exist, but did not represent she searched emails | Claim no documents exist, but did not represent he searched emails | Claim no documents exist, but did not represent he searched emails | Claim no documents exist, but did not represent she searched emails |

6

**Part II**: Bingo Investments, LLC ("Bingo"), CCRB Enterprises, LLC ("CCRB"), and SKBB Enterprises, LLC ("SKBB")

*Interrogatories*[7]

| No. | Interrogatory | Bingo (Ex. 6) | CCRB (Ex. 7) | SKBB (Ex. 8) |
|---|---|---|---|---|
| 1 | Identify each bank account from which you have received money between September 29, 2010 and the present, including the bank, address, account number, and name on the account. | Irrelevant as to time<br><br>FRCP 33(d) | Irrelevant as to time<br><br>FRCP 33(d) | Irrelevant as to time<br><br>FRCP 33(d) |
| 2 | Identify each transaction in which you received money from the Sharon Graham Bingham 2007 Trust, including the date and amount. | FRCP 33(d) | Irrelevant as to time<br><br>FRCP 33(d) | Irrelevant as to time<br><br>FRCP 33(d) |
| 3 | Identify each transaction in which you received money from the O.D. Fisher Trust, including the date and amount. | Irrelevant<br><br>Statutory Privilege | Irrelevant<br><br>Statutory Privilege | Irrelevant<br><br>Statutory Privilege |
| 4 | Identify each transaction in which you received money from the Nellie Hughes Fisher Trust, including the date and amount. | Irrelevant<br><br>Statutory Privilege | Irrelevant<br><br>Statutory Privilege | Irrelevant<br><br>Statutory Privilege |
| 5 | Identify each transaction in which you received money from any trusts aside from the Sharon Graham Bingham 2007 Trust, the O.D. Fisher Trust, and the Nellie Hughes Fisher Trust, including the name of the trust and beneficiary, and date and amount of the transaction. | Irrelevant<br><br>Statutory Privilege<br><br>Claim no documents exist, but did not represent it searched emails | Irrelevant<br><br>Statutory Privilege<br><br>FRCP 33(d), if any exist | Irrelevant<br><br>Statutory Privilege<br><br>FRCP 33(d), if any exist |

---

[7] Refer to Exhibits 6 to 8 to the Declaration of Jonathan Faria for complete responses.

7

| No. | Interrogatory | Bingo (Ex. 6) | CCRB (Ex. 7) | SKBB (Ex. 8) |
|---|---|---|---|---|
| 6 | Identify each transaction in which you received money from Park Place Motors, including the date and amount. | Irrelevant<br><br>FRCP 33(d), if any exist | Irrelevant as to time<br><br>FRCP 33(d), if any exist | Irrelevant as to time<br><br>FRCP 33(d), if any exist |
| 7 | Identify each transaction in which you provided money to the Sharon Graham Bingham 2007 Trust, including the date and amount. | FRCP 33(d) | Irrelevant as to time<br><br>FRCP 33(d), if any exist | Irrelevant as to time<br><br>FRCP 33(d), if any exist |
| 8 | Identify each transaction in which you provided money to the O.D. Fisher Trust, including the date and amount. | Irrelevant<br><br>Statutory Privilege | Irrelevant<br><br>Statutory Privilege<br><br>FRCP 33(d), if any exist | Irrelevant<br><br>Statutory Privilege<br><br>FRCP 33(d), if any exist |
| 9 | Identify each transaction in which you provided money to the Nellie Hughes Fisher Trust, including the date and amount. | Irrelevant<br><br>Statutory Privilege | Irrelevant<br><br>Statutory Privilege<br><br>FRCP 33(d), if any exist | Irrelevant<br><br>Statutory Privilege<br><br>FRCP 33(d), if any exist |
| 10 | Identify each transaction in which you provided money to any trusts aside from the Sharon Graham Bingham 2007 Trust, O.D. Fisher Trust, and Nellie Hughes Fisher Trust, including trust name and beneficiary, and the date and amount of the transaction. | Irrelevant<br><br>Statutory Privilege | Irrelevant<br><br>Statutory Privilege<br><br>FRCP 33(d), if any exist | Irrelevant<br><br>Statutory Privilege<br><br>FRCP 33(d), if any exist |
| 11 | Identify each transaction in which you provided money to Park Place Motors, including the date and amount. | Irrelevant<br><br>FRCP 33(d), if any exist | Irrelevant as to time<br><br>FRCP 33(d), if any exist | Irrelevant as to time<br><br>FRCP 33(d), if any exist |

8

| No. | Interrogatory | Bingo (Ex. 6) | CCRB (Ex. 7) | SKBB (Ex. 8) |
|---|---|---|---|---|
| 12 | Identify all written agreements between you and the Sharon Graham Bingham 2007 Trust. | FRCP 33(d) | Irrelevant as to time  FRCP 33(d) | Irrelevant as to time  FRCP 33(d) |

9

**Part II**: Bingo, CCRB, and SKBB

*Requests for Production*[8]

| No. | Request for Production | Bingo (Ex. 17) | CCRB (Ex. 18) | SKBB (Ex. 19) |
|---|---|---|---|---|
| 2 | All documents reflecting transfers of money to you from the O.D. Fisher Trust between September 29, 2010 and the present. | Irrelevant<br><br>Statutory Privilege | Irrelevant<br><br>Statutory Privilege | Irrelevant<br><br>Statutory Privilege |
| 3 | All documents reflecting transfers of money to you from the Nellie Hughes Fisher Trust between September 29, 2010 and the present. | Irrelevant<br><br>Statutory Privilege | Irrelevant<br><br>Statutory Privilege | Irrelevant<br><br>Statutory Privilege |
| 4 | All documents reflecting transfers of money from you to any trusts aside from the Sharon Graham Bingham 2007 Trust, O.D. Fisher Trust, and Nellie Hughes Fisher Trust, between September 29, 2010 and the present. | Irrelevant<br><br>Statutory Privilege | Irrelevant<br><br>Statutory Privilege | Irrelevant<br><br>Statutory Privilege |
| 6 | All of your income statements for the years 2010 through the present. | Irrelevant | Irrelevant | Irrelevant |
| 7 | All of your balance sheets for the years 2010 through the present. | Irrelevant | | |
| 8 | All of your audited financial statements for the years 2010 through the present. | Irrelevant | | |

---

[8] Refer to Exhibits 17 to 19 to the Declaration of Jonathan Faria for complete responses.

10

| No. | Request for Production | Bingo (Ex. 17) | CCRB (Ex. 18) | SKBB (Ex. 19) |
|---|---|---|---|---|
| 9 | All of your unaudited financial statements for the years 2010 through the present. | Irrelevant | | |
| 10 | All agreements between you and the Sharon Graham Bingham 2007 Trust. | Boilerplate objections | | |
| 11 | Your communications regarding the Sharon Graham Bingham 2007 Trust. | | Trustee produced in another action, if any | Trustee produced in another action, if any |
| 12 | Your communications regarding the Bingham family. | | Trustee produced in another action, if any | Trustee produced in another action, if any |
| 13 | Your communications regarding Henry Dean. | | Trustee produced in another action, if any | Trustee produced in another action, if any |
| 14 | Your communications regarding Plaintiff. | | Trustee produced in another action, if any | Trustee produced in another action, if any |
| 15 | Your communications regarding any transaction between you and the Sharon Graham Bingham 2007 Trust. | | Trustee produced in another action, if any | Trustee produced in another action, if any |

11

**Part III**: HyTech Power and Park Place Motors

*Interrogatories*[9]

| Interrogatory | No. | HyTech Power (Ex. 10) | No. | Park Place Motors (Ex. 9) |
|---|---|---|---|---|
| Identify each bank account from which you have received money between September 29, 2010 and the present, including the bank, address, account number, and name on the account. | 1 | Overly broad, vague, ambiguous, unintelligble, unduly burdensome, and disproportionate. | 1 | Overly broad, vague, ambiguous, redundant, irrelevant, unduly burdensome, and disproportionate. Not calculated to lead to discovery of admissible evidence. |
| Identify each transaction in which you received money from the Sharon Graham Bingham 2007 Trust, including the date and amount. | 2 | Trustee has already produced documents<br><br>Rule 33(d) | 2 | Trustee will produce or has already produced documents<br><br>Rule 33(d) |
| Identify each transaction in which you provided money to the Sharon Graham Bingham 2007 Trust, including the date and amount. | 7 | Trustee has already produced documents<br><br>Rule 33(d) | | |
| Identify all written agreements between you and the Sharon Graham Bingham 2007 Trust. | 12 | Trustee has already produced documents<br><br>Rule 33(d) | 10 | Trustee has already produced documents<br><br>Rule 33(d) |

---

[9]  Refer to Exhibits 9 and 10 to the Declaration of Jonathan Faria for complete responses.

**Part III**: HyTech Power and Park Place Motors

*Requests for Production*[10]

| Request for Production | No. | HyTech Power (Ex. 21) | No. | Park Place Motors (Ex. 20) |
|---|---|---|---|---|
| All documents reflecting transfers of money to you from the Sharon Graham Bingham 2007 Trust between September 29, 2010 and the present. | 1 | Trustee already produced documents<br><br>Argues merits of defenses[11] | 1 | Trustee has or will produce documents |
| All documents reflecting the purpose of the transactions identified in response to Interrogatories Nos. 2-11. | 5 | Incorporates objections to those Interrogatories (see above) | 5 | Incorporates objections to those Interrogatories (see above) |
| All of your income statements for the years 2010 through the present. | 6 | Irrelevant and disproportionate | 6 | Irrelevant and disproportionate |
| All of your balance sheets for the years 2010 through the present. | 7 | Irrelevant and disproportionate | 7 | Irrelevant and disproportionate |
| All of your audited financial statements for the years 2010 through the present. | 8 | Irrelevant and disproportionate | 8 | Irrelevant and disproportionate |

---

[10]  Refer to Exhibits 20 and 21 to the Declaration of Jonathan Faria for complete responses.

[11]  Specifically, HTP states: "First HTP has repaid all sums it borrowed and owed to the Trust.  Secondly the Trust is not a debtor to Plaintiff. Thirdly, Plaintiff already has all this information from the Trust."

13

| Request for Production | No. | HyTech Power (Ex. 21) | No. | Park Place Motors (Ex. 20) |
|---|---|---|---|---|
| All of your unaudited financial statements for the years 2010 through the present. | 9 | Irrelevant and disproportionate | 9 | Irrelevant and disproportionate |
| All agreements between you and the Sharon Graham Bingham 2007 Trust. | 10 | Trustee has produced responsive documents | 10 | Trustee will produce responsive documents |
| Your communications regarding the Sharon Graham Bingham 2007 Trust. | 11 | Trustee already produced documents<br><br>Argues merits of defenses | 11 | Trustee already produced documents |
| Your communications regarding Henry Dean. | | | 13 | Trustee already produced documents |
| Your communications regarding Plaintiff. | 13 | Trustee already produced documents<br><br>Argues merits of defenses | 14 | |
| Your communications regarding any transaction between you and the Sharon Graham Bingham 2007 Trust. | 14 | Trustee already produced documents<br><br>Argues merits of defenses | 15 | Trustee already produced documents |
| All documents reflecting your inventory for the years 2010 through the present. | | | 16 | Only agreed to provide for time period when shared were transferred to Trust |
| Documents sufficient to show your assets for the years 2010 through the present. | | | 17 | Only agreed to provide for time period when shared were transferred to Trust |

14

| Request for Production | No. | HyTech Power (Ex. 21) | No. | Park Place Motors (Ex. 20) |
|---|---|---|---|---|
| Documents sufficient to show your liabilities for the years 2010 through the present. | | | 18 | Only agreed to provide for time period when shared were transferred to Trust |
| All written agreements identified in response to Interrogatories Nos. 10-13, 17. | | | 19 | Documents have been or will be produced |

15

1

<u>**CERTIFICATE OF SERVICE**</u>

2

I hereby certify that on November 29, 2018, I electronically filed the foregoing with

3

the Clerk of the Court using the CM/ECF system, which will send notification of such filing

4

to the following:

5
6

Emanuel Jacobowitz
R. Bruce Johnston
Nathan J. Arnold

7

JOHNSTON JACOBOWITZ & ARNOLD, PC
2701 First Avenue, Suite 200
Seattle, WA 98121

8

Telephone:  (206) 866-3230
Email: manny@jjalaw.com

9

bruce@rbrucejohnston.com
Nathan@jjalaw.com

10

*Attorneys for Defendants David S. Bingham, Sharon Bingham, Christopher Bingham, Cherish*
*Bingham, Kelly Bingham, Bingo Investments, LLC, SKBB Enterprises, LLC, and CCRB*

11

*Enterprises, LLC*

12

Scott B. Henrie
Manish Borde

13

WILLIAMS KASTNER & GIBBS PLLC
601 Union Street, Suite 4100

14

Seattle, Washington 98101-2380
Telephone:  (206) 628-6600

15

Email:  shenrie@williamskastner.com
mborde@williamskastner.com

16

*Attorneys for Defendant Park Place Motors, Ltd. and Henry Dean as Trustee for the Sharon*
*Graham Bingham 2007 Trust*

17

18

Dennis J. McGlothin
Robert J. Cadranell, II

19

WESTERN WASHINGTON LAW GROUP PLLC
7500 212th St. S.W., Suite 270

20

Edmonds, WA  98026
Phone: 425-428-7296

21

Email: dennis@westwalaw.com
robert@westwalaw.com

22

*Attorneys for Defendants Henry Dean in his individual capacity, and BGH Holdings, LLC*

23

<u>s/ William R. Squires III</u>
William R. Squires III, WSBA No. 4976

24

Attorney for Plaintiff
CORR CRONIN LLP

25

1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Telephone: (206) 625-8600

26

Fax: (206) 625-0900
e-mail: rsquires@corrcronin.co

CERTIFICATE OF SERVICE
No. 2:18-CV-00243-TSZ