UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LVB-OGDEN MARKETING, LLC,

           Plaintiff,

    v.

DAVID S. BINGHAM, et al.,

           Defendants.

C18-243 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) **Motion to Compel:** Defendant Henry Dean's Motion to Compel Responses and Overrule Objections to Trustee's First Request for Production No. 1, docket no. 156, is GRANTED in part. Plaintiff, in an effort to avoid the four-year statute of limitations on fraudulent transfer claims, has invoked the discovery rule and claims that it could not have known about certain allegedly fraudulent transfers because of misleading statements that Defendant Henry Dean made to Plaintiff's attorneys. FAC, docket no. 82, ¶ 37, 92-110, 124.[1] In invoking the discovery rule, Plaintiff has put at issue its knowledge regarding these transfers, including what Plaintiff knew, its diligence in investigating facts related to those transfers, and the reasonableness of its reliance on information conveyed by Dean to Plaintiff's attorneys. *See Hearn v. Rhay*, 68 F.R.D. 574 (E.D. Wash. 1975); *Kordek v. United Agri Products, Inc.*, 2007 WL 1118435 (N.D. Ill. Apr. 16, 2007).

---

[1] Only 13 of the 237 allegedly fraudulent transfers occurred outside the limitations period. For the vast majority of the transfers in question, Plaintiff need not resort to the discovery rule.

MINUTE ORDER - 1

Defendant Dean has demonstrated that Plaintiff may possess responsive documents—directly relevant to Plaintiff's invocation of the discovery rule—that Dean cannot obtain from any other source. For example, although Plaintiff has provided some responsive documents and has made its attorneys, Steven A. Weiss and Joel Solomon, available for depositions, Plaintiff has invoked the attorney-client privilege and instructed the deponents not to answer questions regarding LVB's efforts to independently investigate the transfers. *See, e.g.*, Declaration of Scott B. Henrie, docket no. 168, Exhibit A.1 at 1, Exhibit A.2 at 1-2, Exhibit A.6 at 1-2. Defendant is prejudiced by his present inability to obtain responsive documents regarding Plaintiff's knowledge regarding the 13 transfers, including documents related to that knowledge that were exchanged with Weiss. The requested documents may be direct evidence of whether LVB undertook an independent investigation and what steps it took in that investigation. *Cf. In re Geothermal Resources Int'l*, 93 F.3d 648, 652-52 (9th Cir. 1996) (noting that attorney-client privileged material is not discoverable if it is "one of several forms of indirect evidence about an issue") (citation and quotation marks omitted). Plaintiff has impliedly waived the attorney-client privilege with respect to these 13 transfers.

Therefore, Plaintiff must produce all responsive documents containing factual information regarding the 13 transfers at issue, including documents transmitting Dean's alleged misleading statements to Plaintiff. *See Murdoch v. Castro*, 609 F.3d 983, 995 (9th Cir. 2010) (underlying facts not privileged if they can be separated from otherwise privileged material). Plaintiffs must also produce a privilege log. That log must identify and describe any responsive documents related to the 13 transfers that Plaintiff wishes to withhold or redact as containing attorney mental impressions, legal opinions, or legal advice which cannot be separated from the underlying factual material. *See Steel v. Philadelphia Indem. Ins.*, 195 Wash. App. 811, 840, 381 P.3d 111 (2016); *United States v. Christensen*, 828 F.3d 763, 803 (9th Cir. 2015); Fed. R. Civ. Proc. 26(b)(5)(A). The log need not list all documents responsive to Defendant's overbroad request, which sought all correspondence between Weiss and Plaintiff regardless of whether the document was related to the 13 transfers at issue. Declaration of Scott Henrie, docket no. 157, Exhibit A at 2; s*ee In re Imperial Corp. of Am.*, 174 F.R.D. 475, 479 (S.D. Cal. 1997).

(2) **Motion for Protective Order:** Plaintiff's Motion for Protective Order, docket no. 159, is GRANTED in part and DENIED in part.

Testimony regarding Topics 1-23, which seek information regarding Plaintiff's citizenship during and after the litigation in the Northern District of Illinois, has already been provided by Joel Solomon. Plaintiff has offered to stipulate to that testimony being binding on the corporation for purposes of Federal Rule of Civil Procedure 30(b)(6). Defendants argue that they would have prepared differently and asked different questions at Mr. Solomon's deposition. Defendants also complain that Solomon was inadequately prepared to answer questions as a corporate representative. The Court concludes that

Plaintiff's offer to be bound by Mr. Solomon's prior testimony does not satisfy its obligation under Rule 30(b)(6) to prepare and produce a corporate witness regarding Plaintiff's citizenship.  *Cf. Novartis Pharmaceuticals Corp. v. Abbott Laboratories*, 203 F.R.D. 159, 162-63 (D. Del. 2001).  Plaintiff must make available a corporate representative capable of testifying regarding topics 1 through 23 for a telephonic deposition lasting no more than three (3) hours.

Topics 24-50 are duplicative of the interrogatories already answered by Plaintiff.  The broad scope of these topics and the attendant factual complexity mean it would be "highly inefficient and burdensome" to require a witness to "marshal all of [Plaintiff's] factual proof" on these topics when the facts have already been provided in response to contention interrogatories.  *In re Independent Service Organizations Antitrust Litigation*, 168 F.R.D. 651, 654 (D. Kan. 1996) (quoting *United States v. District Council of New York City*, No. 90-5722, 1992 WL 208284, at * 15 (S.D.N.Y. Aug. 18, 1992)).

Topic 51, which seeks testimony regarding fee arrangements between Plaintiff and its counsel, seeks information that is not relevant to the merits of this lawsuit.  Although this information may be discoverable later in connection with any application for fees, it is not presently discoverable.  *Branscum v. San Ramon Police Dep't*, 283 F.R.D. 530, 532 (N.D. Cal. 2012).

Defendant Dean's request for sanctions is DENIED.

(3)     The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 7th day of December, 2018.

William M. McCool  
Clerk

s/Karen Dews  
Deputy Clerk

MINUTE ORDER - 3