UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LVB-OGDEN MARKETING, LLC,

    Plaintiff,

v.

DAVID S. BINGHAM, SHARON BINGHAM, CHRISTOPHER BINGHAM, CHERISH BINGHAM, KELLY BINGHAM, BINGO INVESTMENTS, LLC, CCRB ENTERPRISES, LLC, SKBB ENTERPRISES, LLC, PARK PLACE MOTORS, LTD., HYTECH POWER, INC., HENRY DEAN, in his individual capacity and as Trustee for the SHARON GRAHAM BINGHAM 2007 TRUST, and BGH HOLDINGS, LLC,

    Defendants.

CASE NO. 2:18-cv-00243-TSZ

**ORDER DENYING DEFENDANT HYTECH POWER, INC.'S MOTION FOR PROTECTIVE ORDER**

On November 29, 2018, Defendant Hytech Power, Inc. ("HyTech") moved for an order "discharging HyTech from the obligation to appear for deposition" on the topics identified by Plaintiff LVB-Ogden Marketing, LLC ("LVB") in its Rule 30(b)(6) notice of deposition. Dkt. 175. This motion was referred to the undersigned by the Honorable Thomas S. Zilly pursuant to 28 U.S.C. § 636(b)(1)A) and Local Magistrate Judge's Rule MJR 3.

For the reasons discussed more fully herein, HyTech's motion is **DENIED**.

ORDER DENYING DEFENDANT HYTECH
POWER, INC.'S MOTION FOR
PROTECTIVE ORDER - 1

## BACKGROUND

On March 5, 2018, Henry Dean represented in a sworn declaration that the Sharon Graham Bingham 2007 Trust (SGB 2007 Trust) owned 644,306 shares of HyTech stock allegedly worth $1.9 million. Dkt. 38, p. 27. On May 15, 2018, LVB filed its First Amended Complaint naming HyTech as a defendant and fraudulent transferee and alleging, *inter alia*, that Dean (as Trustee of the SGB 2007 Trust and Executive Chairman of HyTech) diverted over $1 million of SGB 2007 Trust assets to HyTech. Dkt. 82 (FAC), ¶¶ 69-74. LVB listed eight transfers known at the time of filing the FAC, which totaled hundreds of thousands of dollars to HyTech from the SGB 2007 Trust. *Id.*, ¶¶ 21, 71.

LVB also alleges that Dean initially attempted to conceal that he has been diverting SGB 2007 Trust funds to HyTech. When this Court ordered the SGB 2007 Trust to produce documents on May 31, 2017, Dean redacted from financial and accounting statements the transfers being made to HyTech. Only when LVB filed a renewed motion to compel on November 2, 2017, and the Court ordered Dean to produce unredacted statements on December 28, 2017, was it revealed that these redactions were transfers to HyTech directly from SGB 2007 Trust funds. *Id.*, ¶ 72.

As alleged in the FAC, Dean orchestrated the transfers between HyTech and the SBG 2007 Trust as part of a broader scheme to fraudulently conceal Bingham family assets from creditors and to improperly finance his struggling business venture. Dkt. 82, ¶¶ 9, 69-74, 82-83, 118, 121-30. Since filing the FAC, LVB has also discovered that the SGB 2007 Trust transferred over $800,000 to DEEC (HyTech's predecessor) in or around 2012. Dkt. 179, Ex. 1, Faria Decl. Ex. 10. Documents also suggest that Defendants David Bingham and Sharon Bingham

personally invested in DEEC and transferred their respective shares to the SGB 2007 Trust. *See*, *e.g.*, *id.*

On November 13, 2018, LVB served HyTech with a 30(b)(6) deposition notice listing the following six Topics:

   1.   The money or other property You received, including in the form of a loan, from the Bingham family, the Sharon Graham Bingham 2007 Trust (the "SGB 2007 Trust"), Cicilia Elali f/k/a Cicilia Park, the Fisher Trusts, CCRB Enterprises, LLC ("CCRB"), SKBB Enterprises, LLC ("SKBB"), Park Place Motors, or Henry Dean between September 29, 2010 and the date of this notice.

   2.   The money or other property You paid or transferred to the Bingham family, the SGB 2007 Trust, the Fisher Trusts, Cicilia Elali f/k/a Cicilia Park, CCRB, SKBB, Park Place Motors, or Henry Dean between September 29, 2010 and the date of this notice.

   3.   The purpose of the transactions referenced in Topics No. 1 and 2.

   4.   The written agreements between You and the Bingham family, the SGB 2007 Trust, the Fisher Trusts, CCRB, SKBB, Park Place Motors, Ltd., Cicilia Elali f/k/a Cicilia Park, or Henry Dean entered into or executed between September 29, 2010 and the date of this notice.

   5.   Your income statements, balance sheets, financial projections, and other financial statements for the years 2010 through 2018, including but not limited to your cash flow, and sources and amount of revenue and capital.

   6.   Your business plans, if any, for the years 2010 through 2018, including any plans to sell any ownership interest in the company, or make any public offering of equity in the company.

Dkt. 179-1, Dec. of Faria, Ex. 11 (30(b)(6) deposition notice); Dkt. 179, pp. 4-5.

On December 7, 2018, the Court granted in part and denied in part LVB's motion for summary judgment. Dkt. 182. The Court held that LVB is entitled to seize various self-settled assets of Defendant Sharon Bingham in the SGB 2007 Trust which no longer have spendthrift protection under Washington law. *Id.*, pp. 11-12 (where the Binghams transferred assets to satisfy loans of nearly $2 million made to them by Dean as Trustee). Dkt. 182, pp. 11-12.

Remaining for trial are LVB's claims for declaratory relief (FAC, Dkt. 82, ¶ 118(b)-(g)) and for violations of the Uniform Fraudulent Transfer Act (second cause of action) ("UFTA"). Dkt. 182, pp. 11-12.

**DISCUSSION**

A party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The scope of discovery is broad and encompasses "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Frisvold v. Pentair Filtration Solutions LLC*, 2017 WL 4538966, at *3 (W.D. Wash. Oct. 11, 2017) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

Whether discovery is proportional to the needs of the case hinges on "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id*.

A judgment creditor is entitled to the same scope of "liberal" discovery provided under Rule 26(b) and can "obtain information . . . about assets upon which execution can issue or about assets that have been fraudulently transferred." *Henry v. Rizzolo*, 2012 WL 13725, at *3 (D. Nev. Jan. 4, 2012) (citing Fed. R. Civ. P. 69(a)(2)). "[T]he presumption should be in favor of full discovery of any matters arguably related to [the judgment creditor's] efforts to trace [the judgment debtor's] assets and otherwise to enforce its judgment." *LVB-Ogden Marketing Corp. v. Dean*, 2017 WL 2363633, at *1 (W.D. Wash. May 31, 2017) (citation omitted). A judgment creditor may take discovery "from *any person*—including the judgment debtor" as provided in the Federal Rules of Civil Procedure "or by the procedure of the state where the court is located."

ORDER DENYING DEFENDANT HYTECH
POWER, INC.'S MOTION FOR
PROTECTIVE ORDER - 4

1 | *Id.* (quoting *Sherwin-Williams Co. v. Earl Scheib of California, Inc.*, 2013 WL 12073836, at 2 (S.D. Cal. Mar. 4, 2013) (emphasis in original) (quoting Fed. R. Civ. P. 69(a)(2)). A fraudulent conveyance is a "transaction by means of which the owner of property has sought to place the property beyond the reach of his or her creditors, or which operated to the prejudice of the creditor's legal rights [.]" *Freitag v. McGhie*, 133 Wash. 2d 816, 821-22, 947 P.2d 1186 (1997) (en banc).

HyTech opposes the scope of the 30(b)(6) notice because it covers an eight year period, it is not limited to the eight transfers identified in the FAC, and HyTech has already provided explanations as to the nature of the eight transfers. Dkt. 175, pp. 4-5.

Notwithstanding the explanations offered by HyTech for the transfers identified in the FAC, LVB may discover for itself the true nature of the transfers, *i.e.*, whether they were appropriate uses of SGB 2007 Trust funds. For example, Mr. Jennings declares that four of them were "loans" that were repaid within as little as two weeks and not more than eight months. Dkt. 176, Jennings Decl. ¶ 4 & Ex A. This Court has already ruled that monies and assets removed from the SBG 2007 Trust lose their spendthrift status and are self-settled when later returned to the Trust. Dkt. 182.

HyTech also suggests that LVB's discovery must be limited to only those transfers listed in the FAC but offers no authority for this proposition. LVB has alleged a broad pattern of conduct that began in 2010 and is still ongoing today, and its efforts to identify fraudulent transactions are continuing and dependent upon obtaining crucial discovery. *See* FAC ¶¶ 69-74, 82-83, 118, 121-30. Defendant HTP's stock is a debtor asset, and in addition, it allegedly carried out fraudulent transfers with the SGB 2007 Trust that involved self-dealing by the Trustee, who was also an owner and executive to the company. Therefore the nature of HTP's transactions and

ORDER DENYING DEFENDANT HYTECH
POWER, INC.'S MOTION FOR
PROTECTIVE ORDER - 5

of HTP itself, as a debtor asset, is relevant and not limited to the eight transfers. LVB is also entitled to discover what happened to the $800,000 or more transferred to DEEC in or around 2012, and whether David Bingham or Sharon Bingham personally invested in HyTech, or how the SBG 2007 Trust came to own 644,306 shares of HyTech stock.

HyTech does not claim that the transfers identified in the FAC are the only transactions between HyTech and the SGB 2007 Trust and says nothing about the existence or absence of transactions between HyTech and Dean, Park, the Bingham family members, or the other various entities and financial vehicles used by Defendants to conceal assets from creditors.

The Court agrees that the information sought in all six Topics is directly relevant to LVB's fraudulent transfer claims. The information sought is also proportional to the needs of the case when considering "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issue, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). But for this discovery, LVB has no way of knowing the full extent of the transfers between HyTech and the entities and individuals of interest in this action, or the circumstances of those transfers, or the way HyTech characterized them.

**B.     HyTech Has Not Established Good Cause for a Protective Order**

A court "may, for good cause issue an order to protect a party . . . from annoyance, embarrassment, oppression, undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1). To establish good cause, "the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted," *see Phillips ex. rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002) (citation omitted), and "must allege specific facts

which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence," *see Jackson v. Montgomery Ward & Co., Inc.*, 173 F.R.D 524, 528-29 (D. Nev. 1997).

HyTech asserts that LVB's likely benefit of obtaining this discovery is outweighed by HyTech's burden of preparing a witness and revealing "confidential commercial information." *Id.* at 5-6. HyTech also asserts that it is a leanly-staffed company and none of its employees can afford to take time to prepare for a deposition on these Topics. Dkt. 176, Jennings Decl. ¶ 8. HyTech has not met its burden of showing specific prejudice or harm.

HyTech does not inform the Court as to the volume of financial records and business plans that would need to be reviewed, or the time and money it would require to review them. "Instead, [HyTech] relies on generalized statements that amount to a blanket attestation that" its employees are too busy, "a showing that fails as a matter of law to avoid a deposition." *See Nationstar Mortgage, LLC v. Flamingo Trails No. 7 Landscape Maintenance Association*, 316 F.R.D 327, 334 (D. Nev. July 28, 2016). Additionally, any confidentiality concerns HyTech may have with regard to its business plans and financial statements can be addressed by a stipulated protective order. *See*, *e.g.*, *Wells Fargo Bank, N.A. v. Iny*, 2014 WL 1796437, at *2 (D. Nev. May 6, 2014) ("Defendants' privacy concerns can be mitigated by subjecting the financial records to a stipulated protective order that limits the use" of them).

Accordingly, it is **ORDERED**:

1. Defendant HyTech's motion for protective order (Dkt. 175) is **DENIED**;

2. Defendant HyTech shall produce a person with knowledge to testify about Topics 1 through 6 of LVB's Fed. R. Civ. P. 30(b)(6) deposition notice. The deposition shall take place within **twenty (20) days of this Order**.

ORDER DENYING DEFENDANT HYTECH
POWER, INC.'S MOTION FOR
PROTECTIVE ORDER - 7

3. The Clerk shall send a copy of this Order to the parties.

DATED this 28th day of December, 2018.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

ORDER DENYING DEFENDANT HYTECH
POWER, INC.'S MOTION FOR
PROTECTIVE ORDER - 8