UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LVB-OGDEN MARKETING, LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>DAVID S. BINGHAM, SHARON BINGHAM, CHRISTOPHER BINGHAM, CHERISH BINGHAM, KELLY BINGHAM, BINGO INVESTMENTS, LLC, CCRB ENTERPRISES, LLC, SKBB ENTERPRISES, LLC, PARK PLACE MOTORS, LTD., HYTECH POWER, INC., HENRY DEAN, in his individual capacity and as Trustee for the SHARON GRAHAM BINGHAM 2007 TRUST, and BGH HOLDINGS, LLC,<br><br>      Defendants. | CASE NO. 2:18-cv-00243-TSZ<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL (DKT. 178)** |

On October 12, 2018, Plaintiff LVB-Ogden Marketing, LLC ("LVB") propounded interrogatories and document requests to all Defendants and in this motion, seeks to compel responses from Defendants David S. Bingham; Sharon Bingham; Christopher Bingham; Cherish Bingham; Kelly Bingham (collectively, the "Binghams"); Bingo Investments, LLC ("Bingo"); CCRB Enterprises, LLC ("CCRB"); SSKB Enterprises, LLC ("SSKB"); Park Place Motors, Ltd. ("Park Place" or "PPM"); Hytech Power, Inc. (now "HTP"); and Henry Dean, as Trustee for the

ORDER GRANTING PLAINTIFF'S MOTION
TO COMPEL (DKT. 178) - 1

Sharon Graham Bingham 2007 Trust ("the Trustee").[1] This motion was referred to the undersigned by the Honorable Thomas S. Zilly pursuant to 28 U.S.C. § 636(b)(1)A) and Local Magistrate Judge's Rule MJR 3. For the reasons discussed herein, LVB's motion is **GRANTED**.

## Discovery Requests and Objections

On October 12, 2018 LVB sent interrogatories and document requests to all Defendants, "tailored to trace fraudulent transfers and illuminate the existence, location, and character of debtor assets, and the misuse of the SGB 2007 Trust. For example, LVB's interrogatories ask Defendants to identify bank accounts, transfers to and from other Defendants and trusts, and written agreements with the SGB 2007 Trust." Dkt. 178, Exs. 1-11. "Similarly, LVB's document requests seek bank statements and wills from the debtors; and for all defendants, seek documents reflecting transfers to and from the SGB 2007 Trust, Fisher Trusts and other trusts, communications regarding the SGB 2007 Trust and/or LVB, financial statements, certain communications with other Defendants; and agreements with the SGB 2007 Trust." Dkt. 178, Exs. 12-22.

Attached to LVB's motion to compel as Appendix A is a chart of Defendants' responses. Dkt. 178, App'x A. On November 19, LVB sent Defendants a letter identifying deficiencies in their responses and requested a meet-and-confer. Dkt. 178, Faria Decl. ¶ 3; Ex. 23. Henry Dean and BGH Holdings, LLC agreed to produce responsive documents, and the Trustee agreed to provide QuickBooks data to address LVB's requests. *Id.*, ¶ 3; Ex. 24. The Defendants otherwise refused to amend their responses or produce responsive documents. *Id.* This motion ensued.

---

[1] LVB does not move to compel responses from Defendants Henry Dean, in his individual capacity, and BGH Holdings, LLC, as they have represented to LVB that they will produce documents responsive to LVB's requests.

ORDER GRANTING PLAINTIFF'S MOTION
TO COMPEL (DKT. 178) - 2

**The Binghams and Bingo**. LVB propounded the same twelve interrogatories to all five members of the Bingham family and Bingo Investments (all debtors) requesting that they identify their bank accounts; transactions where they received or gave money to the SGB 2007 Trust, Fisher Trusts, other trusts, or PPM; and written agreements with the SGB 2007 Trust. Dkt. 178, Exs. 1-6. For Sharon Bingham, LVB also propounded four interrogatories seeking information about her current personal property. *Id.*, Ex. 2. LVB also served requests seeking documents reflecting transfers to and from trusts; communications regarding the SGB 2007 Trust or LVB, and for Bingo, also communications regarding the Binghams and Dean; bank statements and wills from the Binghams; and financial statements for Bingo. Dkt. 178, Exs. 12-17.

The Binghams and Bingo claim that many of the requests are not relevant (including requests seeking information about Sharon Bingham's current assets); that trust information is "privileged"; that the Trustee would or has made such production, and cite to Rule 33(d) without identifying any documents. *Id.* The Binghams also failed to verify their responses.

**CCRB and SKBB**. LVB served CCRB and SKBB with the same twelve interrogatories and document requests as it served on Bingo.[2] CCRB and KBB objected on the same grounds as the Binghams and Bingo. Dkt. 179, Ex. 7-8, 18-19.

**Park Place Motors ("PPM")**. LVB asked PPM to identify its bank accounts; transactions with the SGB 2007 Trust, Fisher Trusts, and other trusts; written agreements with the SGB 2007 Trust and the Binghams; and its owners and decision-makers. PPM refused to identify transactions or agreements with the SGB 2007 Trust, citing Rule 33(d) without identifying any documents, claiming the Trustee would or has made such production, and

---

[2] The Court has already ruled that transfers CCRB and SKBB engaged in, and their assets, are relevant to LVB's claims. (See Dkt. 54, Case No. 2:17-cv-00528-TSZ (granting motion to compel discovery from CCRB).

refused to identify any bank accounts from which it had received money. Dkt. 178, Ex. 9. LVB also requested documents regarding transfers to and from the trusts; communications regarding the SGB 2007 Trust, LVB, the Binghams, and Henry Dean; financial statements; assets; and agreements with the SGB 2007 Trust and the Binghams. PPM refused to produce documents concerning the SGB 2007 Trust on the grounds that other defendants' productions satisfied its discovery obligations, and refused to produce financial statements on the grounds that they are not relevant and are confidential. Dkt. 178, Ex. 20.

According to PPM's counsel, PPM intends to make the email on its servers available to a third party vendor for copying and searching of email accounts available to LVB, and that the parties are continuing to discuss the scope of their agreement regarding that production. PPM also provided "additional copies of loan and security agreements involving the Trust" and "requested Park Place financial statements." Dkt. 199, p. 3, Exs. A, B, C, and D. However, it appears the parties have not finalized their agreement regarding production of the emails and it is not clear whether PPM's recent productions satisfy all of the outstanding document requests.

**HyTech Power ("HTP")**. LVB propounded the same twelve interrogatories to HTP as to the Binghams, and requests for documents reflecting transfers from trusts; financial statements; agreements with the SGB 2007 Trust; and communications regarding LVB, the SGB 2007 Trust, the Binghams, and Henry Dean. HTP refused to provide responsive documents and answers on the same grounds as PPM. Dkt. 178, Exs. 10, 21. HTP also objected to several requests regarding its transactions and communications with the Trust on the grounds that the "loans" to HTP were "paid off." *See* App'x A.[3]

---

[3] On December 28, 2018, the Court denied HTP's motion for protective order and rejected a similar argument. Dkt. 204.

ORDER GRANTING PLAINTIFF'S MOTION
TO COMPEL (DKT. 178) - 4

**The SGB 2007 Trust**. LVB seeks production of communications regarding the Binghams, LVB, and transfers to and from other trusts, including the Fisher Trusts, and the other Defendants since the Trustee's initial January 2018 production. Dkt. 178, Ex. 22. The Court already determined that these communications are relevant, and ordered the Trustee's January 2018 production. Dkts. 19, 53, No. 2:17-cv-00528-TSZ. The Trustee refuses to provide information after January 2018 because some of the communications occurred post-litigation and will be subject to the attorney-client privilege. Dkt. 178-2, Faria Decl. ¶ 4; Ex. 24.

## DISCUSSION

A party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The scope of discovery is broad and encompasses "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Frisvold v. Pentair Filtration Solutions LLC*, 2017 WL 4538966, at *3 (W.D. Wash. Oct. 11, 2017) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

A judgment creditor is entitled to the same scope of "liberal" discovery provided under Rule 26(b) and can "obtain information . . . about assets upon which execution can issue or about assets that have been fraudulently transferred." *Henry v. Rizzolo*, 2012 WL 13725, at *3 (D. Nev. Jan. 4, 2012) (citing Fed. R. Civ. P. 69(a)(2)). "[T]he presumption should be in favor of full discovery of any matters arguably related to [the judgment creditor's] efforts to trace [the judgment debtor's] assets and otherwise to enforce its judgment." *LVB-Ogden Marketing Corp. v. Dean*, 2017 WL 2363633, at *1 (W.D. Wash. May 31, 2017) (citation omitted). A judgment creditor may take discovery "from *any person*—including the judgment debtor" as provided in the Federal Rules of Civil Procedure "or by the procedure of the state where the court is located."

*Id.* (quoting *Sherwin-Williams Co. v. Earl Scheib of California, Inc.*, 2013 WL 12073836, at 2 (S.D. Cal. Mar. 4, 2013) (emphasis in original) (quoting Fed. R. Civ. P. 69(a)(2)). A fraudulent conveyance is a "transaction by means of which the owner of property has sought to place the property beyond the reach of his or her creditors, or which operated to the prejudice of the creditor's legal rights [.]" *Freitag v. McGhie*, 133 Wash. 2d 816, 821-22, 947 P.2d 1186 (1997) (en banc).

LVB seeks financial statements, bank accounts, transfers and agreements among the Defendants, and communications regarding the same. This Court has already held that these types of requests, propounded to the Trust in 2017, are relevant to LVB's judgment enforcement. Dkt. 53, No. 2:17-cv-00528-TSZ ("The Court concludes that this information is discoverable under Federal Rule of Civil Procedure 26(b) and bears on whether the Trust has lost spendthrift character, whether self-settled transfers have been executed, . . . and whether any fraudulent transfers should be unwound."). With few exceptions, Defendants do not object that the information sought is relevant. Rather, they argue that the Bingham Entities worked with the Trustee, Mr. Dean, and office manager Cicilia Elali, who produced hundreds of thousands of emails and other materials related to the Bingham Entities and the Trust, and the Bingham Entities produced additional documents (including several years of their tax returns, their settlement agreements and UCC-1 documentation of their secured debts with the Trust, and financial statements and bank statements of Bingo and CCRB). Dkt. 185, p. 3. Defendants argue they should not have to duplicate this expensive process (hereinafter the "January 2018 SGB Trustee Production").[4]

---

[4] The Trust collected (through the services of Celerity Consulting) over 260 GB of emails from all accessible email accounts of Henry Dean and Cicilia Park, and produced 466,000 emails at

Many of Defendants' responses to LVB's requests for production rest on the premise that the January 2018 SGB Trustee Production, which gathered emails from Henry Dean and Cicilia Elali regarding the SGB 2007 Trust, relieves them of their obligation to search for and provide responsive documents from their own records regarding the SGB 2007 Trust, the Fisher Trusts, other trusts, other entities, and their own personal finances. But according to LVB, Defendants have responsive communications and documents that were not shared with Mr. Dean or Ms. Elali, including e-mails between the Binghams, with third parties, and especially documents that concern topics aside from the SGB 2007 Trust. For example, Defendants' claims that they either "never" or only sometimes sent responsive e-mails, or "never" engaged in responsive transfers, are belied by the records found in the Trustee's prior production:

- The Binghams claim they did not transfer any money to the Trusts. Dkt. 186, Decl. of David Bingham, ¶ 4 ("I haven't paid any money into the trusts."); Dkt. 187, Decl. of Sharon Bingham, ¶ 7 (same); *see* Dkt. 189 (Jacobowitz Decl.) ¶ 11 ("I found no record [in the produced documents] of the Binghams putting money into any of the trusts."). Sharon and David Bingham, however, routinely transferred money to the Trusts. *See,* Dkt. 82, FAC ¶ 89. And the Binghams claim to have repaid loans to the SGB 2007 Trust. *See*, *e.g.*, Dkt. 36 (referencing "payment records to the Trust").

- "[Cherish] has not received or paid any money to the [SGB 2007 Trust]." Dkt. 188, Decl. of Chris Bingham, ¶ 3. But Cherish has purportedly taken at least one substantial loan from the Trust. Dkt. 5, Ex. 28; Dkt. 82, FAC ¶ 39 & App'x A.

- David Bingham asserts "I don't e-mail my wife or children about trust distributions." Dkt. 186, Decl. of David Bingham, ¶ 3. But the Trustee's production contains e-mails from David to his children, Chris and Scott, discussing precisely that. Dkt. 192, Exs. 1-3.

- Sharon Bingham asserts "I don't use e-mail much. I don't e-mail my husband or children about trust distributions." Dkt. 187, Decl. of Sharon Bingham, ¶¶ 2-3; Dkt. 185, p. 4. But Sharon does in fact e-mail others about her trusts, Dkt. 192, Exs. 4-5, and she receives e-mails about her trusts and the family finances, including from non-defendants. *Id.*, Exs. 1, 3-5.

---

great expense. See Case No. 2:17-cv-00528-TSZ at Dkt. Nos. 56 (Declaration of Norman Y. Yee at ¶ 13); and 75 (Minute Order at ¶ 3).

ORDER GRANTING PLAINTIFF'S MOTION
TO COMPEL (DKT. 178) - 7

- "[Access to PPM records] will also allow LVB access to David Bingham's e-mail, as he uses a [PPM] e-mail account." Dkt. 185, p. 8; Dkt. 189, Jacobowitz Decl., ¶ 7. However, David Bingham has at least four other e-mail addresses in addition to his PPM email address, which presumably would not be included in a search of PPM records. Dkt. 192, Ex. 1, Faria Decl., ¶ 3. Nor has PPM searched for or produced any e-mail from David's account.

Defendants also claim, for the first time since LVB first served discovery requests on Chris Bingham in November 2016, that his hard drive crashed in 2016 and he has no responsive documents from that time period. Dkt. 185, p. 4; Dkt. 188, Decl. of Chris Bingham. But he fails to explain why this has kept him from responding to discovery post-2016 or how his e-mail could not be recovered from the server when it was his personal hard drive that crashed.

Without first searching their own responsive documents and emails, Defendants cannot certify that the Trustee has produced or has all responsive documents. Defendants have an independent obligation to conduct a reasonable search for responsive documents and either produce the documents located or provide a verification that after having conducted a search, no such documents could be located.

The Court likewise finds Defendants' remaining objections to LVB's discovery requests are without merit and are overruled.

**1. Relevance and Duty to Investigate**

Defendants object that some of the discovery requested is "not relevant nor reasonably calculated to lead to the discovery of admissible evidence." For example, Sharon Bingham refused to identify her "personal property" on the ground of relevance. But debtor property is central to any judgment enforcement action. Similarly, the Defendants refuse to produce two types of documents on the grounds of relevance: (1) "any and all wills" of the Binghams (Rog. No. 11); and (2) financial statements for the entity Defendants—Bingo, CCRB, SKBB, PPM, and HTP (RFP Nos. 6-9). The information requested is relevant as the individual and entity

defendants are either debtors or constitute debtor property and all are alleged participants in the fraudulent transfer scheme. Thus, the wills, which would reflect current debtor assets and beneficial and contingent interests in property, meet Rule 26(f). Assets, income, and cash flows reflected on the requested financial statements constitute records of the very assets LVB is entitled to seize. Thus, Defendants' relevance objections are overruled.

Defendants also claim they have no responsive documents or communications based on their "belief" and some "investigation," (*e.g.*, Ex. 14 at 8), but do not represent that they undertook a reasonable search for responsive emails. LVB notes, for example, that Chris Bingham claims he has no communications regarding the SGB 2007 Trust, but the Trust has produced emails to the contrary. Defendants are reminded that they are obligated to undertake reasonable searches of email accounts for responsive documents and must verify their responses.

### 2. Rule 33(d) Does Not Apply

The majority of Defendants' interrogatory responses cite to Rule 33(d) without identifying the documents from which their answers may be derived and simply refer to "any and all documents produced by the Trustee in another proceeding." Presumably, this refers to the January 2018 SGB Trustee Production." *See* Dkt. 19, 53, Case No. 2:17-cv-00528. In particular, Defendants cite Rule 33(d) in response to requests seeking bank accounts from which Defendants deposited or received money, and transfers of money to and from trusts and PPM. The Court agrees that Defendants' reliance on Rule 33(d) is misplaced.

Rule 33(d) may only be relied upon if the interrogatory calls for the "examining, auditing, compiling, abstracting, or summarizing a party's business records" for which "the burden of deriving or ascertaining the answer will be substantially the same for either party." Fed. R. Civ. P. 33(d). "Notably, the mere fact that the interrogatory imposes a burden on the responding party

is not enough to justify invocation of Rule 33(d). All discovery requests are a burden on the party who must respond thereto. Unless the task of producing or answering is unusual, undue or extraordinary, the general rules requires the entity answering or producing the documents to bear that burden." *Riverfront Landing Phase II Owners' Assoc. v. Assurance Co. of Am.*, 2008 WL 11344626, at *1 (W.D. Wash. Dec. 16, 2008) (citations omitted) (emphasis added).

Defendants' "burden" to identify bank accounts and financial transfers is no more than the ordinary burden in any judgment enforcement action, and does not warrant invoking Rule 33(d). Certainly, it is less burdensome for the responding party to identify specific information within its own voluminous documents because it at least has a basic knowledge of it. *See*, *e.g.*, *O'Connor v. Boeing North American, Inc.*, 185 F.R.D. 272, 278 (C.D. Cal. 1999). In addition, in many instances, Defendants state only that the information *may* exist somewhere in those documents or a future production. Dkt. 178, App'x A; Ex. 5 at 7 ("Responding Party states that she does not believe any [transactions] exist, but if any do, they will be reflected, pursuant to Fed. R. Civ. P. 33(d), in documents to be produced or already produced by Defendant or another Defendant in this litigation or the underlying litigation."). This is not a good faith answer to a proper interrogatory.

Rule 33(d) also "applies only when the answers to interrogatories may be found in the business records of the responding party." *Campbell v. Washington*, 2009 WL 10676376 (W.D. Wash. May 5, 2009) (emphasis added). Defendants are referring to the SGB 2007 Trust's business records, not their own, and Rule 33(d) is therefore inapplicable. Even if Rule 33(d) were somehow applicable, Defendants fail to specify where in the Trustee's previous document production, their answers can be found. *O'Connor*, 185 F.R.D. at 278 ("[W]hen voluminous documents are produced under Rule 33(d), they must be accompanied by indices designed to

guide the searcher to the documents responsive to the interrogatories.") *See also Wilson v. Washington*, 2017 WL 518615, at *2 (W.D. Wash. Feb 8, 2017) (defendants' response was deficient under both Rules 33 and 34 because (1) they do not include "any explanation on which documents are responsive to corresponding interrogatories or requests for production"; nor (2) "provide any mechanism, such as a table of content or summarization, whereby Plaintiff's counsel could locate and identify responsive documents as effectively as the Defendants.").

### 3. Statutory Privilege Does Not Apply

Defendants also refused to produce documents and answer interrogatories regarding the Fisher Trusts and other trusts on the basis that "[w]hether such information need be produced is a subject which is currently before the court; this information is protected by a statutory privilege preventing execution on assets held in trust." Dkt. 178, App'x A; e.g., Ex. 2 at 5-6.

The Trustee previously raised this same "statutory trust privilege" argument. *See* Dkt. 2-1 at 27, Case No. 2:17-cv-00528-TSZ. The Court rejected the argument and ordered the Trustee to produce the requested documents. *Id.*, Dkts. 19, 53. To the extent Defendants' claim that discoverability of the Fisher Trusts "is currently before the Court" is meant to refer to Case No. 2:18-cv-00786, the only issue before the Court in that case was whether the Trustee Bank of the West's answer was complete, and the Court found it was not. Dkt. 40, Case No. 2:18-cv-00786-TSZ. The Court also ordered the Trustee of the Fisher Trusts to disclose "a list of any other assets that were distributed from the Fisher Trust accounts since the date of the writ of garnishment was served." *Id*.

Here, LVB seeks the same type of discovery Defendants must answer interrogatories and produce documents regarding the Fisher Trusts and other trusts as there is no "statutory privilege."

**4.    Trustee – Post 2018 Production**

As previously noted, the SGB 2007 Trust was ordered to produce a wide variety of documents, including the Trustee's e-mail (Dkts. 19, 53, Case No. 2:17-cv-00528) and in January 2018, the Trustee completed the ordered production. LVB seeks to discover fraudulent transactions, self-settled assets, and abuse of the trust since January 2018 and therefore, seeks communications that have occurred since that production. The Trustee refuses to make such production because he claims such emails since the filing of this lawsuit are privileged.

Mr. Dean has continued to operate as the Trustee of the SGB 2007 Trust, and therefore, LVB is entitled to all non-privileged emails he sent in that capacity since January 2018 to supplement what was previously produced.

Accordingly, the Court **GRANTS** LVB's motion to compel (Dkt. 178) and hereby **ORDERS:**

    1.    **Sharon Bingham** shall produce **by January 14, 2019**:

        a.    Complete answers containing all information in your possession, custody, and control for Interrogatories 1-12, 14 and 16.

        b.    A complete production of all non-privileged documents within your possession, custody, or control that are responsive to Requests for Production 1-11, and 14.

    2.    **David Bingham and Kelly Bingham** shall produce **by January 14, 2019**:

        a.    Complete answers containing all information in your possession, custody, and control for Interrogatories 1-12.

        b.    A complete production of all non-privileged documents within your possession, custody, or control that are responsive to Requests for Production 1-11, and 14.

    3.    **Cherish Bingham and Chris Bingham** shall produce **by January 14, 2019**:

        a.    Complete answers containing all information in your possession, custody, and control for Interrogatories 1-12.

   b. A complete production of all non-privileged documents within your possession, custody, or control that are responsive to Requests for Production 1-14.

  4. **Bingo Investments, LLC** shall produce **by January 14, 2019**:

   a. Complete answers containing all information in your possession, custody, and control for Interrogatories 1-12.

   b. A complete production of all non-privileged documents within your possession, custody, or control that are responsive to Requests for Production 2-4, 6-10.

  5. **CCRB Enterprises, LLC and SKBB Enterprises, LLC** shall produce **by January 14, 2019**:

   a. Complete answers containing all information in your possession, custody, and control for Interrogatories 1-12.

   b. A complete production of all non-privileged documents within your possession, custody, or control that are responsive to Requests for Production 2-4, 6, and 11-15.

  6. **HyTech Power** shall produce **by January 14, 2019**:

   a. Complete answers containing all information in your possession, custody, and control for Interrogatories 1-2, 7, 12.

   b. A complete production of all non-privileged documents within your possession, custody, or control that are responsive to Requests for Production 1, 5-11, 13-14.

  7. **Park Place Motors, Ltd.** shall produce **by January 14, 2019**:

   a. Complete answers containing all information in your possession, custody, and control for Interrogatories 1, 2, 10.

   b. A complete production of all non-privileged documents within your possession, custody, or control that are responsive to Requests for Production 1, 5-11, 13, 16-19.[5]

---

[5] The Court anticipates the parties will complete their negotiation of any agreements regarding the production of electronically stored information and/or confidentiality to allow for the completion of all production by January 14, 2019.

ORDER GRANTING PLAINTIFF'S MOTION
TO COMPEL (DKT. 178) - 13

8. **Henry Dean, as Trustee of the Sharon Graham Bingham 2007 Trust**, shall produce **by January 14, 2019**:

    a. A complete production of all non-privileged communications within your possession, custody, or control that are responsive to Requests for Production 1-9, 13-14 that you did not already produce to Plaintiff LVB-Ogden Marketing, LLC, and a privilege log pursuant to Fed. R. Civ. P 26(b)(5) for those documents withheld on the basis of privilege.

9. **Sharon Bingham, David Bingham, Chris Bingham, Cherish Bingham, and Kelly Bingham** to verify their interrogatory responses **by January 14, 2019**.

10. **Deadline**. In light of the discovery deadline, all discovery that is the subject to this Order must be provided on or before **January 14, 2019**. LVB will be permitted to move to compel within a reasonable time with respect to such discovery if it is deficient.

11. **Certification**. In producing the information and documents pursuant to this Order, all Defendants shall conduct a reasonable search of all documents in your possession, custody, or control, including all email accounts. All Defendants subject to this Order shall file a sworn certification **on or before January 14, 2019** in which they each certify under penalty of perjury: (i) which email accounts were searched (and that those accounts have been preserved) and each step taken to conduct such search; (ii) the date range of such search; and (iii) that all responsive communications and documents in your possession, custody, and control have been produced.

/

/

/

/

12. **Rule 37 Expenses**. LVB may file a motion requesting reasonable attorney fees incurred in bringing its motion to compel, pursuant to Rule 37(a)(5)(A).

DATED this 9th day of January, 2019.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge