**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| LVB-OGDEN MARKETING, LLC, | No. 2:18-CV-00243 |
| Plaintiff, | **JOINT STATUS REPORT** |
| v. | |
| DAVID S. BINGHAM, SHARON BINGHAM, CHRISTOPHER BINGHAM, CHERISH BINGHAM, KELLY BINGHAM, BINGO INVESTMENTS, LLC, CCRB ENTERPRISES, LLC, SKBB ENTERPRISES, LLC, PARK PLACE MOTORS, LTD., HYTECH POWER, INC., HENRY DEAN, in his individual capacity and as Trustee for the SHARON GRAHAM BINGHAM 2007 TRUST, and BGH HOLDINGS, LLC, | |
| Defendants. | |

1     Pursuant to the Court's Order (ECF No. 194), Plaintiff and Defendants submit the

2     following Joint Status Report.  Plaintiff and Defendants set forth their positions regarding the

3     Proposed Case Management Order below:

**PLAINTIFF'S POSITION**

4

5     **A.      Resolution of The Remaining Claims**

6             LVB has worked diligently to abide by the Court's scheduling order, and has now (i)

7     taken depositions of the key witnesses, which have confirmed and bolstered the strength of its

8     remaining claims; (ii) produced all outstanding documents and discovery responses; and (iii)

9     served its forensic accountant's report, which also bolsters the strength of LVB's remaining

10    claims.  Yesterday, the Court also granted LVB's motion to compel for the remaining documents

11    and discovery responses needed from Defendants.  ECF 178.  LVB is well-positioned to try all of

12    its remaining claims, and is prepared to do so.

13            That said, the Court's rulings to date have been very helpful in expediting resolution of

14    the pending proceedings between LVB and Defendants.  LVB and the Court have already devoted

15    a great deal of time and expense to fully briefing and resolving summary judgment motions in two

16    related proceedings.  ECF No. 182[1]; Case No. 18-cv-786, ECF 40.  This includes the Court's

17    ruling in this proceeding as to the seizability of certain assets from the 2007 Trust (ECF 182) and

18    the Court's ruling in Case No. 18-cv-786 as to the money of Sharon Bingham sitting in the

19    accounts of the former Fisher Trusts.  *Id.*  The remaining impediment has been Defendants' refusal

20    to accept and abide by these rulings.  If the Court were to simply deny the pending motions for

21    reconsideration in the two proceedings, then each of the pending matters before the Court should

22    promptly resolve.  This is true for at least two reasons:

23            ***First,*** the Court's existing summary judgment ruling in this proceeding already permits

24    LVB to execute upon many important assets of the 2007 Trust that were at issue.  ECF 182.  This

25    _____

26    [1] The next business day after the Court's Order, LVB applied to this Court for writs of execution. *See* Case No.
      2:18-mc-00128.

**JOINT STATUS REPORT** – 1
No. 2:18-CV-00243-TSZ

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

ruling has already been helpful in significantly narrowing the case, and avoiding the need to pursue alternative theories of recovery for these assets. Critically however, instead of accepting the Court's order, LVB learned today that, as noted in Defendants' position below, ***when they received the Court's order on LVB's summary judgment motion they immediately embarked on a scheme to sell off those assets to circumvent the order.*** *See* Defs.' Position at A. Presumably to delay enforcement of the Court's order, the Trustee and the Binghams filed a motion for reconsideration—which they apparently now want the Court to deny so they can proceed with these fraudulent transfers. *Id.* That the Trustee would go to such brazen lengths to continue to divert assets and circumvent the Court's order is the reason the parties find themselves here today. LVB will pursue all the remedies necessary against the culpable parties to address this ongoing fraud. In the interim, LVB requests that the Court immediately enter a freeze order preventing the transfer of the assets subject to the Court's summary judgment order.

In addition, for many of the remaining assets not already subject to the Court's order, the Trustee has also—as LVB feared—abused the courtesy that the Court granted him in declining to enter a preliminary injunction by diverting funds and winnowing the SGB 2007 Trust down to the point where the Trustee recently testified under oath on December 14, 2018 that the Trust "has no money." Ex. A (Dean Dep. Tr.). Again, LVB will pursue appropriate relief for these abuses, and will try its remaining claims against the culpable parties if necessary.

***Second***, the same considerations apply to the other remaining defendants: Henry Dean in his individual capacity, BGH Holdings, and HyTech Power. Mr. Dean testified that he spent the millions of dollars he diverted from the Trust accounts to his personal accounts, which could include his BGH Holdings accounts. Ex. A.[2] He also testified that Defendant HyTech Power is now in dire financial straits despite receiving over $200,000 in funds diverted from Trust accounts. *Id.* This claim will be addressed in the forthcoming deposition of HyTech ordered by the Court on

[2] Responding "I spent it" to the vast sums of money diverted from Trust accounts.

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

December 28, 2018.  ECF 205.[3]  Again, LVB will try these claims if necessary, and is well-positioned to do so.  LVB is hopeful, however, that the Court's existing rulings will make that unnecessary.

Should private mediation, or further discussions between the parties themselves, be helpful, LVB is always willing to discuss those avenues to further expedite final resolution.  LVB has been willing from the outset of this case, and remains willing, to engage in good faith settlement negotiations.  That said, to date, Defendants' refusal to accept the Court's rulings, Defendants' abuse of the lack of a freeze order, and Defendants' diversion of assets subject to Court orders, are obvious hurdles to settlement.

## B.    Trial Readiness & Length

If a trial is necessary, the parties and the Court would have to promptly address the diversion of assets noted above and the effect of Defendants' failure to date to participate in discovery.  In specific, Defendants will have to fully comply with yesterday's ruling on LVB's motion to compel, which addressed: (i) the failure of most of the Defendants in this case to search for, collect, or produce any documents, including Park Place Motors, HyTech Power, and the Trustee (in the case of the Trustee, for the period after January 2018); and (ii) the failure of the same Defendants to provide even basic information in response to LVB's interrogatories.  ECF 178.  Furthermore, HyTech Power refused to provide any deposition testimony unless the Court so ordered.  ECF 175.  The Court so ordered on December 28, 2018, and LVB sent an email the same day attempting to schedule it.  Ex. B.  Counsel failed to respond for over a week, prompting LVB to send another follow up e-mail, and then a deposition notice with a message noting counsel's failure to respond, but LVB's willingness to work cooperatively on scheduling.  It was not until after all of LVB's efforts that counsel for HyTech responded that he would respond to LVB's

---

[3] Park Place Motors is already subject to the Court's summary judgment ruling (ECF 182), and must produce documents in response to the Court's order yesterday.  If Defendants have attempted or will attempt to transfer Park Place or its assets to circumvent the Court's summary judgment ruling, LVB may present additional fraudulent transfer claims to the Court for resolution at trial.

CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

1   request today—despite the fact that the Court ordered HyTech to present a witness by January

2   17th.  *Id.*  As of the time of this filing, counsel for HyTech has failed to provide a witness's

3   availability as promised.

4       Once Defendants provide the material the Court ordered, and the HyTech deposition takes

5   place, LVB will need to review the amended answers, documents, and testimony—all of which

6   should have been produced months ago.  Should any additional follow-on discovery be necessary,

7   LVB will raise those issues promptly with the Court, and make every effort to take follow-on

8   discovery in a way that will not disturb the existing pre-trial and trial schedule.

9       For its part, as noted above, LVB served all outstanding documents and discovery

10  responses by the discovery cut-off of January 7, 2018.  It also served the preliminary expert report

11  of its forensic accountant on that date, and will make its expert available for deposition on the

12  schedule ordered by the Court.  If the report needs to be supplemented in response to the discovery

13  Defendants failed to timely provide, LVB will do so promptly to again ensure the parties adhere to

14  the Court's schedule to the fullest extent possible.

15      Assuming Defendants comply in full with the Court's discovery orders, LVB is hopeful

16  that pre-trial motions and trial can proceed as currently scheduled, if a trial is necessary.  The

17  scope and length of trial will depend in significant part on (i) whether the Court disturbs its

18  summary judgment rulings; and (ii) whether the Court agrees to bifurcate trial on LVB's First and

19  Second Causes of Action.  As LVB proposed in its Supplemental Brief, an abbreviated bench trial

20  could proceed on any remaining aspects of LVB's First Cause of Action.  ECF 143 (Suppl. Br.) at

21  9-12.  LVB believes a bench trial of at most two weeks would be sufficient.  Given the volume of

22  fraudulent transfers at issue (see Am. Compl. App'x A), the subsequent jury trial, if necessary, on

23  LVB's Second Cause of Action may require up to four weeks or more.[4]

24  _____

25  [4] Two defendants, BGH and Henry Dean (in his individual capacity), have filed a motion seeking a *two week*
    extension to respond to LVB's three-page position.  ECF 213.  Of course, these defendants did not even notify
26  LVB that they would be filling a motion, in another violation of Local Rule 7(j).  The request is absurd on its face,
    and should be rejected.  That these defendants would spend time drafting and filing a multi-page motion for an

**DEFENDANTS' POSITION**

The Defendants do not agree with the argumentative statements made in the Plaiintiff's Position nor with the argumentative characterization thereo e.g. "whoch also bostsers the strength of LVB's remaining claims."

**A.      Status of Declaratory Judgment Ruling on Self Settled Assets**

The Trustee agrees with what LVB has stated in its response to the motion for reconsideration. To the extent the Court has declared specific assets are subject to execution by the judgment creditors of Sharon Graham Bingham, it is not necessary for the Court to enter a final judgment. Those assets have already been subjected to a writ of execution and are in the possession of the King County Sheriff and scheduled for sale. That sale may not proceed if the Court grants the motion for reconsideration.

**B.      Trial Readiness**

As Plaintiff observes, the Trust has little to no money and liquidity is scarce. It has been required to resort to financing to continue to partially fund its defense obligations and it has had some difficulty meeting LVB's discovery demands relating to nearly a decade of transactions and communications involving the Trust. It believes it has now met all those obligations but for the production of recent email communications involving the Trustee ordered by the Magistrate yesterday. The Trust may not be able to meet the requirement of producing those email communications by next Monday but it is trying to do so.

In light of the discovery rulings by the Magistrate yesterday, the defendants similarly need additional time to comply and may not be able to fully comply with that discovery order with respect to email communications. Defendants do anticipate, however, that responses can be done in time to retain the current trial schedule.

---

extension rather than simply responding to Plaintiff's three-page position they have had for two days continues their pattern of delay and burden for its own sake.

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

Only yesterday on January 9, 2019 did the defendants receive the responses to discovery from LVB compelled by two of this Court's orders. LVB's response includes 675,802 pages of documents in a digital form that were subject to password protection. The password was provided yesterday evening at 6:05 p.m. enabling Defendants access to those records for the first time. The Trustee and other defendants need time to assess those materials. And LVB despite several request still has not provided dates for the Fed.R.Civ.P. 30(b)(6) deposition compelled by the Court. None of the defendants to date have received the expert report reportedly served on January 7, 2018.

### C. Bifurcation

The cost and expense of bifurcating the trial in this case is substantial. Discovery is almost closed. It is now time to try this case. Defendants assert there would be a duplication of testimony and evidence. Central to all but a handful of LVB's claims are two questions (1) whether some or all of the assets in the Sharon Graham Bingham 2007 trust are exempt from LVB's execution efforts and (2) the relative priority and rights of the judgment obtained by LVB as compared to the priority and rights of the two judgments assigned to the Trust. The Court previously asked for briefing on this issue and it was provided. If a summary judgment motion is still required, Defendants intend to file one on the relative priority of these judgments.

Moreover, the Trustee intends to move for summary judgment on the issue of whether Sharon Graham Bingham so controls the Trustee as to have equivalency of ownership over the Trust's assets. While that might normally be subject to issues of fact, the facts present here are so compellingly in Defendants favor that summary judgment should be granted.

Defendants similarly intend to move to dismiss the fraudulent transfer claims from the Trust to third parties based on the extinguishment statutes in the Uniform Voidable Transactions Act (UVTA), lack of evidence to sustain a UVTA violation, and other substantive issues involving UVTA. Just as the Court concluded in connection with LVB's so called "self-settled assets" summary judgment, the Trust does not gain new liability to become a judgment debtor to LVB in

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

the proceedings under LVB's First Cause of Action comprised of various declaratory requests. The issue under the First Cause of Action is the relative rights of LVB as against assets titled in the Trust, not new liability imposed against the Trust by LVB. As a result, the First Cause of Action cannot by definition result in the Trust becoming a debtor to LVB. LVB's prayer for relief does not include a request for a monetary judgment outside the fraudulent transfer claims alleged in its Second Cause of Action. Dkt. 82 p. 46. In short, since LVB is not a creditor of the Trust, the fraudulent transfer claims against the various defendants seeking to avoid transfers from the Trust, fail as a matter of law.

LVB has acted in discovery as if it is pursuing an alter ego claim leading to disregard of the Trust and thus rendering it newly liable to LVB on a money judgment, but those claims for disregard of the Trust on an alter ego theory are outside the subject matter jurisdiction of the current supplemental proceeding.

Thus, the length of trial turns largely on the outcome of those SJ Motion and whether the Court is going to examine hundreds if not thousands of transactions involving the Trust's investments and the Trust's compensation to Henry Dean on the issue of whether Sharon Graham Bingham so controls the Trust that she holds the equivalency of ownership over the Trust's assets. If it does so, Defendants agree with Plaintiff that the trial will consume four weeks. Defendants submit, however, that the allegedly voidable transfers from the Trust to third parties and what LVB claims is "misuse" or "abuse" of the Trust as evidenced by Henry Dean's compensation and investment decisions are not relevant to Sharon's control and equivalency of ownership or to any other issues within the Court's subject matter jurisdiction and LVB's First Cause of Action.

The Defendants are otherwise prepared to proceed to trial on the defenses and claims in their pleadings and prior motion.

### D.     ADR

Defendants did have a settlement discussion today with Plaintiff and have suggested mediation. Defendants believe that mediation after the Court resolves the issues pending on

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

reconsideration relative to the so called self-settled assets and the two Fisher Trusts and their

Trustee, Bank of the West may be productive.

DATED: January 10, 2019

s/ William R. Squires III
William R. Squires III, WSBA No. 4976
CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Telephone: (206) 625-8600 Fax: (206) 625-0900
E-mail:    rsquires@corrcronin.com

Jeffrey L. Willian (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2257
Email:    jwillian@kirkland.com

Tammy A. Tsoumas (admitted *pro hac vice*)
Jonathan J. Faria (admitted *pro hac vice*)
Heather F. Canner (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
333 S. Hope Street
Los Angeles, CA 90071
Telephone: (213) 680-8151
Email:    tammy.tsoumas@kirkland.com
            jonathan.faria@kirkland.com
            heather.canner@kirkland.com

*Attorneys for Plaintiff*

Emanuel Jacobowitz
R. Bruce Johnston
Nathan J. Arnold
JOHNSTON JACOBOWITZ & ARNOLD, PC
2701 First Avenue, Suite 200
Seattle, WA 98121
Telephone: (206) 866-3230
Email: manny@jjalaw.com
bruce@rbrucejohnston.com
nathan@jjalaw.com

*Attorneys for Defendants David S. Bingham,
Sharon Bingham, Christopher Bingham, Cherish
Bingham, Kelly Bingham, Bingo Investments, LLC,
CCRB Enterprises, LLC, and SKBB Enterprises,
LLC*

Scott B. Henrie
WILLIAMS KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
Telephone: (206) 628-6600
Email: shenrie@williamskastner.com
mborde@williamskastner.com

*Attorneys for Defendant Park Place Motors, Ltd.*
*and Henry Dean as Trustee for the Sharon*
*Graham Bingham 2007 Trust*

Dennis J. McGlothin
Robert J. Cadranell, II
WESTERN WASHINGTON LAW GROUP
PLLC
7500 212th St. S.W., Suite 270
Edmonds, WA 98026
Phone: 425-428-7296
Email: dennis@westwalaw.com
robert@westwalaw.com

*Attorneys for Defendants Henry Dean in his*
*individual capacity, and BGH Holdings, LLC*

**JOINT STATUS REPORT** – 9
No. 2:18-CV-00243-TSZ

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

<u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on January 10, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Emanuel Jacobowitz
R. Bruce Johnston
Nathan J. Arnold
JOHNSTON JACOBOWITZ & ARNOLD, PC
2701 First Avenue, Suite 200
Seattle, WA 98121
Telephone: (206) 866-3230
Email: manny@jjalaw.com
     bruce@rbrucejohnston.com
     nathan@jjalaw.com
*Attorneys for Defendants David S. Bingham, Sharon Bingham, Christopher Bingham, Cherish Bingham, Kelly Bingham, Bingo Investments, LLC, CCRB Enterprises, LLC, and SKBB Enterprises, LLC*

Scott B. Henrie
WILLIAMS KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
Telephone: (206) 628-6600
Email: shenrie@williamskastner.com
     mborde@williamskastner.com
*Attorneys for Defendant Park Place Motors, Ltd. and Henry Dean as Trustee for the Sharon Graham Bingham 2007 Trust*

Dennis J. McGlothin
Robert J. Cadranell, II
WESTERN WASHINGTON LAW GROUP PLLC
7500 212th St. S.W., Suite 270
Edmonds, WA 98026
Phone: 425-428-7296
Email: dennis@westwalaw.com
     robert@westwalaw.com
*Attorneys for Defendants Henry Dean in his individual capacity, and BGH Holdings, LLC*

CERTIFICATE OF SERVICE
No. 2:18-CV-00243-TSZ

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

_s/ William R. Squires III_
William R. Squires III, WSBA No. 4976
Attorney for Plaintiff
CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Telephone: (206) 625-8600
Fax: (206) 625-0900
e-mail: rsquires@corrcronin.com

CERTIFICATE OF SERVICE
No. 2:18-CV-00243-TSZ

CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

# EXHIBIT A

# Deposition of Henry Dean (AWAITING CONFIDENTIAL DESIGNATIONS)

# LVB-Ogden Marketing, LLC v. Bingham, et al.

# December 14, 2018



206.287.9066 | 800.846.6989

1325 Fourth Avenue, Suite 1840, Seattle, Washington 98101

www.buellrealtime.com

email: info@buellrealtime.com



LVB-Ogden Marketing, LLC v. Bingham, et al.        Henry Dean (AWAITING CONFIDENTIAL DESIGNATIONS)

Page 1

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____

LVB-OGDEN MARKETING, LLC,    )
                             )
        Plaintiff,           )
                             )
  vs.                        ) No. 2:18-CV-00243-TSZ
                             )
DAVID S. BINGHAM, SHARON     )
BINGHAM, CHRISTOPHER         )
BINGHAM, CHERISH BINGHAM,    )
KELLY BINGHAM, BINGO         )
INVESTMENTS, LLC, CCRB       )
ENTERPRISES, LLC, SKBB       )
ENTERPRISES, LLC, PARK       )
PLACE MOTORS, LTD., HyTech   )
POWER, INC., HENRY DEAN, in  )
his individual capacity and  )
as Trustee for the SHARON    )
GRAHAM BINGHAM 2007 TRUST,   )
and BGH HOLDINGS, LLC,       )
                             )
        Defendants.          )

_____

VIDEOTAPED DEPOSITION UPON ORAL EXAMINATION
OF
HENRY DEAN *AWAITING CONFIDENTIAL DESIGNATIONS*

_____

Taken at 1001 Fourth Avenue, Suite 3900
Seattle, Washington

DATE TAKEN:  December 14, 2018
REPORTED BY:  Diane Rugh, CRR, RMR, CRR No. 2399

```
 1          A P P E A R A N C E S
 2
 3
 4      FOR THE PLAINTIFF:  TAMMY TSOUMAS
                   JONATHAN J. FARIA
 5             Kirkland & Ellis LLP
               333 S. Hope Street
 6             Los Angeles, CA  90071
               213.680.8151
 7             tammy.tsoumas@kirkland.com
               jonathan.faria@kirkland.com
 8
        FOR THE DEFENDANT   SCOTT B. HENRIE
 9      PARK PLACE MOTORS,  Willliams Kastner & Gibbs
        LTD. AND HENRY      601 Union Street, Suite 4100
10      DEAN AS TRUSTEE     Seattle, WA  98101
        FOR THE SHARON      206.628.6600
11      GRAHAM BINGHAM      shenrie@williamskastner.com
        2007 TRUST:
12
        FOR THE DEFENDANTS  R. BRUCE JOHNSTON
13      DAVID S. BINGHAM,   Johnston Jacobowitz & Arnold
        SHARON BINGHAM,     2701 First Avenue, Suite 340
14      CHRISTOPHER         Seattle, WA  98121
        BINGHAM, CHERISH    206.866.3230
15      BINGHAM, KELLY      Bruce@JJALaw.com
        BINGHAM, BINGO
16      INVESTMENTS, LLC,
        SKBB ENTERPRISES,
17      AND CCRB
        ENTERPRISES, LLC.
18
19
20
21
22
23
24
25
```

LVB-Ogden Marketing, LLC v. Bingham, et al.                Henry Dean (AWAITING CONFIDENTIAL DESIGNATIONS)

Page 3

1
          A P P E A R A N C E S (CONTINUED)
2

3     FOR THE DEFENDANTS  DENNIS J. McGLOTHIN
      HENRY DEAN IN HIS   Western Washington Law Group
4     INDIVIDUAL        7500 212th St. S.W.
      CAPACITY, AND BGH   Suite 270
5     HOLDINGS, LLC      Edmonds, WA  98026
                  425.428.7296
6                 dennis@westwalaw.com

7

8
      THE VIDEOGRAPHER:  Brook Young, Buell Realtime Reporting
9

10    ALSO PRESENT:  David Bingham

11
                    -o0o
12

13

14

15

16

17

18

19

20

21

22

23

24

25

LVB-Ogden Marketing, LLC v. Bingham, et al.      Henry Dean (AWAITING CONFIDENTIAL DESIGNATIONS)

Page 48

1    A.  Correct.

2    Q.  From approximately the summer of 2018 to today,

3  is it your testimony you receive no money from the trust

4  as a salary?

5    A.  I can't give you the exact date.  You could even

6  say September if you wanted to make your math a little

7  easier.  Somewhere in that time.

8    Q.  That's true.

9      But from August/September of 2018, you've not

10  received any money from the trust?

11    A.  The trust has no money.

12    Q.  So in your capacity as the trustee of the trust,

13  if I have this correct, for essentially the last eight

14  years, you've received about $12,000 a month; is that

15  right?

16    A.  Correct.

17    Q.  In addition to that, you had an agreement with

18  the Binghams, Mr. Bingham, that you'd receive also

19  20 percent of whatever you recover from the family, and

20  that agreement has been also in place from 2010; is that

21  right?

22      MR. HENRIE:  Object to the form.

23      THE WITNESS:  Yes.

24    Q.  (BY MS. TSOUMAS)  And none of these agreements

25  we've spoken about are in writing; is that right?

1 out of for the family.  That would be great.  If

2 somebody doesn't bite on it it's zero, because there's

3 nothing else in Plasma Drive.

4  Q.  (BY MS. TSOUMAS)  If you had to submit a

5 verified asset valuation accounting to the Court today,

6 what number would you --

7  A.  Exactly what I just said to you.

8   MR. MCGLOTHIN:  Objection to the form.

9  Q.  (BY MS. TSOUMAS)  So a million dollars with the

10 caveats that you just walked through?

11  A.  Yes.

12   MR. JOHNSTON:  Objection; argumentative.

13  Q.  (BY MS. TSOUMAS)  Similarly, Mr. Dean, did you

14 receive investor updates for Plasma Drive?

15  A.  There are none.

16  Q.  Have there ever been since the investment?

17  A.  Years ago.

18  Q.  Do you have any of those?

19  A.  No.

20  Q.  HyTech Power, Line 10 of Exhibit 8, reflects

21 644,306 shares with an estimated value of $1.28 million.

22  Do you see that?

23  A.  I do.

24  Q.  What would you estimate the trust's investment

25 in what's now HyTech Power, Inc., HTP, now known as HTP,

LVB-Ogden Marketing, LLC v. Bingham, et al.          Henry Dean (AWAITING CONFIDENTIAL DESIGNATIONS)

Page 126

1    what the value of those shares would be today?

2       A.   That was the last stated value we had.  There

3    was option price assigned by people smarter than me and

4    adopted by our board.  And I believe it and I believe it

5    for this number.  Unfortunately, as things go in this

6    world we live in, hopes and expectations sometimes get

7    trashed, because we had a board meeting several days

8    ago, and we've run out of money.  And we let go

9    two-thirds of the employees and went onto an austerity

10   budget with the hopes that we can find more investors.

11   We still believe in the technology, but Mr. Clark is not

12   going to put in -- he put in 5.8 million and it's gone.

13   He's done.

14       So I can't tell you the value of that stock.  If

15   I had to verify it today, very questionable.  And very

16   disappointing to me after so many years of my life

17   working on that technology.

18       Q.   And today, does HTP provide investor updates to

19   its investors?

20       A.   No.  We're going to have to.  This came as quite

21   a shock.

22       Q.   So is your best testimony, sitting here today,

23   is it would be hard for you to ascribe a value to it

24   because of the uncertainty of the investment?

25       A.   Correct.

1      reference, it was previously marked as Elali 12, but so

2      you'd have a copy we remarked it.

3            Mr. Dean, I'm going to be really brief, but

4      Exhibit 19 reflects Bingo QuickReport, Bingo Investments

5      QuickReport, and monies that went to you between 2010

6      and 2013.  And if you look at the last page, the second

7      to last page of this Exhibit 19, you'll see there's a

8      total of $775,000.

9            Do you see that?

10      A.  I see it.

11      Q.  Do you still today, Mr. Dean, have that money

12      that you received from Bingo Investments between 2010

13      and 2013?

14      A.  No.

15      Q.  Where did it go?

16      A.  I spent it.

17      Q.  All of it?

18      A.  All of it.

19      Q.  All right.

20            (Exhibit 20 was marked.)

21      Q.  (BY MS. TSOUMAS)  I'm handing Mr. Dean what's

22      been marked as Exhibit 20.  And Counsel, for reference,

23      this was previously Elali 16, but I wanted to make sure

24      you had a copy.

25            So Exhibit 20, Mr. Dean, is another Bingo

LVB-Ogden Marketing, LLC v. Bingham, et al.                    Henry Dean (AWAITING CONFIDENTIAL DESIGNATIONS)

Page 153

1    Investments QuickReport.  And this shows that in 2015

2    you received $250,000 from Bingo Investments LLC.

3         Do you see that?

4    A.  I see that.

5    Q.  The same question, Mr. Dean.

6         Do you still have that money that you received

7    from Bingo Investments?

8    A.  No.

9         MR. MCGLOTHIN:  Objection to the form.

10    Q.  (BY MS. TSOUMAS)  And did you spend all of that

11    as well?

12    A.  Yes.  Actually, no.  You have to pay taxes as

13    well.

14    Q.  But you have none of the $250,000 left?

15    A.  That's correct.

16    Q.  Okay.  You can put that aside, Mr. Dean.

17         (Exhibit 21 was marked.)

18    Q.  (BY MS. TSOUMAS)  I'm now going to show you what

19    has been marked as Exhibit 21.  And Exhibit 21, Counsel,

20    was previously marked as Elali 13, but again I wanted to

21    make sure you have a copy.

22         This Exhibit 21, Mr. Dean, reflects monies that

23    were transferred to you from the Sharon Graham Bingham

24    2007 Trust between 2011 and 2015.  And if you look at

25    the last page of this document, Exhibit 21, the document

LVB-Ogden Marketing, LLC v. Bingham, et al.                    Henry Dean (AWAITING CONFIDENTIAL DESIGNATIONS)

Page 154

1       indicates that in that timeframe you received from the

2    trust $520,000.

3           Do you see that?

4       A.  I see that.

5       Q.  And do you still have that money, sir?

6       A.  No.

7       Q.  And did you spend it all?

8       A.  I spent it.

9       Q.  Okay.

10          Mr. Dean, did you receive any money from the

11   Sharon Graham Bingham 2007 Trust before you were trustee

12   for the trust?

13      A.  I don't believe so.

14      Q.  I can show you a document, but it appears to us

15   that you did.

16          Do you know why you would have received some

17   money from the trust prior to becoming the trustee?

18          MR. MCGLOTHIN:  Objection to the form.

19   Assumes facts not in evidence.

20          MR. HENRIE:  Object to the form.

21          THE WITNESS:  The only thing I can think of

22   would be the Noble House note.  Under my 20 percent

23   arrangement and the 65,000 paid each month, I get

24   13,000.  And that could have come from the trust.

25      Q.  (BY MS. TSOUMAS)  13,000 a month?

LVB-Ogden Marketing, LLC v. Bingham, et al.          Henry Dean (AWAITING CONFIDENTIAL DESIGNATIONS)

Page 157

1      think that one is exactly the same except for the top

2      2009 payment.

3          A.  Okay.

4          Q.   But you're largely right, so thank you for

5      letting me know.

6          A.   On that $50,000 transfer, that says wired to

7      Bank of America, 3408.  I don't have an account with

8      Bank of America and never have had.

9          Q.   Does Ms. Atherton or --

10         A.   No.

11         Q.   -- or did she before?

12         A.   No.  Never banked with Bank of America.  Neither

13     one of us, ever.

14         Q.   So you have no understanding of what the $50,000

15     represents?

16         A.   I think it's a mistake.

17         Q.   Okay.  All right, I'm marking Exhibit 23.

18             (Exhibit 23 was marked.)

19         Q.   (BY MS. TSOUMAS) Exhibit 23 is an account

20     QuickReport from Sharon Graham Bingham 2007 Trust for

21     the calendar year 2017.  And this reflects about

22     $310,000 that you received from the trust.

23             Do you see that?

24         A.  I do.

25             MR. MCGLOTHIN:  Objection to the form.

LVB-Ogden Marketing, LLC v. Bingham, et al.     Henry Dean (AWAITING CONFIDENTIAL DESIGNATIONS)

Page 158

1     Q.   (BY MS. TSOUMAS)  Do you have this money today,

2   Mr. Dean?

3     A.   Nope.

4     Q.   So since the end of 2017, you've spent the

5   $310,000?

6     A.   During and since.

7     Q.   Did you use it just to pay your normal monthly

8   expenses or was there a large expenditure since that

9   time?

10     A.   Is that relevant to this case?  Do you really --

11   do you want to know how much I pay my grocery bill?  How

12   much I pay the gardener?  How much detail do you want?

13     Q.   Have you had --

14     A.   I pay taxes and I pay my expenses and I pay

15   alimony to an ex-wife.

16     Q.   Have you had any expenses that are out of the

17   ordinary in 2017 and 2018 that would have attributed to

18   spending that $310,000?

19         MR. HENRIE:  I'm going to object to the

20   form.  What does that have to do with the case?

21     Q.   (BY MS. TSOUMAS)  So do you have an answer to my

22   question, sir?

23     A.   No, I don't have an answer for your questions

24   except that it's none of your business.

25     Q.   So you're refusing to answer it?

LVB-Ogden Marketing, LLC v. Bingham, et al.　　　　　Henry Dean (AWAITING CONFIDENTIAL DESIGNATIONS)

Page 159

1　　A.　That's my answer to you.

2　　Q.　Okay.

3　　　　(Exhibit 24 was marked.)

4　　Q.　(BY MS. TSOUMAS)　I'm handing Mr. Dean what's

5　　been marked as 24.　Exhibit 24 is an Account QuickReport

6　　from Sharon Graham Bingham 2007 Trust reflecting

7　　transfers to Mr. Dean as part of the Sound Transit

8　　money, his portion of the Sound Transit money.

9　　　　Do you see that?

10　　　　MR. MCGLOTHIN:　Objection to the form.

11　　　　THE WITNESS:　I see it.

12　　Q.　(BY MS. TSOUMAS)　Is the $577,000, sir, roughly

13　　what you recall receiving from the transaction?

14　　　　MR. HENRIE:　Object to the form.

15　　　　THE WITNESS:　I think that's about accurate.

16　　Q.　(BY MS. TSOUMAS)　Last time I'll ask it, I

17　　think.　Do you still have this money --

18　　A.　No.

19　　Q.　-- the 577?　And so you spent that as well?

20　　A.　Yes.

21　　Q.　Thank you.

22　　　　We spoke briefly, I think, about BGH Holdings

23　　earlier, I believe, but what is your understanding of

24　　BGH Holdings LLC?

25　　　　A.　It is an LLC formed in the State of Washington.

# EXHIBIT B

| | |
|---|---|
| **From:** | Faria, Jonathan Jeffrey |
| **Sent:** | Monday, January 7, 2019 10:18 AM |
| **To:** | Scott Henrie |
| **Cc:** | Tsoumas, Tammy A. |
| **Subject:** | RE: [EXT] Activity in Case 2:18-cv-00243-TSZ LVB-Ogden Marketing LLC v. Bingham et al Order on Motion for Protective Order |

Scott - Following up again.  We have received no response from you.

**Jonathan J. Faria**

**KIRKLAND & ELLIS LLP**
333 South Hope Street, Los Angeles, CA 90071
**T** +1 213 680 8151
**F** +1 213 808 8006

jonathan.faria@kirkland.com

---

**From:** Faria, Jonathan Jeffrey <jonathan.faria@kirkland.com>
**Sent:** Friday, December 28, 2018 11:17 AM
**To:** Scott Henrie <shenrie@williamskastner.com>; mborde@williamskastner.com
**Cc:** Tsoumas, Tammy A. <ttsoumas@kirkland.com>
**Subject:** Fwd: [EXT] Activity in Case 2:18-cv-00243-TSZ LVB-Ogden Marketing LLC v. Bingham et al Order on Motion for Protective Order

Scott - Please provide the identity of HyTech's witness and his or her available dates between now and the 17th.

**Jonathan J. Faria**

**KIRKLAND & ELLIS LLP**
333 South Hope Street, Los Angeles, CA 90071
**T** +1 213 680 8151
**F** +1 213 808 8006

jonathan.faria@kirkland.com

Begin forwarded message:

> **From:** <ECF@wawd.uscourts.gov>
> **Date:** December 28, 2018 at 10:17:19 AM PST
> **To:** <ECF@wawd.uscourts.gov>
> **Subject:** **[EXT] Activity in Case 2:18-cv-00243-TSZ LVB-Ogden Marketing LLC v. Bingham et al Order on Motion for Protective Order**
>
> <span style="color:red">**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**</span>
> **\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** There is no charge for viewing opinions.
>
> **U.S. District Court**

**United States District Court for the Western District of Washington**

## Notice of Electronic Filing

The following transaction was entered on 12/28/2018 at 10:17 AM PST and filed on 12/28/2018

| | |
|---|---|
| **Case Name:** | LVB-Ogden Marketing LLC v. Bingham et al |
| **Case Number:** | 2:18-cv-00243-TSZ |
| **Filer:** | |
| **Document Number:** | 204 |

**Docket Text:**
**ORDER denying Defendant Hytech Power, Inc.'s [175] Motion for Protective Order. Signed by Hon. Brian A Tsuchida. (PM)**

**2:18-cv-00243-TSZ Notice has been electronically mailed to:**

Scott B Henrie      shenrie@williamskastner.com, rvansteen@williamskastner.com

R. Bruce Johnston      bruce@rbrucejohnston.com

William Randolph Squires, III      rsquires@corrcronin.com, amy.palafox@kirkland.com, mbdahl@corrcronin.com, reception@corrcronin.com

Dennis John McGlothin      dennis@westwalaw.com, docs@westwalaw.com

Manish Borde      mborde@williamskastner.com, dlevitin@williamskastner.com

Emanuel Fraser Jacobowitz      manny@jjalaw.com, Pattie@jjalaw.com

Robert Joseph Cadranell, II      Robert@westwalaw.com, docs@westwalaw.com

Nathan J Arnold      nathan@jjalaw.com, pattie@jjalaw.com

Jonathan J Faria      jonathan.faria@kirkland.com, amy.palafox@kirkland.com, michael.tecuanhuehue@kirkland.com, tammy.tsoumas@kirkland.com

Tammy Ann Tsoumas      tammy.tsoumas@kirkland.com

Heather F. Canner      heather.canner@kirkland.com

Jeffrey L Willian      jwillian@kirkland.com

Edward S Hillenbrand      edward.hillenbrand@kirkland.com

Leonora Cohen      lena.cohen@kirkland.com

**2:18-cv-00243-TSZ Notice will not be electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**

[STAMP dcecfStamp_ID=1035929271 [Date=12/28/2018] [FileNumber=7407852-0] [824aae4ca9e2205bb43e6b58b9a7c9d0c0647e424532aabe5d998057adf26eaa55 20df9f283ebb3b7d8c2e3e958ab942a98a5238c6fcf59d47116a56f6c9e752]]