UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LVB-OGDEN MARKETING, LLC,<br><br>                        Plaintiff,<br><br>    v.<br><br>DAVID S. BINGHAM, SHARON BINGHAM, CHRISTOPHER BINGHAM, CHERISH BINGHAM, KELLY BINGHAM, BINGO INVESTMENTS, LLC, CCRB ENTERPRISES, LLC, SKBB ENTERPRISES, LLC, PARK PLACE MOTORS, LTD., HYTECH POWER, INC., HENRY DEAN, in his individual capacity and as Trustee for the SHARON GRAHAM BINGHAM 2007 TRUST, and BGH HOLDINGS, LLC,<br><br>                        Defendants. | CASE NO. 2:18-cv-00243-TSZ<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ORDER REQUIRING COMPLIANCE WITH DKT. 211** |

On January 9, 2019, the undersigned granted the motion to compel (Dkt. 178) of Plaintiff LVB-Ogden Marketing, LLC ("LVB") Dkt. 211. Pursuant to the Court's Order, Defendants David S. Bingham, Sharon Bingham, Christopher Bingham, Cherish Bingham, Kelly Bingham (the "Bingham Defendants"), Bingo Investments, LLC ("Bingo"), CCRB Enterprises, LLC ("CCRB"), SSKB Enterprises, LLC ("SSKB"), Park Place Motors, Ltd. ("Park Place"), Hytech Power, Inc. ("HTP" or "HyTech"), and Henry Dean, as Trustee for the Sharon Graham Bingham 2007 Trust ("the Trustee") were ordered, *inter alia*, to produce by January 14, 2019, complete answers to specified interrogatories and produce all non-privileged documents within their possession, custody, or control. The Trustee was required to submit a privilege log for any

documents withheld on the basis of privilege. *Id.*, ¶ 8. Defendants were also ordered to certify under penalty of perjury: (i) which email accounts were searched (and that those accounts have been preserved) and each step taken to conduct such search; (ii) the date range of such search; and (iii) that all responsive communications and documents in their possession, custody, and control have been produced. *Id.*, ¶ 11.

On January 15, 2019, LVB filed an *ex parte* motion for an order (1) compelling Defendants to comply immediately with the Court's January 9, 2019 discovery order; (2) permitting LVB to seek additional costs and attorneys' fees for having to bring the motion; and, (3) extending the expert discovery period so that LVB's expert can supplement her report to account for the untimely discovery. Dkt. 225, p. 2. This motion was referred to the undersigned by the Honorable Thomas S. Zilly pursuant to 28 U.S.C. § 636(b)(1)A) and Local Magistrate Judge's Rule MJR 3. For the reasons discussed herein, LVB's motion is **GRANTED** as discussed herein.

## DISCUSSION

### Bingham Defendants, Bingo, CCRB, and SKBB

LVB complains that the Bingham Defendants, Bingo, CCRB, and SKBB failed to complete their responses and production and to certify their production by the Court-ordered deadline of January 14, 2019. Dkt. 211 ¶¶ 1-5. At 11:52 pm on January 14, 2019, Mr. Jacobowitz, counsel for Defendants, sent the following email:

> As you know, the Court's order required a very swift response. I regret to say that, despite round-the-clock work, we have not yet finished all supplemental responses and production. However, as a strong beginning, attached are the supplemental interrogatory responses of David Bingham and Christopher Bingham, with verification pages as ordered, and attachments. The majority of my clients' supplemental document production will follow shortly by dropbox. We are making good progress on the rest of the responses and production and expect to be done this week.

> The attorneys have discussed, but not finalized a form of, a protective order for confidential information. For now, I will trust in your and your clients' good faith as to bank account numbers and the like, and ask that you treat all bank records or tax records, or other documents containing personal identifying information, as confidential, and redact any such information before filing or other disclosure.

Dkt. 225, Ex. A. It is not known whether "the rest of the responses and production" were completed and produced to LVB last week as promised by Mr. Jacobowitz. To the extent Defendants have not done so, they must do so immediately.

On January 16, 17, and 21, 2019, Defendants submitted Certifications of Compliance: Dkt. 219 (HTP); Dkt. 220 (Park Place); Dkt. 223 (Trustee); Dkt. 231 (David S. Bingham); Dkt. 232 (Christopher G. Bingham); Dkt. 233 (Sharon G. Bingham); Dkt. 234 (CCRB); Dkt. 235 (SSKB); Dkt. 235 (Kelly Bingham); and Dkt. 211 (Bingo). Defendants were advised that in "producing the information and documents pursuant to this Order, all Defendants shall conduct a reasonable search of all documents in your possession, custody, or control, including all email accounts." Dkt. 211 at 14. The Bingham Defendants, CCRB, SSKB, and Bingo limited their production to documents found in email accounts with the search terms "LVB" and "trust". *See* Dkts. 231, 232, 233, 234, 235, 236, and 240. Defendants' narrowing of their searches to these two terms is not reasonable. Defendants were ordered to "complete production of all non-privileged documents" (Dkt. 211, ¶ 2) and therefore, all additional responsive, non-privilege emails should be produced immediately.

**Henry Dean, Trustee of Sharon Graham Bingham 2007 Trust**

Trustee Henry Dean certified that a privilege log could not feasibly be completed by the Court's deadline. *See* Dkt. 223. On January 14, 2019 at 6:41 p.m., Ms. Zielinski of Williams Kastner wrote an email to counsel for LVB stating: "[w]e are continuing to prepare the privilege log." Dkt. 225, p. 3, Ex. B. Again, it is not known whether the privilege log has yet been

completed or produced to LVB.

**HyTech**

Defendant HyTech only produced emails from only the email account of one person, its finance specialist, Jason Jennings. In his certification, Mr. Jennings explains that while Henry Dean is no longer an employee of the company, HyTech has preserved his email account in its records. Dkt. 219, ¶ 1. HyTech should search Mr. Dean's email account at HyTech, produce all responsive, non-privileged emails from that account and any other account that may include responsive emails, and certify under penalty of perjury: (i) that the email account was searched (that the account has been preserved) and each step taken to conduct such search; (ii) the date range of such search; and (iii) that all responsive communications and documents in HyTech's or Mr. Dean's possession, custody, and control have been produced.

Accordingly, it is **ORDERED**:

1. Defendants are to comply in full with the Court's January 9th Order (Dkt. 211) immediately and in any event, no later than **Monday, January 28, 2019** by close of business.

2. LVB is entitled to its additional, reasonable costs attorneys' fees for bringing this motion (in addition to the fees this Court has already permitted LVB to seek for the initial motion to Compel) (Dkt. 211, ¶ 12);

3. LVB's expert may have an additional **twenty-one (21) days** from the date each Defendant has certified full compliance with this Court's January 9th Order (Dkt. 211) to amend her expert report to account for the untimely discovery;

4. The deadline for LVB to produce its expert for deposition shall be **fourteen (14) days** following service of the amended report.

DATED this 22nd day of January, 2019.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge