UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LVB-OGDEN MARKETING, LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>DAVID S. BINGHAM, SHARON BINGHAM, CHRISTOPHER BINGHAM, CHERISH BINGHAM, KELLY BINGHAM, BINGO INVESTMENTS, LLC, CCRB ENTERPRISES, LLC, SKBB ENTERPRISES, LLC, PARK PLACE MOTORS, LTD., HYTECH POWER, INC., HENRY DEAN, in his individual capacity and as Trustee for the SHARON GRAHAM BINGHAM 2007 TRUST, and BGH HOLDINGS, LLC,<br><br>      Defendants. | CASE NO. 2:18-cv-00243-TSZ<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR *EX PARTE* ORDER TO COMPEL COMPLIANCE AND FOR SANCTIONS** |

On January 9, 2019, the undersigned granted the motion to compel (Dkt. 178) of Plaintiff LVB-Ogden Marketing, LLC ("LVB") Dkt. 211. Pursuant to the Court's Order, Defendants David S. Bingham, Sharon Bingham, Christopher Bingham, Cherish Bingham, Kelly Bingham (the "Bingham Defendants"), Bingo Investments, LLC ("Bingo"), CCRB Enterprises, LLC ("CCRB"), SSKB Enterprises, LLC ("SSKB"), Park Place Motors, Ltd. ("Park Place"), Hytech Power, Inc. ("HTP" or "HyTech"), and Henry Dean, as Trustee for the Sharon Graham Bingham 2007 Trust ("the Trustee") were ordered, *inter alia*, to produce by January 14, 2019, complete answers to specified interrogatories and produce all non-privileged documents within their

ORDER GRANTING PLAINTIFF'S *EX PARTE*
MOTION TO COMPEL AND SANCTIONS - 1

possession, custody, or control. The Trustee was required to submit a privilege log for any documents withheld on the basis of privilege. *Id.*, ¶ 8. Defendants were also ordered to certify under penalty of perjury: (i) which email accounts were searched (and that those accounts have been preserved) and each step taken to conduct such search; (ii) the date range of such search; and (iii) that all responsive communications and documents in their possession, custody, and control have been produced. *Id.*, ¶ 11. When Defendants failed to comply with that deadline, LVB filed a motion for order requiring compliance. Dkt. 225. The Court granted the motion and again ordered the Defendants to comply with the Court's January 9, 2019 Order, this time with a deadline of January 28, 2019. Dkt. 242. LVB is again before the Court seeking an *ex parte* order compelling Defendants to comply with the undersigned's previous orders. Dkt. 248.

This motion was referred to the undersigned by the Honorable Thomas S. Zilly pursuant to 28 U.S.C. § 636(b)(1)A) and Local Magistrate Judge's Rule MJR 3. For the reasons discussed herein, LVB's motion is **GRANTED**.

## DISCUSSION

Discovery orders may be enforced against Defendants under Rule 37(b)(2)(A):

> **For Not Obeying a Discovery Order**. If a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). Courts routinely grant sanctions under Rule 37(b) when parties repeatedly fail to comply with discovery orders. LVB contends Rules 37(b) sanctions against Defendants are warranted in this case because:

    1) The Bingham Defendants, Bingo Investments, CCRB, and SKBB did not provide any further response or file any amended certifications. Dkt. 248-2, Declaration of Jonathan J. Faria, ¶ 2. This is despite the Court's ruling that the Defendants had unreasonably narrowed their searches to two search terms and the Court's Order that "all additional responsive, non-privilege emails should be produced immediately" and in no event later than January 28, 2019. Dkt. 242, pp. 3, 4.

    2) Defendant HyTech was ordered to "search Mr. Dean's email account at HyTech, produce all responsive, non-privileged emails from that account and any other account that may include responsive emails, and certify under penalty of perjury: (i) that the email account was searched (that the account has been preserved) and each step taken to conduct such search; (ii) the date range of such search; and (iii) that all responsive communications and documents in HyTech's or Mr. Dean's possession, custody, and control have been produced." Dkt. 242, p. 4. No certification under penalty of perjury was provided. And no complete production was made. Instead, HyTech unilaterally limited LVB's requests to the year 2018 only and produced only four emails. Dkt. 248-2, Faria Ex. A. It also failed to produce attachments to e-mails. *Id.*, Faria Decl. ¶ 8. It also ignored the Court's instruction about "any other account that may include responsive emails" and unreasonably limited its search to just Jason Jennings and Mr. Dean, when its own e-mail demonstrates that additional custodians Phil Jennings, Doug Durst, and Thomas Mentele clearly have knowledge of money flowing into and out of the company, and

whose knowledge (or lack thereof) of transfers between HyTech and the Trust would be relevant here. *Id.*, Exs. D-G (example e-mails).

3) Defendant Henry Dean, as Trustee, also failed again to meet the Court's January 28th deadline. Instead, LVB received an e-mail on January 28, 2019 stating, "[w]e are continuing to review the materials" (Dkt. 248-2, Faria Ex. B), along with a "privilege log", which contains no statement or explanation of any basis for privilege for the over more than 2,000 documents the Trustee is withholding, and is limited to only one of Mr. Dean's e-mail accounts. *See id.*, Faria Ex. C. The "log" is simply "To/From/Subject/Date" e-mail metadata extracted from the withheld emails. However, the log contains no explanation of the basis for the privilege, including emails with subject lines such as: "Pope plays Golf?," "Stormy Daniels lawyer faces his own financial scrutiny," "Your dog groomer?," and "THIS NEVER HAPPENS AT MY DRY CLEANER." *Id.* at 22, 24-25, 231. On January 29, 2019, after the Court's deadline, Defendant Dean sent an e-mail claiming that more of the withheld e-mail was being produced.

Having reviewed LVB's *Ex Parte* motion, the Court finds LVB has shown good cause for an order to compel compliance and for sanctions. Accordingly, the Court **ORDERS**:

1. Defendants have not fully complied with the Court's January 9, 2019 (Dkt. 211) and January 22, 2019 (Dkt. 242) Orders and must fully comply with these Orders immediately and, in any event, not later than **Friday, February 1, 2019** by close of business. Defendants are hereby warned that failure to fully comply by **Friday, February 1, 2019** may be grounds for further sanctions, including terminating sanctions – **full compliance requires**:

- Each defendant must search for and produce all responsive documents subject to the Court's previous orders, and certify under penalty of perjury (i) that they have done so, and (ii) describe the steps taken to confirm they have done so.

- Defendant HyTech Power must produce all e-mail attachments missing from documents previously produced, all responsive e-mail from Henry Dean's account for

ORDER GRANTING PLAINTIFF'S *EX PARTE*
MOTION TO COMPEL AND SANCTIONS - 4

2010 to the present, and all responsive e-mail from the accounts of Phil Jennings, Doug Durst, and Thomas Mentele.

- The Trustee must produce all documents currently being withheld that do not appear on the Trustee's privilege log. The Trustee must also produce a complete privilege log for all documents being withheld, including a column explaining the subject matter of the communication and basis for withholding the document as privileged.

2. LVB's obligation to oppose any summary judgment motions in this proceeding is hereby **CONTINUED** to the later of (i) March 22, 2019 or (ii) when full compliance with this Order has been certified.

3. Monetary sanctions are hereby **ORDERED** against Defendants David Bingham, Sharon Bingham, Chris Bingham, Cherish Bingham, Kelly Bingham, Bingo Investments, CCRB Enterprises, SKBB Enterprises, HyTech Power and the SGB 2007 Trustee, or their respective counsel, in the amount of **$1,000.00 per Defendant**, to be paid to LVB and delivered to LVB's counsel before the end of business on **Friday, February 8, 2019**. This monetary sanction is in addition to any attorney fees LVB may be awarded for bringing three motions to compel.

4. LVB's motion for an order declaring that Defendants shall be prohibited from disputing that any transfers in which they were involved were fraudulent transfers as a sanction for their repeated non-compliance with this Court's discovery orders, is **DENIED** at this time. However, should Defendants fail to comply in full with this Order, the Court will recommend terminating sanctions.

DATED this 31st day of January, 2019.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge