THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LVB-OGDEN MARKETING, LLC,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>DAVID S. BINGHAM, SHARON BINGHAM, CHRISTOPHER BINGHAM, CHERISH BINGHAM, KELLY BINGHAM, BINGO INVESTMENTS, LLC, CCRB ENTERPRISES, LLC, SKBB ENTERPRISES, LLC, PARK PLACE MOTORS, LTD., HYTECH POWER, INC., HENRY DEAN, in his individual capacity and as Trustee for the SHARON GRAHAM BINGHAM 2007 TRUST, and BGH HOLDINGS, LLC,<br><br>　　　　　　　Defendants. | No. 2:18-CV-00243-TSZ<br><br>**PLAINTIFF'S SUPPLEMENTAL BRIEF REGARDING THE FURTHER SELF-SETTLED TRANSFER OF ASSETS** |

**PLAINTIFF'S SUPPLEMENTAL BRIEF RE ADDITIONAL SELF-SETTLED TRANSFERS**
No. 2:18-CV-00243-TSZ

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

## I. INTRODUCTION

Pursuant to this Court's Order (ECF 243), Plaintiff LVB-Ogden Marketing LLC ("LVB") submits this supplemental brief to address a single, straightforward, and undisputed reality: the Trustee's latest attempt to take the Binghams' personal assets back into the Trust is *again* self-settled for the reasons the Court has already addressed and ruled upon. Regardless of whether the Trustee holding other judgments has any legal consequence in this proceeding, and regardless of whether his attempt to circumvent this Court's summary judgment order by selling off three of those assets was proper (it was not), the end result is the same: the Binghams' personal property has *again* been transferred into a trust for which Sharon Bingham is the beneficiary. The property therefore remains self-settled and seizable by LVB for the reasons articulated in the Court's December 7, 2018 order granting LVB's summary judgment motion.

Indeed, the Court previously addressed a scheme whereby (i) the Trustee used a promissory note and a security agreement to turn the Binghams into debtors of the Trust, (ii) the Binghams defaulted on that note, and therefore (iii) the Trustee took the Self-Settled Assets into the Trust as collateral. ECF 182 (Order) at 4-5. The Court correctly held that the assets remained seizable by LVB regardless for two independent reasons: **RCW 19.36.020**, which voids as to creditors "***all transfers or assignments***, verbal or written, of goods, chattels, or things in action, made in trust for the use of the person making the same," and under **RCW 6.32.250** because the property "did not proceed from a person other than the judgment debtors[.]" ECF 182 (Order) at 6-10.

The same result is compelled here. On this occasion, the Binghams have purportedly been made creditors of the Trust by virtue of the Trustee purchasing judgments against them. Using a judgment rather than a security agreement, the Trustee served writs upon the Binghams, and took three of the exact same Self-Settled Assets back into the Trust. Once again, the Binghams' own property was transferred into the Trust, and thus once again there was both a voidable self-settled transfer under RCW 19.36.020 and a transfer of the Binghams' own property—property that "did not proceed from a person other than the judgment debtors"—into the Trust under RCW 6.32.250.

**PLAINTIFF'S SUPPLEMENTAL BRIEF RE ADDITIONAL SELF-SETTLED TRANSFERS** – 1
No. 2:18-CV-00243-TSZ

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

The transfer taking the property from the Binghams back into the Trust was thus *again* void as to creditors such as LVB, and the Trustee cannot not legitimately proceed to sell off the assets.

Moreover, the result would also be the same even if the Trustee ultimately went through with a Sheriff's sale and purchased the Binghams' property from himself to put back into the Trust. Once again, the Binghams' own property would be transferred into the Trust, with the same non-effect as to creditors under RCW 19.36.020 and RCW 6.32.250. Or the Trustee would transfer property from the Trust to the Trust, which would also maintain the status quo. The parties and the Court would end up back at square one, with LVB having the right to seize the assets. The Trustee's latest scheme is simply another attempt to delay the inevitable, and prolong the resolution of this proceeding as long as possible. Accordingly, LVB respectfully requests that the Court (i) reiterate that the most recent transfers were self-settled under the Court's prior ruling; and (ii) put in place the temporary restraining order the Court previously entered as to those assets (ECF 230) until such a time as LVB is able to execute upon them.

**II.     FACTUAL BACKGROUND**

The Court has already accurately detailed the Trustee's first scheme to transfer the Binghams' own assets into Sharon Bingham's Trust. ECF 182 (Order) at 4-5. As the Court noted, in 2011 the Trustee loaned money to the Binghams pursuant to promissory notes that were accompanied by a Security Agreement securing the Self-Settled Assets as collateral. *Id*. The Binghams predictably defaulted on these loans, entitling the Trustee to seize the Self-Settled Assets as collateral. *Id.*; ECF 5-25 (Security Agreement) § 6. The Trustee then did so pursuant to the 2012 Settlement Agreement. ECF 182 at 4-5. Thereafter, he attempted to thwart creditors pursuing the Binghams by claiming the Binghams' personal property was now in the Trust and could not be reached. ECF 5-19 (Dean Decl. from Centrum Proceeding) at ¶¶ 3-6.

The Trustee's latest scheme in response to this Court's December 7, 2018 summary judgment order is not meaningfully different. Rather than being debtors under a Security Agreement, here the Trustee claims the Binghams are judgment debtors of the Trust because the

PLAINTIFF'S SUPPLEMENTAL BRIEF RE
ADDITIONAL SELF-SETTLED TRANSFERS – 2
No. 2:18-CV-00243-TSZ

CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

Trust is holding a judgment against the Binghams as an asset. ECF 226 at 1.[1]  Relying on those judgments, the Trustee took the Court's interim order on LVB's summary judgment motion, served writs of execution on Sharon and David Bingham, and again seized three of the Self-Settled Assets for the Trust.  *Id.*; Ex. A-B.  The transfer of these three assets back into the Trust had the same effect as the prior scheme: it is a transfer of the Binghams' own property back into a Trust for which Sharon Bingham is the beneficiary:





The same will be true *again* if the Trustee were to purchase the three Self-Settled Assets at a Sheriff's Sale.  Again, this would be a transfer of the Binghams' own property to a Trust for which Sharon Bingham is the beneficiary.  Or a transfer from the Trust to itself, which would not change the status quo either.  As before, the only effect of the Trustee's self-settled transfer is to delay the inevitable by requiring the Court and LVB to again adjudicate what has already been decided: transfers to the Trust of the Binghams' own property does not prevent its seizure by LVB.

---

[1] As has been addressed in prior Supplemental Briefing, there are many, independent ways in which this Court can and should hold that the Trustee's purchase of these judgments has no legal effect here, and is no impediment to LVB's execution on Trust assets, including because (i) judgment liens only attach to real property; (ii) the judgments themselves are seizable if LVB prevails on the second component of its Declaratory Judgment claim regarding loss of spendthrift character; (iii) LVB's judgment has priority over the Centrum judgment; and (iv) Washington law does not permit the Trustee to hold liens on the Trust's own property. ECF 143 at 1-7.

PLAINTIFF'S SUPPLEMENTAL BRIEF RE
ADDITIONAL SELF-SETTLED TRANSFERS – 3
No. 2:18-CV-00243-TSZ

CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

### III. ARGUMENT

The Court and LVB have already identified the law applicable to self-settled transfers. ECF 182 (Order) at 6-10. In its Order, the Court correctly identified two independent bases upon which the Self-Settled assets were seizable by LVB: (i) that transfers of the beneficiaries own property to her trust is void as to creditors under RCW 19.36.020; and (ii) that property placed in the trust by the Binghams is property that did not proceed from a person other than the judgment debtors, and thus is subject to seize under RCW 6.32.250. ECF 182 (Order) at 6-9. Both bases apply equally to the transfer of the Binghams' own property to the Trust by virtue of the judgments it purports to hold.

**RCW 19.36.020.** The Court correctly held that, on its face, RCW 19.36.020 voids any self-settled transfers, which the statute broadly defines as "all deeds of gift, all conveyances, and ***all transfers or assignments***, verbal or written, of goods, chattels, or things in action, made in trust for the use of the person making the same[.]" ECF 182 (Order) at 7 (quoting RCW 19.36.020) (emphasis added). The Court's order followed long-standing precedent. *In re Huber*, 493 B.R. 798, 809 (Bankr. W.D. Wash. 2013) ("[P]ursuant to RCW 19.36.020, transfers made to self-settled trusts are void as against existing or future creditors. . . . This statute has been in existence for well over a century[.]") (citing *Carroll v. Carroll,* 18 Wn. 2d 171, 175 (1943)).[2]

The Court also correctly rejected Defendants' attempt to manufacture an exception to the broad language of that statute where none exists. ECF 182 at 8-9 ("There is no exception in the statute for transfers into trusts where consideration is exchanged . . . None of these cases cited by

---

[2] *In re Jordan*, 914 F.2d 197, 200 (9th Cir. 1990) ("Because the trust was funded from the consideration received by [the beneficiary] in exchange for the settlement of his personal injury claim, it was self settled under Washington law and was not excludable from the bankruptcy estate."); *In re Pettit*, 61 B.R. 341, 346 (Bankr. W.D. Wash. 1986) ("This plan would not be an enforceable spendthrift trust under Washington law because it is funded mainly by the debtor/beneficiary and may be invaded as to most of the funds at any time and for any reason."); *Wells Fargo Bank, N.A. v. Hoag*, No. 1 CA-CV 15-0559, 2016 WL 6436830, at *2-3 (Ariz. Ct. App. Nov. 1, 2016) ("Hoag created the [trusts] with his own funds, and made himself one of the trust beneficiaries. Therefore, the spendthrift provisions of the [trusts] are invalid . . . pursuant to RCW 6.32.250."); Restatement (Third) of Trusts § 58(2) ("A restraint on the voluntary and involuntary alienation of a beneficial interest retained by the settlor of a trust is invalid.").

**PLAINTIFF'S SUPPLEMENTAL BRIEF RE ADDITIONAL SELF-SETTLED TRANSFERS** – 4
No. 2:18-CV-00243-TSZ

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

Defendants endorse the novel position advanced by Defendants—that a debtor can protect its assets from seizure by taking out loans from a spendthrift trust and then transferring other assets back into the trust."). There is likewise no exception recognized for transfers into a trust pursuant to judgment collection. And that is precisely what the Trustee contends happened after the Court's December 7, 2018 summary judgment ruling, and would happen again if the Trust purchased the assets at any Sheriff's sale. As noted above, the Trustee contends that, once he received this Court's summary judgment order, he served writs on the Binghams, seized three of the Self-Settled Assets back into the Trust, and then attempted to sell them. *Supra* at § II. That transfer of the Binghams' own property back into the Trust is again self-settled under RCW 19.36.020 and the case law the Court has already identified—and therefore was void as to creditors. And it would be again should the Trustee attempt to again purchase the Binghams' personal property and bring it back into the Trust—so that they can continue to have unfettered access to it without ever satisfying the judgments against them. Defendants once again have not, and cannot, avoid this long-standing point of Washington law, and the scheme simply brings the parties back to where they were on December 7, 2018: LVB is entitled to execute upon all of the Self-Settled Assets, including the three that the Trustee took back into the Trust.

**RCW 6.32.250.** The Court also correctly held that the Self-Settled Assets are seizable under 6.32.250 because "[t]he property that Plaintiff is attempting to seize was placed in the trust by the Binghams—it did not proceed from a person other than the judgment debtors and it is subject to seizure." ECF 182 (Order) at 6. That conclusion also followed long-standing Washington precedent. *In re White*, 61 B.R. 388, 392 (Bankr. W.D. Wash. 1986) ("[One of the] two basic requirements for a valid spendthrift trust in Washington State [is that] [t]he trust must be funded by, or proceed from, a settlor other than the beneficiary."); *see In re Huber*, 493 B.R. at 809 ("[T]he Debtor's transfers of [his own] assets into the Trust are void, and the Trustee is entitled to summary

PLAINTIFF'S SUPPLEMENTAL BRIEF RE
ADDITIONAL SELF-SETTLED TRANSFERS – 5
No. 2:18-CV-00243-TSZ

CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

judgment as a matter of law[.]").[3] And that is also true here, which is another independent basis to hold that the three assets the Trustee seized remain self-settled. Once again, the three Self-Settled assets at issue "were transferred to the SGB Trust by the Defendants, including Sharon Bingham, the sole beneficiary of the SGB Trust. Those assets, now held in trust for Sharon Bingham in the SGB Trust, are subject to seizure by judgment creditors." ECF 182 (Order) at 10 (citing RCW 6.32.250). Once again, there is no recognized exception to the rule for transfers made pursuant to judgment collection, or to satisfy a judgment—just as there was no exception for transfers made to satisfy the Binghams' debt under the promissory note and security agreement.

## IV. CONCLUSION

For the foregoing reasons, the Court should (i) reiterate again that any transfer of the Self-Settled Assets to the Trust pursuant to the latest transfer scheme would not prevent them from being seized by LVB; and (ii) put in place the temporary restraining order the Court previously entered as to those assets (ECF 230) until such time as LVB is able to execute upon them.

DATED: February 1, 2019

*s/ William R. Squires III*
William R. Squires III, WSBA No. 4976
CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Telephone: (206) 625-8600 Fax: (206) 625-0900
E-mail:   rsquires@corrcronin.com

Jeffrey L. Willian (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2257
Email:   jwillian@kirkland.com

---

[3] Restatement (Third) of Trusts § 58, cmt. *f* (stating that "if instead [of contributing to a trust at inception], B [the beneficiary] had made her $250,000 contribution to the trust at a later time, when the trust estate had appreciated by 50 percent to $750,000, she would become settlor of a one-quarter share of the then $1 million trust fund"). Nor must an asset be transferred directly from the beneficiary to the Trust to be deemed self-settled. *E.g.*, *In re Jordan*, 914 F.2d at 199 (recognizing self-settled trust where money held by third party due to beneficiary was placed in trust); *In re White*, 61 B.R. at 393 (recognizing self-settled trust where beneficiary placed assets in trust through use of corporation); Restatement (Third) of Trusts § 58. *cmt. f* ("The rule of Subsection (2) [regarding self-settled assets] is not limited to the cases in which the beneficiary actually conveyed the property to the trust or executed the trust instrument[.]").

**PLAINTIFF'S SUPPLEMENTAL BRIEF RE ADDITIONAL SELF-SETTLED TRANSFERS** – 6
No. 2:18-CV-00243-TSZ

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

| | |
|---|---|
| 1 | |
| 2 | Tammy A. Tsoumas (admitted *pro hac vice*)<br>Jonathan J. Faria (admitted *pro hac vice*)<br>KIRKLAND & ELLIS LLP<br>333 S. Hope Street<br>Los Angeles, CA 90071<br>Telephone: (213) 680-8400<br>Email:   tammy.tsoumas@kirkland.com<br>            jonathan.faria@kirkland.com |
| 3 | |
| 4 | |
| 5 | |
| 6 | *Attorneys for Plaintiff* |

**PLAINTIFF'S SUPPLEMENTAL BRIEF RE**
**ADDITIONAL SELF-SETTLED TRANSFERS** – 7

No. 2:18-CV-00243-TSZ

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Emanuel Jacobowitz
R. Bruce Johnston
Nathan J. Arnold
JOHNSTON JACOBOWITZ & ARNOLD, PC
2701 First Avenue, Suite 200
Seattle, WA 98121
Telephone: (206) 866-3230
Email: manny@jjalaw.com
        bruce@rbrucejohnston.com
        Nathan@jjalaw.com
*Attorneys for Defendants David S. Bingham, Sharon Bingham, Christopher Bingham, Cherish Bingham, Kelly Bingham, Bingo Investments, LLC, and CCRB Enterprises, LLC*

Scott B. Henrie
WILLIAMS KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
Telephone: (206) 628-6600
Email: shenrie@williamskastner.com
*Attorneys for Defendant Park Place Motors, Ltd. and Henry Dean as Trustee for the Sharon Graham Bingham 2007 Trust*

Manish Borde
BORDE LAW PLLC
600 Stewart Street, Suite 400
Seattle, WA 98101
Telephone: (206) 905-6129
Email: mborde@bordelaw.com
*Attorneys for Defendants Henry Dean, as Trustee of the Sharon Graham Bingham 2007 Trust, HyTech Power, Inc., and Park Place Motors, Ltd.*

Dennis J. McGlothin
Robert J. Cadranell, II
WESTERN WASHINGTON LAW GROUP PLLC
7500 212th St. S.W., Suite 270
Edmonds, WA 98026
Phone: 425-428-7296
Email: dennis@westwalaw.com
        robert@westwalaw.com
*Attorneys for Defendants Henry Dean in his individual capacity, Cicilia Elali, and BGH Holdings, LLC*

CERTIFICATE OF SERVICE
No. 2:18-CV-00243-TSZ

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

| | |
|---|---|
| 1 | *s/ William R. Squires III* |
| 2 | William R. Squires III, WSBA No. 4976<br>Attorney for Plaintiff |
| 3 | CORR CRONIN LLP<br>1001 Fourth Avenue, Suite 3900 |
| 4 | Seattle, Washington 98154-1051<br>Telephone: (206) 625-8600 |
| 5 | Fax: (206) 625-0900<br>e-mail: rsquires@corrcronin.com |

**CERTIFICATE OF SERVICE**

No. 2:18-CV-00243-TSZ

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600