The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LVB-OGDEN MARKETING, LLC,

Plaintiff,

v.

DAVID S. BINGHAM, SHARON BINGHAM, CHRISTOPHER BINGHAM, CHERISH BINGHAM, KELLY BINGHAM, BINGO INVESTMENTS, LLC, CCRB ENTERPRISES, LLC, PARK PLACE MOTORS, LTD., HYTECH POWER, INC., HENRY DEAN, as Trustee for the SHARON GRAHAM BINGHAM 2007 TRUST, and BGH HOLDINGS, LLC,

Defendants.

NO. 2:18-cv-00243-TSZ

CONSOLIDATED SUPPLEMENTAL BRIEF OF DEFENDANTS

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 905-6129

## Table of Contents

I. INTRODUCTION ........................................................................................................ 1
II. AUTHORITY & ARGUMENT ........................................................................................ 1
A. The Umpqua Bank judgment is not a self-settled asset. .................................................. 1
B. Sharon Bingham does not control Mr. Dean or the Umpqua Bank judgment .............. 2
C. The Trustee, through the Umpqua Bank judgment, has priority over the assets that are the subject of the pending King County Sheriff's Sale. ........................................................ 3
III. CONCLUSION ............................................................................................................ 5

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 905-6129

## I. INTRODUCTION

Pursuant to the Minute Order entered on January 23, 2019 at Dkt. No. 243, the Defendants file this supplemental brief regarding the Umpqua Bank judgment against Plaintiff LVB's judgment debtors (the "Judgment Debtors"), which has been assigned to the Trustee of the Sharon Graham Bingham 2007 Trust (the "Trust"). The Defendants incorporate their prior briefing and declarations on these subjects at Dkt. Nos. 38, 39, 42 and 145. LVB does not appear to dispute that the Umpqua Bank judgment was entered in an authentic adversarial proceeding brought by another creditor of LVB's Judgment Debtors, and was assigned to the Trustee in an arm's-length, commercial transaction for fair value.

Defendants will address the three issues which LVB has raised in derogation of the Trustee's rights under the Umpqua Bank judgment. Defendants will show that: (1) the Umpqua Bank judgment itself is not a "self-settled asset" by any definition; (2) Sharon Bingham does not control Mr. Dean and/or the judgment, so the assignment to the Trustee was and remains valid; and (3) the Trustee, through the Umpqua Bank judgment, has priority over the assets that are the subject of the pending King County Sheriff's sale.

## II. AUTHORITY & ARGUMENT

### A. The Umpqua Bank judgment is not a self-settled asset.

The Court has ruled that a "self-settled asset" is one which "proceeds from" Sharon Graham Bingham, as she is the beneficiary of the Sharon Graham Bingham 2007 Trust. Dkt. No. 182 at 2:6-7; 6:18-20, 7:6-8.[1] It is undisputed that Sharon Bingham never had title to the Umpqua Bank judgment, and was never an assignee of Umpqua Bank. Rather, the uncontroverted evidence is that Umpqua Bank assigned its judgment directly to the Trust.

[1] Defendants respectfully reserve for subsequent proceedings their disagreement with the Court's holding that assets acquired by the Trust from Mrs. Bingham and/or her husband for consideration "proceed from" her in this sense, but for purposes of this brief, they accept, *arguendo*, the Court's characterization.

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 905-6129

Because the judgment in no sense "proceeded from" Sharon Bingham, it is not a "self-settled asset" by any definition. *See e.g.*, Dkt. No. 42 (Dean declaration) at Exhibit L ¶ 11. There is also no evidence that the money to purchase the Umpqua Bank judgment came from Sharon Graham Bingham.

Even if Sharon Graham Bingham could somehow be deemed the assignee of the Umpqua Bank judgment (notwithstanding the documentation of the arms-length transaction demonstrating otherwise), laches would bar any claim to void such assignment under RCW 19.36.020. *See e.g.*, *Prater v. Houston*, 123 Wash. 640, 641-643, 212 P. 1064 (1923) ("Another feature of the case I think in itself sufficient to defeat the plaintiff's action, and that is estoppel or at least laches on the part of the plaintiff."). In a broader sense, laches bars all of LVB's attempts to invalidate the judgment or render it unenforceable in the Trustee's hands—as Mr. Dean showed, LVB was well aware of the Trustee's purchase of the judgment, and that he was prepared to use the judgment's priority against other creditors of the Judgment Debtors. If they believed they could prevent this use under RCW 19.36.020, they should have done something to enforce their supposed rights before the Trustee made almost a decade of financial choices based on the assignment of the judgment.

B. <u>Sharon Bingham does not control Mr. Dean or the Umpqua Bank judgment.</u>

LVB alleges that the Trust has lost its spendthrift status because Sharon Graham Bingham allegedly has the equivalency of ownership in Trust property and controls Mr. Dean. Dkt. No. 82 (First Amended and Verified Complaint) at ¶ ¶ 113 -115, 118.b. But after almost two years of discovery and the production of hundreds of thousands of emails, LVB has failed to come forth with any evidence that could support those dramatic allegations. Indeed, to imagine that Mrs. Bingham, the spendthrift housewife, controls Mr. Dean, the Marine and

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 905-6129

entrepreneur, is absurd on its face.[2] The undisputed evidence in the record demonstrates that it was Mr. Dean who negotiated with Umpqua Bank, and it is Mr. Dean who has always controlled the Umpqua Bank judgment. *See e.g.*, Dkt. No. 42 at ¶ ¶ 16.j, 16.k, 16.m, 24.n, Exhibit L.

C. The Trustee, through the Umpqua Bank judgment, has priority over the assets that are the subject of the pending King County Sheriff's Sale.

At the hearing on January 22, 2019, LVB argued that when a federal court and a state court each issue judgments against the same defendant, the first-entered judgment has priority for purposes of executing on the debtor's personal property. But the well-established rule is that whichever officer first takes possession of the property, be it the county sheriff or the U.S. Marshall, that creditor's writ of attachment and judgment has priority for purposes of execution.

The question seldom comes up any more, because this rule has not changed since the beginning of the federal system. The Supreme Court of the United States described the rule as ironclad by 1854:

> Then the case would be this: an execution from the court of the United States was delivered to the marshal on the 10th June, but no proceedings had until the 26th October; meantime executions from the state court were delivered to the sheriff, (to wit, on the 3d of August,) and the [property] levied upon, (to wit, on the 2d of September,) and sold, (to wit, on the 3d of October.)
>
> Now, the rule in such case, adopted because absolutely necessary to prevent collisions between different jurisdictions having a common authority over the same subject, is this: 'Where there are several authorities equally competent to bind the goods of a party, when executed by the proper officer, they (the goods) shall be considered as effectually, and for all purposes, bound by the authority which first actually attaches upon them, in point of execution, and under which an execution shall have

[2] Given the Court does not have subject matter jurisdiction over an alter ego claim, it is not even clear whether any claim that Mrs. Bingham controls Mr. Dean can even be a subject for adjudication in this forum.

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 905-6129

> been first executed.' *Payne v. Drewe*, 4 East. 523; *Hagan v. Lucas*, above cited.
>
> Upon this principle, the supreme court of North Carolina, in which State the common law still obtains that executions bind the goods from their *teste*, laid down the rule in these terms: 'When several executions issuing from different competent courts are in the hands of different officers, then, to prevent conflicts, if the officer holding the junior execution seizes property by virtue of it, the property so seized is not subject to the execution in the hands of the other officer, although first tested.' And the court held that 'a levy attaches upon the goods in point of execution.' *Jones v. Judkins*, 4 Dev. and Bat. 454.

*Pulliam v. Osborne*, 58 U.S. 471, 473, 15 L. Ed. 154 (1854); *see also Brown v. Clarke*, 45 U.S. 4, 15, 11 L. Ed. 850 (1846) ("The marshall levied upon the [property] on the 9th of November; the sheriff not till the 7th of December following. The former, therefore, under the law giving effect to the first seizure, was entitled to the property, and of course the purchaser at his call acquired the better title."); RCW 6.17.160(2) ("Personal property, capable of manual delivery, shall be levied on by taking into custody."); *Monks & Miller v. Fein*, 125 Wash. 230, 238, 215 P. 525 (1923) ("It is the rule that, to make a valid levy on personal property, the officer must do something which will amount to a change of possession, or which is equivalent to a claim of dominion over the property, coupled with the power to enforce it. He must do something which would make him a trespasser but for the protection of the writ.") (internal citation omitted). Because the King County Sheriff, acting on the writ of execution obtained in the Umpqua Bank state court proceeding, was the first to take physical possession of those Disputed Assets identified in the Sheriff's Notice of Sale, the Umpqua Judgment in the Trustee's hands has priority to those assets.

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 905-6129

## III. CONCLUSION

There is no evidence the Umpqua Bank judgment "proceeded from" Sharon Graham Bingham. There is also no evidence that Mrs. Bingham has exercised control over the Umpqua Bank judgment specifically, or over Mr. Dean. As a result, the Umpqua Bank judgment is an enforceable judgment. Because the King County Sheriff was the first to possess those Disputed Assets that are described in the Sheriff's Notice of Sale, it is the Trustee, as assignee of Umpqua Bank, that has priority to those assets.

Dated this 1st day of February, 2019.

s/Manish Borde
Manish Borde, WSBA #39503
BORDE LAW PLLC
600 Stewart Street, Suite 400
Seattle, WA 98101
Telephone: (206) 905-6129
mborde@bordelaw.com

***Attorneys for Defendants Henry Dean, as Trustee of the Sharon Graham Bingham 2007 Trust, HyTech Power, Inc., and Park Place Motors, Ltd.***

CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2019, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to those registered on CM/ECF, including the following:

Scott B Henrie shenrie@williamskastner.com, rvansteen@williamskastner.com

Dennis John McGlothin dennis@westwalaw.com, docs@westwalaw.com

Emanuel Fraser Jacobowitz manny@jjalaw.com, Pattie@jjalaw.com

Heather F. Canner heather.canner@kirkland.com

Jeffrey L Willian jwillian@kirkland.com

Jonathan J Faria jonathan.faria@kirkland.com, amy.palafox@kirkland.com, michael.tecuanhuehue@kirkland.com, tammy.tsoumas@kirkland.com

Manish Borde mborde@bordelaw.com

Nathan J Arnold nathan@jjalaw.com, pattie@jjalaw.com

R. Bruce Johnston bruce@rbrucejohnston.com

Robert Joseph Cadranell , II Robert@westwalaw.com, docs@westwalaw.com

Tammy Ann Tsoumas tammy.tsoumas@kirkland.com

William Randolph Squires , III rsquires@corrcronin.com, amy.palafox@kirkland.com, mbdahl@corrcronin.com, reception@corrcronin.com

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 905-6129

DATED this 1st day of February, 2019.

s/Manish Borde____________
Manish Borde, WSBA #39503
BORDE LAW PLLC
600 Stewart Street, Suite 400
Seattle, WA 98101
Telephone: (206) 905-6129
mborde@bordelaw.com
***Attorneys for Defendants Henry Dean, as trustee of the Sharon Graham Bingham 2007 Trust, HyTech Power, Inc., and Park Place Motors Ltd.***

CONSOLIDATED SUPPLEMENTAL BRIEF OF DEFENDANTS - 7
(2:18-cv-00243-TSZ)

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 905-6129

6754552.1