1

2

3

4

5

6

7

The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

10

11

12

13

14

15

16

LVB-OGDEN MARKETING, LLC,

            Plaintiff,

      v.

DAVID S. BINGHAM, SHARON BINGHAM,
CHRISTOPHER BINGHAM, CHERISH
BINGHAM, KELLY BINGHAM, BINGO
INVESTMENTS, LLC, CCRB
ENTERPRISES, LLC, PARK PLACE
MOTORS, LTD., HYTECH POWER, INC.,
HENRY DEAN, as Trustee for the SHARON
GRAHAM BINGHAM 2007 TRUST, and BGH
HOLDINGS, LLC,

            Defendants.

NO.  2:18-cv-00243-TSZ

OBJECTION TO ORDER ENTERED BY
MAGISTRATE JUDGE, DKT. NO. 251

NOTE ON MOTION CALENDAR:

February 5, 2019

17

18

19

20

21

22

23

24

25

## Table of Contents

I. INTRODUCTION ............................................................................................................... 1

II. AUTHORITY & ARGUMENT ......................................................................................... 1

   A.    It was clearly erroneous and contrary to law to issue sanctions without affording the defendants a reasonable opportunity to respond to the request for sanctions. ......................... 2

   B.    It was clearly erroneous and contrary to law for the Court to conclude that the privilege log was not adequate given governing 9th Circuit law. ............................................. 6

   C.    The Court's Order on the *ex parte* motion should be revised to absolve the Trustee and HyTech Power, Inc. of sanctions .................................................................................... 8

III. CONCLUSION ................................................................................................................ 9

OBJECTION TO ORDER ENTERED BY MAGISTRATE JUDGE,
DKT. NO. 251 - i
(2:18-cv-00243-TSZ)

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 905-6129

6755443.1
6755443.1

I.  <u>INTRODUCTION</u>

HyTech Power, Inc. (now HTP, Inc.) and Henry Dean, in his capacity as Trustee for the Sharon Graham Bingham 2007 Trust, respectfully request the Court reconsider the January 31, 2019 Order Granting Plaintiff's Motion for *Ex Parte* Order to Compel Compliance and for Sanctions, Dkt. No. 251 (the "Order").  The Order was entered without allowing HyTech Power, Inc. or the Trustee a reasonable opportunity to respond.  Reconsideration of the Order is appropriate because Judge Tsuchida adopted statements made in the supporting declaration of LVB's counsel where the statements were at minimum misleading.  Due process requires granting the Trustee and HyTech Power, Inc. a reasonable opportunity to respond to a request for sanctions, particularly when the Court is now contemplating a further sanction of the inability to challenge transfers as fraudulent transfers, i.e., taking away HyTech's defense notwithstanding documentation regarding those transfers have been produced.

II.  <u>AUTHORITY & ARGUMENT</u>

28 U.S.C. § 636 provides in relevant part:

(b)(1) Notwithstanding any provision of law to the contrary--

(A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

Fed. R. Civ. P. 72 provides, in relevant part:

(a) Nondispositive Matters. When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. **A party may serve and file objections to the order within 14 days after being served with a copy**. A party may not assign as error a defect in the order not timely objected to. The

OBJECTION TO ORDER ENTERED BY MAGISTRATE JUDGE,
DKT. NO. 251 - 1
(2:18-cv-00243-TSZ)

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 905-6129

6755443.1
6755443.1

district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Local Civil Rule 72 provides in relevant part:

Except as otherwise provided by court order or rule, objections to a magistrate judge's order or recommended disposition, or any response thereto, shall not exceed twelve pages.

(a) Nondispositive Matters

Any objection filed pursuant to this subsection must be noted for consideration for the day it is filed. No response shall be filed unless requested by the court. The request will set a date when the response is due, and may limit briefing to particular issues or points raised by the objections, may authorize a reply, and may prescribe page limitations.

A.   <u>It was clearly erroneous and contrary to law to issue sanctions without affording the defendants a reasonable opportunity to respond to the request for sanctions.</u>

Local Civil Rule 7(d)(1) contemplates the filing of *ex parte* motions.  The rule does not, however, spell out what may be necessarily considered on an *ex parte* basis.  The customary practice in this District is for *ex parte* motions to be filed for truly emergent matters or unopposed motions.  Plaintiff sought discovery sanctions in its *ex parte* motion.  Local Civil Rule 37 addresses discovery motions, and requires a meet and confer prior to the filing of any discovery motions.  Despite the request of HTP's counsel that it do so, LVB made no such attempt to meet and confer notwithstanding the motion LVB unilaterally filed sought sanctions (and not to mention on the bases that: (a) the defendants did not re-produce emails LVB already has in its possession and (b) email accounts over which HyTech Power, Inc. has no control and where no responsive records would reasonably be expected to be found were not searched).  LVB's motion can and should be denied as a result of LVB's willful refusal to meet and confer.

But even if LVB was not required to meet and confer with HyTech Power, Inc. or the Trustee prior to seeking sanctions for purported discovery violations, the Court should

OBJECTION TO ORDER ENTERED BY MAGISTRATE JUDGE, DKT. NO. 251 - 2
(2:18-cv-00243-TSZ)

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 905-6129

6755443.1
6755443.1

1   reconsider Judge Tsuchida's Order sanctioning the Trustee and HyTech Power, Inc. without

2   giving the parties any reasonable opportunity to respond.  LVB filed its *ex parte* motion on

3   January 29, 2019 at 5:58 PM.  The Order was entered on January 31, 2019 at 9:29 AM, the day

4   after it was referred to Judge Tsuchida by this Court.  Not only was there no justification to file

5   the motion *ex parte*, it was contrary to law to preclude the Trustee and HyTech Power, Inc. a

6   reasonable opportunity to respond to LVB's assertions.  *See, e.g.*, *Mission Power Eng'g Co. v.*

7   *Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995) (finding that "ex Parte motions are

8   rarely justified"); *Fuentes v. Shevin*, 407 U.S. 67, 80-82 (1972) (due process requires that

9   affected parties "are entitled to be heard" following "meaningful" notice, except in

10  "extraordinary situations"); *Sniadach v. Family Fin. Corp. of Bay View*, 395 U.S. 337, 339-40

11  (1969) ("the right to be heard has little reality or worth unless one is informed that the matter is

12  pending and can choose for himself whether to appear or default, acquiesce or contest").

13      There was no justification for the motion to be filed *ex parte* and for the motion to be

14  granted without a reasonable opportunity for HyTech Power, Inc. and the Trustee to be heard

15  when it was supported by a sworn misleading statement by LVB's counsel.  To wit, LVB

16  argued "Defendants' willingness to ignore multiple discovery orders of this Court is appalling,

17  beyond anything LVB ever would have expected . . .," Dkt. No. 248 at 3:5-6.  More appalling

18  is plaintiff's counsel's misrepresentation to the court regarding the claimed failure to search

19  and produce Mr. Dean's emails at HyTech Power, Inc.  LVB provided that an incomplete

20  production was made because "HyTech unilaterally limited LVB's requests to the year **2018**

21  **only** . . .."  Dkt. No. 248 at 2:1-2 (emphasis in original).  LVB omitted that all that was

22  required to be produced was emails from January 2018 onward because January of last year is

23  when Mr. Dean's email accounts at HyTech Power, Inc. were last swept for LVB.  *See*

24  Declaration of Norman Yee (filed herewith as Attachment A and originally filed in Case No.

25

OBJECTION TO ORDER ENTERED BY MAGISTRATE JUDGE,
DKT. NO. 251 - 3
(2:18-cv-00243-TSZ)

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 905-6129

6755443.1
6755443.1

1    2:17-cv-00528-TSZ at Dkt. No. 56) at ¶¶ 4, 6, 7.  Every single one of these emails (indeed,

2    466,000 emails in all) were delivered to LVB.[1]  Moreover, Mr. Jennings has certified on behalf

3    of HyTech that he searched his email where it might be expected that responsive documents

4    would be located back to June of 2016 which is far back as the beginning of the existence of

5    HyTech's server.  *See* Dkt. No. 260.

6          LVB next argued sanctions were appropriate because HyTech Power, Inc. did not run

7    searches in accounts held by former employees Doug Durst, Phil Jennings and Thomas

8    Mentele.  But there were only eight transactions in total between the Trust and HyTech Power

9    Inc. (now HTP) and according to Jason Jennings, there was no reason to believe that any of

10   these three individuals would have any records of communications regarding these transactions

11   or anything to do with them.  LVB's demand to run searches on these accounts was made on

12   Thursday, January 24, 2019, well after the discovery cut-off date.  *See* Dkt. No. 248-10 (Faria

13   declaration at page 4 of 7).  Mr. Jenning's declaration reflects that he had nevertheless been

14   making arrangements with HyTech Power LLC, which now controls the pertinent email server,

15   to obtain those emails.  Dkt. No. 260 at 3-4.  His good faith effort to try to obtain these emails

16   to be searched is what has delayed his filing of the required second certification.  Dkt. No. 260

17   at 3-4.  His second certification has now been filed.  *See* Dkt. No. 260.

18          The basis proffered by LVB for running searches in these custodians' email accounts

19   and producing for LVB are a handful of emails identified by Mr. Faria from 2017 concerning

20   what appears to be a dispute with an employee, cash flow related issues (potential investments

21   from private investors versus the company's payables), and a confidential discussion with a

22   prospective investor.  Nothing Mr. Faria produced had anything to do with the transactions in

23   issue or the Sharon Graham Bingham Trust.  Mr. Faria has had an entire year to pour over all

24   

25   _____
[1] Apparently, notwithstanding the 466,000 emails produced by Henry Dean and Cicilia Park to date, LVB still
does not have adequate evidence to prepare its case for trial.

OBJECTION TO ORDER ENTERED BY MAGISTRATE JUDGE,
DKT. NO. 251 - 4
(2:18-cv-00243-TSZ)

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 905-6129

6755443.1
6755443.1

of the HyTech emails of Henry Dean.  Mr. Faria's inability to support his declaration with any

meaningful emails proves Mr. Jennings original conclusion and confirms his belief that there

was no sound basis to require a search of these three additional email accounts.

Importantly, HyTech Power, Inc. (now HTP) is not a judgment debtor.  It is not

controlled by any of the judgment debtors or by Mr. Dean.  The claims against HyTech Power,

Inc. are for eight alleged fraudulent transfers from the Sharon Graham Bingham 2007 Trust.

All but three of these where primarily loans, all of which were repaid.  Nothing in these

communications filed by LVB justify satisfying the belated request of LVB to search three (3)

additional custodians when there is no likelihood of locating responsive records.  Mr. Faria

assumes the company is exposed to endless discovery by the court's recent orders at Mr.

Faria's whim, but even if the loans repaid by HyTech Power, Inc. could somehow equate to a

fraudulent transfer voidable by LVB (which in the first instance requires concluding that

Sharon Bingham controls Henry Dean, evidence to which has not yet been revealed by LVB

notwithstanding the 466,000 emails in LVB's possession), the reality is that all the responsive

documents in HyTech Power, Inc. (now HTP)'s control have been produced.

Even if the Court was inclined to entertain plaintiff's recent discovery demand

regarding the email accounts of Durst, Jennings and Mentele, the request should have been

denied under the proportionality test that must be satisfied under Fed. R. Civ. P. 26.  Rule 26(b)

provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is

relevant to any party's claim or defense and proportional to the needs of the case, considering

the importance of the issues at stake in the action, the amount in controversy, the parties'

relative access to relevant information, the parties' resources, the importance of the discovery

in resolving the issues, and whether the burden or expense of the proposed discovery

outweighs its likely benefit."  Any request that requires HTP Inc. on short notice to prevail

OBJECTION TO ORDER ENTERED BY MAGISTRATE JUDGE,
DKT. NO. 251 - 5
(2:18-cv-00243-TSZ)

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 905-6129

6755443.1
6755443.1

1   upon on a non-party, HyTech Power, LLC, to search and produce emails for Doug Durst, Phil

2   Jennings, and Thomas Mentele, is not proportional to the needs of LVB's claim against

3   HyTech Power, Inc.  Regardless, the email accounts of Durst, Jennings and Mentele have now

4   been searched.  Dkt. No. 260 at 5.

5        As pointed out in HyTech Power, Inc.'s motion for protective order, Dkt. No. 175 at

6   6:9-7:2, the aggregate amount of the transfers/loans sought to be avoided by LVB equates to

7   $311,166.90.  Of this amount, $210,000 corresponds to loans from the Sharon Graham

8   Bingham 2007 Trust that have been repaid by HyTech.  Of the $101,166.90 that does not

9   concern loans that were repaid, $50,000 was received for the purpose of facilitating share

10  purchases of the principals of the contractor that was doing remodel work on Park Place

11  Motors, who had elected to receive their compensation for the remodel work in this manner.

12  Of the $101,166.90 that does not concern loans that were repaid, $50,750 concerns amounts

13  earned by Mr. Dean as trustee compensation received by HyTech for the purpose of purchasing

14  shares for individuals with whom Mr. Dean has relationships.  Neither these facts nor the

15  emails highlighted in the Faria declaration (concerning a dispute with an employee, cash flow

16  related issues, and a confidential discussion with a prospective investor) justified imposing a

17  burden on HTP Inc. to persuade HyTech Power, LLC, to search the emails of additional email

18  custodian accounts that are inactive for documents that are extremely unlikely to be found

19  there.  Accordingly, LVB's motion should have been denied, and at a minimum, sanctions

20  were not warranted.

21  B.   It was clearly erroneous and contrary to law for the Court to conclude that the privilege
         log was not adequate given governing 9th Circuit law.

22

23       Judge Tsuchida adopted LVB's summarily presented contention that the Trustee's

24  privilege log was inadequate because it contained no explanation for the basis of the privilege,

25  apparently as a result of the inclusion of a handful of emails that were forwards of jokes.  The

OBJECTION TO ORDER ENTERED BY MAGISTRATE JUDGE,
DKT. NO. 251 - 6
(2:18-cv-00243-TSZ)

BORDE LAW PLLC
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 905-6129

6755443.1
6755443.1

1   Trustee was not required to provide an "explanation" for the attorney client communications.

2   The requirements for a privilege log are set forth in *In re Grand Jury Investigation*, 974 F.2d

3   1068, 1071 (9th Cir. 1992).

4       In *Dole*, the log identified (a) the attorney and client involved, (b) the nature of
        the document, (c) all persons or entities shown on the document to have
5       received or sent the document, (d) all persons or entities known to have been
        furnished the document or informed of its substance, and (e) the date the
6       document was generated, prepared, or dated. *Id.* at 888 n. 3. The log submitted
        by the Corporation in this case fulfilled conditions (a), (b), (c), and (e).
7       Furthermore, the Corporation's privilege log went beyond the *Dole* standards to
        provide information on the subject matter of each document. Whatever
8       questions the Corporation's log might leave open with regard to whom the
        documents were shown or were intended to be shown are answered to our
9       satisfaction by the affidavits of the attorneys responsible for preparing the
        documents. Therefore, the Corporation has met its burden in demonstrating the
10      applicability of the attorney-client privilege.

11

12      *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992).  Here the

13  Trustee's privilege log identified: (a) the attorney and client involved; (b) the nature of the

14  document (as they are all emails); (c) all persons or entities shown on the emails to have

15  received or sent the emails; (d) all persons or entities known to have been furnished the

16  document; and (e) the date the document/email was generated.  The Trustee even included

17  information about the subject matter of the emails, even though that is not required under *Dole*.

18  The magistrate judge's order as to the inadequacy of the privilege log is contrary to governing

19  Ninth Circuit law.  It is unfortunate that Plaintiff's counsel determined that the handful of

20  emails that were joke forwards justified a motion, but that is one example why the Plaintiff's

21  litigation strategy has resulted in a barrier to settlement (i.e. in inability for a positive recovery

22  given Plaintiff's attorneys' fees).

23

24

25

OBJECTION TO ORDER ENTERED BY MAGISTRATE JUDGE,
DKT. NO. 251 - 7
(2:18-cv-00243-TSZ)

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 905-6129

6755443.1
6755443.1

C.    <u>The Court's Order on the *ex parte* motion should be revised to absolve the Trustee and HyTech Power, Inc. of sanctions.</u>

The Court has witnessed on two separate occasions (the most recent hearing and the earlier hearing on the preliminary injunction motion) the propensity of Plaintiff's counsel to over-reach when addressing the Court.  Mr. Faria continued this mode of conduct by misleading the magistrate in to thinking that HyTech Power, Inc./the Trustee had unilaterally selected emails from January 2018 going forward for production.  Therein lies the problem when a party is not permitted a reasonable amount of time to be heard.  Mr. Faria elected not to provide that emails from Mr. Dean's HyTech email account had been collected in January of 2018.  Further, the Trustee's privilege log is adequate under the standards imposed by *Dole* and *In re Grand Jury Investigation*.

The imposition of sanctions on HyTech Power, Inc. and the Trustee are not warranted under these circumstances.  The Trustee and HyTech Power, Inc. respectfully request the Court modify the Order at Dkt. No. 251 such as to: (1) strike the monetary sanctions as to HyTech Power, Inc. and the Trustee; (2) strike the new deadline for LVB to oppose any summary judgment motions; (3) strike the requirement that HyTech Power produce all responsive email from Henry Dean's account for 2010 to the present (since LVB has everything except for emails from January 2018 onward); (4) strike the requirement that the Trustee "produce a complete privilege log for all documents being withheld, including a column explaining the subject matter of the communication and basis for withholding the document as privileged; and (5) strike the provision that "should Defendants fail to comply in full with this Order, the Court will recommend terminating sanctions" (at least as to the Trustee and HyTech Power, Inc.).

Mr. Jennings faced unanticipated difficulties in accessing the emails for just the last half of 2018 as a result of the sale of HyTech Power, Inc.'s assets.  This is not the case where no documents/emails have been produced.  Literally hundreds of thousands of emails have

OBJECTION TO ORDER ENTERED BY MAGISTRATE JUDGE,
DKT. NO. 251 - 8
(2:18-cv-00243-TSZ)

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 905-6129

6755443.1
6755443.1

1   been produced in this case.  LVB has failed to attempt to articulate what potentially may be in

2   these emails that is not and would not be in the massive amount of data it already has in its

3   possession.

4                                    III.  CONCLUSION

5          It is an inherent lack of due process to impose the range of sanctions imposed by Judge

6   Tsuchida on an *ex parte* basis and where the supporting statement from counsel was, at a

7   minimum, misleading.  Such an outcome is contrary to law and clearly erroneous.  Further, the

8   privilege log provided by the Trustee met the requirements under governing Ninth Circuit law.

9   Accordingly, the Order and sanctions imposed are also contrary to law and should be modified.

10

11          Dated this 5th day of February, 2019.

12

13                                        s/ Scott B. Henrie
                                          Scott B. Henrie, WSBA # 12673
14                                        WILLIAMS, KASTNER & GIBBS, PLLC
                                          601 Union Street, Suite 4100
15                                        Seattle, WA 98101
                                          Telephone: (206) 628-6600
16                                        shenrie@williamskastner.com

17                                        ***Attorneys for Defendants Henry Dean, as***
                                          ***Trustee of the Sharon Graham Bingham 2007***
18                                        ***Trust, HyTech Power, Inc., and Park Place***
                                          ***Motors, Ltd.***

19

20

21

22

23

24

25

OBJECTION TO ORDER ENTERED BY MAGISTRATE JUDGE,            **BORDE LAW PLLC**
DKT. NO. 251 - 9                                           600 Stewart Street, Suite 400
(2:18-cv-00243-TSZ)                                        Seattle, Washington 98101
                                                          (206) 905-6129

6755443.1
6755443.1

CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2019, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification to the attorneys of record in this case, including the following:

Scott B Henrie     shenrie@williamskastner.com, rvansteen@williamskastner.com

Dennis John McGlothin     dennis@westwalaw.com, docs@westwalaw.com

Emanuel Fraser Jacobowitz     manny@jjalaw.com, Pattie@jjalaw.com

Jeffrey L Willian     jwillian@kirkland.com

Jonathan J Faria     jonathan.faria@kirkland.com, amy.palafox@kirkland.com, michael.tecuanhuehue@kirkland.com, tammy.tsoumas@kirkland.com

Nathan J Arnold     nathan@jjalaw.com, pattie@jjalaw.com

R. Bruce Johnston     bruce@rbrucejohnston.com

Robert Joseph Cadranell , II     Robert@westwalaw.com, docs@westwalaw.com

Tammy Ann Tsoumas     tammy.tsoumas@kirkland.com

William Randolph Squires , III     rsquires@corrcronin.com, amy.palafox@kirkland.com, mbdahl@corrcronin.com, reception@corrcronin.com

OBJECTION TO ORDER ENTERED BY MAGISTRATE JUDGE, DKT. NO. 251 - 10
(2:18-cv-00243-TSZ)

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 905-6129

6755443.1
6755443.1

1   DATED this 5th day of February, 2019.

2                                                  s/ Scott B. Henrie
                                                   Scott B. Henrie, WSBA # 12673
3                                                  WILLIAMS, KASTNER & GIBBS, PLLC
                                                   601 Union Street, Suite 4100
4                                                  Seattle, WA 98101
                                                   Telephone: (206) 628-6600
5                                                  shenrie@williamskastner.com

6                                                  *Attorneys for Defendants Henry Dean, as
                                                   Trustee of the Sharon Graham Bingham 2007
7                                                  Trust, HyTech Power, Inc., and Park Place
                                                   Motors, Ltd.*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

OBJECTION TO ORDER ENTERED BY MAGISTRATE JUDGE,              **BORDE LAW PLLC**
DKT. NO. 251 - 11                                           600 Stewart Street, Suite 400
(2:18-cv-00243-TSZ)                                         Seattle, Washington 98101
                                                            (206) 905-6129

6755443.1
6755443.1