THE HONORABLE BRIAN A. TSUCHIDA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LVB-OGDEN MARKETING, LLC,<br><br>                  Plaintiff,<br><br>    v.<br><br>DAVID S. BINGHAM, SHARON BINGHAM, CHRISTOPHER BINGHAM, KELLY BINGHAM, BINGO INVESTMENTS, LLC, CCRB ENTERPRISES, LLC, PARK PLACE MOTORS, LTD., HYTECH POWER, INC., CICILIA ELALI (f/k/a CICILIA PARK), HENRY DEAN, in his individual capacity and as Trustee of the SHARON GRAHAM BINGHAM 2007 TRUST, and BGH HOLDINGS, LLC,<br><br>                  Defendants. | No. 2:18-CV-00243-TSZ<br><br>**LVB-OGDEN'S PETITION FOR ATTORNEYS' FEES** |

LVB-OGDEN MARKETING'S PETITION FOR
ATTORNEYS' FEES

**CORR CRONIN** LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

## I. INTRODUCTION

LVB brings the instant fee petition pursuant to three of Magistrate Judge Tsuchida's discovery orders, which granted attorneys' fees (collectively, the "Rule 37 Orders").[1] As the Court ordered on January 9th, LVB is entitled to recover its fees associated with the initial motion to compel pursuant to Rule 37(a)(5)(A). *See* ECF 211 at 15. The Court also ordered that LVB is entitled to recover its expenses associated with its subsequent motions seeking compliance with the Court's January 9th Order pursuant to Rule 37(b)(2)(C). *See* ECF 242 at 4; ECF 251 at 5. Accordingly, for the reasons set forth below, LVB respectfully requests $43,375 for its reasonable expenses incurred in bringing these three motions.

Additionally, LVB also seeks its fees associated with opposing Defendants' motion for reconsideration of the Court's January 31 Order (ECF No. 265), which was denied (ECF No. 274), and for the time spent preparing this fee petition.[2] As many courts have recognized, "[i]f only the original motion to compel were compensable, the fee-shifting provision of Rule 37 would have little effect." *Blair v. CBE Group, Inc.*, 2014 WL 4658731, at *2 (S.D. Cal. Sept. 17, 2014) (collecting cases where fees have been awarded where a party moved to reconsider or filed a Rule 72(a) objection following a Rule 37 motion); *Brown v. Sullivan*, 916 F.2d 492, 497 (9th Cir. 1990) (permitting recovery of attorneys' fees for time reasonably expended on a motion for attorney fees and costs).[3] Accordingly, LVB also respectfully requests $11,955 for fees related to these motions.

---

[1] These are the orders (i) granting LVB's Motion to Compel Pursuant to Rule 37, (ECF 211 ("January 9 Order")); (ii) granting LVB's Motion for Order Requiring Compliance with Docket Number 211, (ECF 242 ("January 22 Order")); and (iii) granting LVB's Motion for *Ex Parte* Order to Compel Compliance and for Sanctions, (ECF 251 ("January 31 Order")).

[2] References to "Defendants" in this Petition refer to David S. Bingham; Sharon Bingham; Christopher Bingham; Cherish Bingham; Kelly Bingham; Bingo Investments, LLC ("Bingo"); CCRB Enterprises, LLC ("CCRB"); SSKB Enterprises, LLC ("SSKB"); Park Place Motors, Ltd. ("Park Place"); Hytech Power, Inc. ("Hytech" or "HPI"); and Henry Dean, as Trustee for the Sharon Graham Bingham 2007 Trust ("the Trustee").

[3] *See also Asia Pacific Agr. and Forestry Co. v. Sester Farms, Inc.*, 2013 WL 6157263, at *8 (D. Or. Nov. 22, 2013) (awarding the prevailing party fees for preparing its fee petition resulting from a Rule 37 motion); *Aevoe Corp. v. AE Tech Co., Ltd.*, 2013 WL 5324787, at *7 (D. Nev. Sept. 20, 2014) (awarding feed under Rule 37 for

LVB-OGDEN MARKETING'S PETITION FOR
ATTORNEYS' FEES – 1

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

The factual and procedural background relevant to Defendants' contumacious discovery conduct in this action is detailed in the Court's Rule 37 Orders (ECF 211, 242, 251), and is only revisited here as needed to show the reasonableness of the fees sought by LVB.

## II.   LEGAL STANDARD

District courts have broad discretion to determine the reasonableness of fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). In determining "reasonableness," courts start with the "lodestar" method, multiplying (1) the number of hours reasonably expended on the litigation by (2) a reasonable hourly rate. *See City of Burlington v. Dague*, 505 U.S. 557, 559 (1992); *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945 (9th Cir. 2007).

There is a "strong presumption" that the lodestar is reasonable, *id.* at 562, although the court may adjust the lodestar calculation based on the facts of the case. *Hensley v. Eckerhart*, 461 U.S. 424, 429-30 (1983); *Welch*, 480 F.3d at 946. Courts consider the following factors when determining whether the lodestar should be adjusted due to the facts of the case: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Hensley*, 461 U.S. at 429-30 n.3.

Reasonable hourly rates are "established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity." *Welch*, 480 F.3d at 946; *see also Carson v. Billings Police Dept.*, 470 F.3d 889, 892 (9th Cir. 2006). "That a lawyer charges a particular hourly rate, and

---

"fees on fees'" since "a party entitled to recover attorneys' fees should also recover the reasonable attorneys' fees necessarily incurred in obtaining a fee award.").

LVB-OGDEN MARKETING'S PETITION FOR
ATTORNEYS' FEES – 2

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

gets it, is evidence bearing on what the market rate is, because the lawyer and his clients are part of the market." *Carson*, 470 F.3d at 892; *see also Baker v. Fireman's Fund Ins. Co.*, 5 Wash. App. 2d 604, 623 (2018) ("When attorneys have an established rate for billing clients, that rate is likely a reasonable rate.").

### III.   ARGUMENT

LVB requests $55,330 in attorneys' fees under the lodestar method, which is based on the reasonable time billed by LVB's counsel from Kirkland & Ellis, LLP and the rates discussed below, which have been reduced to the commonly-accepted legal market rates for Seattle, Washington. *See* Faria Decl. ¶ 15. More specifically, LVB seeks $688-746 per hour for the partners on the case, Tammy Tsoumas and Jonathan Faria; $410-425 per hour for the senior associate, Heather Canner; and $304-307 per hour for the junior associate, Leonora Cohen.[4]

LVB's requested rates are based on the average billing rates in Seattle of firms ranked in the top 50 by the American Lawyer ("AmLaw"), as reported by the *Valeo 2019 Attorney Hourly Rate Report* ("Valeo Report"). Courts and reputable news sources frequently rely on the Valeo Report to provide reliable fee information. *See e.g. Christopher E Banas, et al. v. Volcano Corp., et al.*, No. 12-CV-01535-WHO (N.D. Cal. Dec. 12, 2014) ECF No. 126 (relying on Valeo data to determine that the rates requested by the defendant "while high, are within the prevailing market rates" for the district).[5] The Valeo Report analyzes and catalogs hourly billing rates for

---

[4] The rate at the low range is the hourly rate for time billed in 2018, and the rate at the high range is the hourly rate for time billed in 2019. Faria Decl. ¶ 14, Ex. 2.

[5] *See also ENI US Operating Co. Inc. v. Transocean Offshore Deepwater Drilling Inc.*, No. 4:13-CV-03354 (S.D. Tex. May 16, 2018) ECF No. 225 (approving the defendant's more than $8 million dollar request for attorneys' fees as reasonable where the defendant used the Valeo report to demonstrate that its counsel's fees were consistent with the prevailing market); *Howmedica Osteonics Corp. v. Zimmer, Inc., et al.*, No. 05-897-WHW (D.N.J. Apr. 28, 2018) ECF No. 461 (same, where fees sought were more than $13 million); Jennifer Smith, "On Safe: the $1,150-Per Hour Lawyer," *The Wall Street Journal*, April 10, 2013 (relying upon the Valeo Report to highlight going rates for partners and associates at the top 50 firms); Martha Nell, "Survey Shows Billable Rates for Associates Up 7.5% More than Twice as Much as for Partners," *ABAJournal.com*, July 29, 2012 (citing Valeo's 2012 report).

LVB-OGDEN MARKETING'S PETITION FOR
ATTORNEYS' FEES – 3

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

top 50 AmLaw firms, as well as information about billing rates by geographic and practice area generally. Faria Decl. ¶ 14, Ex. 2. The Valeo Report describes its methodology as follows: Valeo gathers hourly rate and fee information at 1,500 law firms representing over 12,000 clients from (1) United States state and federal court public records; (2) publicly available government budgets where attorneys were hired to perform legal work for the public entity; and (3) registrations such as the Securities Exchange Commission. *Id.* at 44.

Kirkland & Ellis was the top law firm in the 2018 AmLaw rankings.[6] For comparison, the Valeo Report provides the following average hourly rates for litigation attorneys at the top 10 AmLaw firms:[7]

|  | 2018 | 2019 |
| --- | --- | --- |
| Partner | $1,118 | $1,210 |
| Senior Associate | $836 | $917 |
| Associate | $676 | $695 |

Faria Decl., Ex. 2 at 53. Since data is not compiled for average billable rates for the top 10 AmLaw firms in the Seattle market—Kirkland's nearest peers in experience, skill, and reputation—LVB instead seeks the lower rates of the average billable rates for firms in the AmLaw top 50, as reported by the Valeo Report:

---

[6] The Am Law 100, The American Lawyer, May 2018 at 77. In 2018, it also ranked number one in The Lawyer's Global Litigation Top 50; was named Best Law Firm of the Year by the American Lawyer; and recognized as a litigation leader in BTI Consulting's 2019 Litigation Outlook, which compiles feedback from more than 350 in-house counsel on more than 200 firms. *See* Ben Seal, Kirkland & Ellis Named Law Firm of the Year at The American Lawyer Industry Awards, The American Lawyer, Dec. 5, 2018 at 1; *see also*, BTI Consulting Group, 2019 Litigation Outlook Report.

[7] The Valeo Report defines a Partner as a partner with 24 or less years of experience since their law school graduation, a Senior Associate as a lawyer with five or more years of experience, and an Associate as a lawyer with 4 or less years of experience. Ex. 2 at 44. Further, note that the 2019 rates are forecasted by Valeo. *Id.*

LVB-OGDEN MARKETING'S PETITION FOR
ATTORNEYS' FEES – 4

CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

|                   | 2018  | 2019  |
|-------------------|-------|-------|
| Partner           | $688  | $746  |
| Senior Associate  | $410  | $425  |
| Associate         | $304  | $307  |

Faria Decl., Ex. 2 at 104. These discounted rates are clearly warranted here, as they are far less than the rates of attorneys at firms of equal or less experience, skill, and reputation than LVB's counsel. Faria Decl. ¶¶ 7-11 (detailing the professional and educational background of each member of LVB's legal team).[8]

Moreover, the amount of time LVB's counsel spent preparing and responding to the *four* related Rule 37 motions is reasonable, as set forth in the detailed time records attached as Exhibit 1. Faria Decl. ¶ 4. The work was performed efficiently by experienced attorneys, including detailed analysis of discovery responses from eleven defendants. Faria Decl. ¶¶ 4-5. Additionally, LVB is not seeking to recover a substantial amount of billed time in an effort to reduce the number of potential disputes and narrow the issues for the Court to decide, further bolstering the reasonableness of its request. For example, LVB is not seeking to recover *any* fees for the time support staff or local counsel spent on the motions at issue, nor is it seeking any reimbursement for any intra-office meetings regarding the motions. LVB is also absorbing *all* of its costs associated with these Motions, including filing fees and legal research costs.

Finally, the *Hensley* factors confirm the reasonableness of LVB's requested fees. Every relevant factor weighs in favor of upward departure from the lodestar amount:

- The first and fourth factors: Defendants' pattern of refusing to cooperate in discovery or comply with the Court's orders have resulted in excessive motion practice, significantly increasing the amount of time required by LVB's counsel to expend on this action, to the preclusion of other work. Faria Decl. ¶ 4, Ex. 1.

---

[8] The requested rates are also far less than the rates normally billed by LVB's counsel. Faria Decl. ¶ 14.

LVB-OGDEN MARKETING'S PETITION FOR
ATTORNEYS' FEES – 5

CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

- The second and third factors: this case involves a declaratory judgment claim with seven components regarding the SGB 2007 Trust, and a claim under the UFTA that addresses over 260 different fraudulent transfers.  ECF No. 82.  These motions have required LVB to address and resolve 127 responses to interrogatories, and 130 responses to requests for production, from 11 different defendants, which included many different deficiencies, and required three different motions to resolve.  *See* ECF No. 178.

- The fifth and ninth factors: LVB's counsel's customary rates are significantly above the amount requested here, in accordance with their experience, reputation, and ability.

- The sixth factor: Courts often recognize that where, as here, counsel's fees are paid on a contingency basis, upward departure from counsel's customary hourly rates is warranted due to the risk that they will receive no payment at all.  *See Hensley*, 461 U.S. at 448.

- The eighth factor: The amount at issue is in the tens of millions of dollars, ECF No. 82 at ¶ 28, and the results achieved thus far exceed those achieved by any of the other creditors Defendants have evaded.

The fact LVB would be justified seeking in an upward departure from the lodestar—yet does not do so—affirms the reasonableness of its fee request.

## IV.  CONCLUSION

For the foregoing reasons, LVB respectfully requests an Order from this Court awarding it $55,330 in attorneys' fees.

DATED:  February 27, 2019

*s/ William R. Squires III*
William R. Squires III, WSBA No. 4976
CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Telephone: (206) 625-8600  Fax: (206) 625-0900
E-mail:    rsquires@corrcronin.com

*Attorneys for Plaintiff-Petitioner*

LVB-OGDEN MARKETING'S PETITION FOR
ATTORNEYS' FEES – 6

CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Emanuel Jacobowitz
R. Bruce Johnston
Nathan J. Arnold
JOHNSTON JACOBOWITZ & ARNOLD, PC
2701 First Avenue, Suite 200
Seattle, WA 98121
Telephone: (206) 866-3230
Email: manny@jjalaw.com
    bruce@rbrucejohnston.com
    Nathan@jjalaw.com
*Attorneys for Defendants David S. Bingham, Sharon Bingham, Christopher Bingham, Cherish Bingham, Kelly Bingham, Bingo Investments, LLC, and CCRB Enterprises, LLC*

Scott B. Henrie
WILLIAMS KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
Telephone: (206) 628-6600
Email: shenrie@williamskastner.com
*Attorneys for Defendant Park Place Motors, Ltd. and Henry Dean as Trustee for the Sharon Graham Bingham 2007 Trust*

Manish Borde
BORDE LAW PLLC
600 Stewart Street, Suite 400
Seattle, WA 98101
Telephone: (206) 905-6129
Email: mborde@bordelaw.com
*Attorneys for Defendants Henry Dean, as Trustee of the Sharon Graham Bingham 2007 Trust, HyTech Power, Inc., and Park Place Motors, Ltd.*

Dennis J. McGlothin
Robert J. Cadranell, II
WESTERN WASHINGTON LAW GROUP PLLC
7500 212th St. S.W., Suite 270
Edmonds, WA 98026
Phone: 425-428-7296
Email: dennis@westwalaw.com
    robert@westwalaw.com
*Attorneys for Defendants Henry Dean in his individual capacity, Cicilia Elali, and BGH Holdings, LLC*

CERTIFICATE OF SERVICE
No. 2:18-CV-00243-TSZ

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

| | |
|---|---|
| 1 | |
| 2 | *s/ William R. Squires III*<br>William R. Squires III, WSBA No. 4976<br>Attorney for Plaintiff<br>CORR CRONIN LLP<br>1001 Fourth Avenue, Suite 3900<br>Seattle, Washington 98154-1051<br>Telephone: (206) 625-8600<br>Fax: (206) 625-0900<br>e-mail: rsquires@corrcronin.com |

CERTIFICATE OF SERVICE
No. 2:18-CV-00243-TSZ

**CORR CRONIN** LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600