THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LVB-OGDEN MARKETING, LLC,<br><br>                     Plaintiff,<br><br>    v.<br><br>DAVID S. BINGHAM, SHARON BINGHAM, CHRISTOPHER BINGHAM, CHERISH BINGHAM, KELLY BINGHAM, BINGO INVESTMENTS, LLC, CCRB ENTERPRISES, LLC, SKBB ENTERPRISES, LLC, PARK PLACE MOTORS, LTD., HYTECH POWER, INC., HENRY DEAN, in his individual capacity and as Trustee for the SHARON GRAHAM BINGHAM 2007 TRUST, and BGH HOLDINGS, LLC,<br><br>                     Defendants. | No. 2:18-CV-00243-TSZ<br><br>*EX PARTE* MOTION FOR FREEZE REGARDING DISSIPATION OF TRANSFERS FROM FISHER TRUSTS<br><br>NOTE ON MOTION CALENDAR: February 28, 2019 (Same Day Motion)<br><br>ORAL ARGUMENT REQUESTED |

*EX PARTE* MOTION FOR FREEZE
No. 2:18-CV-00243-TSZ

CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

Pursuant to Local Rule 7(d)(1), Plaintiff LVB-Ogden Marketing LLC ("LVB") respectfully requests that the Court issue a temporary restraining order preventing Defendants from dissipating any transfers received from the Fisher Trust accounts.

The Court has ordered, in granting LVB's motion for summary judgment, that "Plaintiff is entitled to seize any distributions made or hereafter distributed to Sharon Bingham and/or the SGB Trust from the Fisher Trusts."  ECF 182.  With the lifting of the freeze on the Fisher Trust accounts that has been in place since November 21, 2018 (Case No. 19-cv-786, ECF 40 at 9), LVB fully expects that Bank of the West will change course and decide that Defendant Sharon Bingham is now, in fact, capable of receiving distributions.  Without notice to LVB, all of the funds in those Trusts will be dissipated without an opportunity for garnishment, and the Court's ruling will again be circumvented.  Accordingly, LVB respectfully requests that the Court enter a temporary freeze preventing any funds transferred to Sharon Graham Bingham and/or the SGB 2007 Trust from the Fisher Trust accounts from being spent, transferred, or otherwise dissipated during the pendency of these proceedings, including the briefing regarding the Trustee claiming "creditor" status by holding other judgments.  A Proposed Order has been filed concurrently with this motion.

The Court is empowered to enter such an order to prevent irreparable harm to LVB from dissipation of assets.[1]  Here, LVB has already prevailed on summary judgment, and thus is more than likely to succeed on the merits.  The risk of dissipation of assets is apparent, and confirmed by the well-documented history of dissipating the assets of the SGB 2007 Trust.  For example,

---

[1] *In re Focus Media Inc.*, 387 F.3d 1077, 1085 (9th Cir. 2004); *Wimbledon Fund , SPC (Class TT) v. Graybox, L.L.C.*, No. 2:15-CV-06633, 2015 WL 5822580, at *5 (C.D. Cal. Sept. 29, 2015) ("Significant case law supports that a district court may freeze a defendant's assets where there is 'a likelihood of dissipation of the claimed assets, or other inability to recover monetary damages, if relief is not g[r]anted.'"); *Selective Ins. Co. of Am. v. Kuan-Tsan Yu*, No. 3:14-CV-05888, 2014 WL 12674384, at *3 (W.D. Wash. Nov. 21, 2014) (granting surety's request for TRO in light of defendants' "liquidation of personal assets and willingness to transfer assets outside the [U.S.]" instead of providing assets to collateralize obligations to surety); *Kremen v. Cohen*, No. 5:11-cv-05411, 2011 WL 6113198. At *6 (N.D. Cal Dec. 7, 2011) (granting post-judgment creditor's request for TRO to freeze assets that defendants received from judgment debtor where "there [wa]s an appreciable risk that defendants" would dispose of identified and currently unknown assets prior to resolution of the fraudulent conveyance action); *Dargan v. Ingram*, No. C08-1714RSL, 2009 WL 1437564, at *3-8 (W.D. Wash. May 22, 2009) (granting creditor's request for preliminary injunction to freeze assets where "necessary to prevent the consumption, dissipation, or fraudulent conveyance of [defendants] assets").

EX PARTE MOTION FOR FREEZE ORDER – 1
No. 2:18-CV-00243-TSZ

CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

1  since LVB filed its Complaint in this matter on February 15, 2018 and the Court granted

2  Defendants the courtesy of not entering the preliminary injunction LVB requested, the funds in the

3  SGB 2007 Trust have been whittled away.  ECF 215 (12/14/2018 Dean Dep.) at 48:9-11.  Absent

4  the Court's intervention, its ruling will be circumvented or rendered moot to the clear prejudice of

5  LVB.

6  DATED: February 28, 2019

*s/ William R. Squires III*
William R. Squires III, WSBA No. 4976
CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Telephone: (206) 625-8600 Fax: (206) 625-0900
E-mail:   rsquires@corrcronin.com

Jeffrey L. Willian (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2257
Email:   jwillian@kirkland.com

Tammy A. Tsoumas (admitted *pro hac vice*)
Jonathan J. Faria (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
333 S. Hope Street
Los Angeles, CA 90071
Telephone: (213) 680-8151
Email:   tammy.tsoumas@kirkland.com
            jonathan.faria@kirkland.com

*Attorneys for Plaintiff*

*EX PARTE* **MOTION FOR FREEZE ORDER** – 2
No. 2:18-CV-00243-TSZ

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

# CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Emanuel Jacobowitz
R. Bruce Johnston
Nathan J. Arnold
JOHNSTON JACOBOWITZ & ARNOLD, PC
2701 First Avenue, Suite 200
Seattle, WA 98121
Telephone: (206) 866-3230
Email: manny@jjalaw.com
　　　　bruce@rbrucejohnston.com
　　　　Nathan@jjalaw.com
*Attorneys for Defendants David S. Bingham, Sharon Bingham, Christopher Bingham, Cherish Bingham, Kelly Bingham, Bingo Investments, LLC, and CCRB Enterprises, LLC*

Scott B. Henrie
WILLIAMS KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
Telephone: (206) 628-6600
Email: shenrie@williamskastner.com
*Attorneys for Defendant Park Place Motors, Ltd. and Henry Dean as Trustee for the Sharon Graham Bingham 2007 Trust*

Manish Borde
BORDE LAW PLLC
600 Stewart Street, Suite 400
Seattle, WA 98101
Telephone: (206) 905-6129
Email: mborde@bordelaw.com
*Attorneys for Defendants Henry Dean, as Trustee of the Sharon Graham Bingham 2007 Trust, HyTech Power, Inc., and Park Place Motors, Ltd.*

Dennis J. McGlothin
Robert J. Cadranell, II
WESTERN WASHINGTON LAW GROUP PLLC
7500 212th St. S.W., Suite 270
Edmonds, WA 98026
Phone: 425-428-7296
Email: dennis@westwalaw.com
　　　　robert@westwalaw.com
*Attorneys for Defendants Henry Dean in his individual capacity, Cicilia Elali, and BGH Holdings, LLC*

CERTIFICATE OF SERVICE
No. 2:18-CV-00243-TSZ

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

*s/ William R. Squires III*
William R. Squires III, WSBA No. 4976
Attorney for Plaintiff
CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Telephone: (206) 625-8600
Fax: (206) 625-0900
e-mail: rsquires@corrcronin.com

**CERTIFICATE OF SERVICE**
No. 2:18-CV-00243-TSZ

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600