The Honorable Thomas S. Zilly

1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

LVB-OGDEN MARKETING, LLC,

12
             Plaintiff,

13
     v.

14
DAVID S. BINGHAM, SHARON BINGHAM,
CHRISTOPHER BINGHAM, CHERISH

15
BINGHAM, KELLY BINGHAM, BINGO
INVESTMENTS, LLC, CCRB

16
ENTERPRISES, LLC, PARK PLACE
MOTORS, LTD., HYTECH POWER, INC.,

17
HENRY DEAN, as Trustee for the SHARON
GRAHAM BINGHAM 2007 TRUST, and BGH

18
HOLDINGS, LLC,

19
             Defendants.

20

NO.  2:18-cv-00243-TSZ

DEFENDANTS' SURREPLY IN
OPPOSITION TO MOTION FOR FREEZE

NOTING DATE: April 30, 2019

WITH ORAL ARGUMENT

21

22

23

24

25

DEFENDANTS' SURREPLY IN OPPOSITION TO
MOTION FOR FREEZE  - i
(2:18-cv-00243-TSZ)

CLOUTIER ARNOLD ORTEGA, PLLC
2701 First Avenue, Suite 200
Seattle, WA  98121
(206) 866-3230  Fax (206) 866-3234

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# Table of Contents

I. INTRODUCTION ................................................................................................. 1

II. REBUTTAL STATEMENT OF FACTS ............................................................ 1

III. AUTHORITY & ARGUMENT ........................................................................ 3

    A.    LVB's New Authority Does Not Provide for a Prophylactic Turnover Order ............. 3

    B.    LVB's New Authority Does Not Support a Freeze of the 2007 Trust. ........................ 4

    C.    Washington Law Does Not Provide for Execution from a Sheriff. ............................ 7

IV. CONCLUSION ................................................................................................. 8

CLOUTIER ARNOLD ORTEGA, PLLC
2701 First Avenue, Suite 200
Seattle, WA  98121
(206) 866-3230  Fax (206) 866-3234

1

## I.  INTRODUCTION

2        Defendants Sharon G. Bingham and Henry W. Dean as Trustee of the Sharon G. Bingham

3  2007 Trust (Mr. Dean in this capacity referred to herein as the "2007 Trust"), by and through

4  undersigned counsel,[1] file this consolidated surreply as requested by the Court. (Dkt. No. 322).

5  In its reply brief and amended proposed order, (Dkt. Nos. 314, 314-1), LVB asks for new relief:

6        That Mrs. Bingham and the 2007 Trust turn over any future distributions from the Fisher

7  Trusts under RCW 6.32.080 and Rule 69; and

8        That the Court freeze **all** assets of the 2007 Trust under RCW 6.32.120 and Rule 69.

9        These new requests should be denied. Defendants have already informed the Court that

10  Mrs. Bingham does not expect to receive any distributions from the Fisher Trust before trial, and

11  RCW 6.32.080 on its face applies only to assets currently owned or controlled by the debtor.

12  LVB's second new request is a blatant attempt to hamstring the lead defendant on the eve of

13  trial.  It should be denied because RCW 6.32.120 reaches only property subject to execution,

14  LVB is unlikely to succeed on the merits as to all 2007 Trust assets, and paying litigation costs

15  and living expenses is not the kind of "dissipation" of assets that equity guards against.

16        The Court also asked Defendants to address the potential application of RCW 6.32.080

17  and RCW 6.32.120 to the assets held to be self-settled in this Court's December 7, 2018 Order

18  (Dkt. No. 182).  These statutes do not give this Court retroactive in rem jurisdiction or priority

19  over the assets now held by the King County Sheriff.

20

## II.  REBUTTAL STATEMENT OF FACTS

21        The 2007 Trust assets have not been squandered or concealed from creditors.  Declaration

22  of Henry W. Dean filed herewith ("Dean Dec.") ¶ 2.  Most of the original assets, in the last

23  several years, have been used to pay off its beneficiary's creditors in an orderly, negotiated

24

---

25  [1] Mr. Borde, attorney for the Trustee, who filed these parties' consolidated opposition, is unavailable for this surreply due to the birth of his second child. Undersigned counsel fully join in his arguments.

DEFENDANTS' SURREPLY IN OPPOSITION TO
MOTION FOR FREEZE  - 1
(2:18-cv-00243-TSZ)

CLOUTIER ARNOLD ORTEGA, PLLC
2701 First Avenue, Suite 200
Seattle, WA  98121
(206) 866-3230  Fax (206) 866-3234

1  manner.  *Id.* ¶ 3.  Addressing point by point the factual issues raised by LVB in its reply (Dkt.

2  314 at 7–8):

3  - LVB is comparing apples to oranges—total assets to liquid assets. The "before"

4    accounting to which LVB refers (Dkt. No. 83 at 3) states that the 2007 Trust had only

5    $85,356.54 in cash in May 2018.  LVB claims (Dkt. No. 294-3) to have spent half

6    that much on a single motion in this case; the Trust's cash went to litigation expenses

7    and to maintain a mortgage while the Fisher Trusts were prevented from making

8    distributions.  Dean Dec. ¶ 4.

9  - As the Court is well aware, the 2007 Trust disclosed its execution proceeding to LVB

10   and voluntarily stayed it while priority is being determined.  The execution was in

11   good faith and upon consultation with counsel.  Dean Dec. ¶ 10.

12 - In October 2009, while trying to settle with several multi-million dollar creditors,

13   Henry W. Dean, who was not yet trustee, and Sharon Bingham provided moral

14   support when Sharon's late mother Frances Graham put some personal funds into a

15   safety deposit box at her bank.  Dean Dec. ¶ 5.  At the time, the Binghams and Bingo

16   Investments, LLC had assets which they believed could be worth hundreds of

17   millions of dollars within a year or two, including a claim against KeyBank for $231

18   million, commercial real estate interests, and more.  *Id.* ¶ 6.  They were actively

19   working on a multi-creditor agreement to resolve the family's debts with these assets;

20   they did eventually settle most of the debt.  *Id.*  They fully expected to be able to

21   resolve the family's debt in an orderly way, without having to draw on the aged Mrs.

22   Graham's relatively small remaining assets.  *Id.*  In this context, giving Mrs. Graham

23   a sense of security that all of her cash would not disappear without warning was

24   harmless.

25

DEFENDANTS' SURREPLY IN OPPOSITION TO
MOTION FOR FREEZE  - 2
(2:18-cv-00243-TSZ)

CLOUTIER ARNOLD ORTEGA, PLLC
2701 First Avenue, Suite 200
Seattle, WA  98121
(206) 866-3230  Fax (206) 866-3234

- The only "offshore" asset was a boat being built in China; no profits were kept offshore, and the boat was disclosed to creditors.  Dean Dec. ¶ 7.  As declared by Mr. Dean on March 6, 2018:

I disclosed to Mr. Weiss a few months later, on April 5, 2011, the "200x Holland 75" as being "in China." ECF-5-53:4. Spencer Hall had previously, prior to November 26, 2009 (the date of ECF-5-39) disclosed the 200x Holland 75, and its location in China, to counsel for Umpqua Bank. LVB-Ogden's Preliminary Injunction Motion suggestion that the boat in China had been concealed from creditors, is false. Further, to the best of my knowledge, neither the Binghams, Bingo Investments, LLC, nor Park Place Motors, Ltd. has had or maintained any assets, other than the 200x Holland 75, outside the United States, except the M/V Bingo has traveled to Canada occasionally. LVB Ogden has presented no evidence to the contrary. Also, contrary to the narrative of the Injunction Motion, the 200x Holland 75, was brought to Seattle in June 2012, after I obtained a $300,000 third party loan for that purpose, and its net value was used to pay a creditor of David Bingham, Centrum Financial Services, to which I had also disclosed that asset. See, Exhibit 1A, page 50, to the Johnston Declaration.

Dkt. No. 42 at 14.

## III.  AUTHORITY & ARGUMENT

A.   <u>LVB's New Authority Does Not Provide for a Prophylactic Turnover Order.</u>

On its face, RCW 6.32.080 does not provide for an order to turn over hypothetical future assets.  It is the proverbial "hand over your wristwatch" statute, allowing a judgment creditor to have the sheriff take assets directly from the debtor during or right after supplemental proceeding testimony.  It applies when "judgment debtor **has** in his or her possession or under his or her control…personal property **belonging to** him or her," or when "personal property capable of manual delivery," is held by a third party, the debtor's "**right to the possession** of which is not substantially disputed." RCW 6.32.080 (emphasis added).[2]

---

[2] No case addresses the question, but "manual delivery" must mean something different from "physical delivery"—presumably this statute does not require a judgment debtor to act as a one-man moving company for

CLOUTIER ARNOLD ORTEGA, PLLC
2701 First Avenue, Suite 200
Seattle, WA  98121
(206) 866-3230  Fax (206) 866-3234

1    This Court recently, after much unnecessary litigation, determined that Mrs. Bingham

2    does **not** have a right to the possession of the Fisher Trust assets until and unless they are

3    distributed to her and dismissed LVB's attempt to garnish them as being her property.  Cause

4    No. 18-cv-00786-TSZ, Dkt. Nos. 63, 64.  Nor are the bank accounts or securities held at Bank

5    of the West "personal property capable of manual delivery," as the statute requires.  And until a

6    distribution is made, it is not true that the judgment debtor "has" the money in her possession or

7    that it is "belonging to" her, as the statute requires.  And in the unlikely event that the Fisher

8    Trustee gave or lent money to the 2007 Trust, that would not be the judgment debtor's property,

9    so the statute would not apply then either.

10   The unpublished district court case cited by LVB stands merely for the proposition that

11   "substantial compliance" with the fine points of state execution procedure is all that is required;

12   it rejects the notion that Rule 69 allows a federal court to make up new remedies as it goes along.[3]

13   *Merrell v. Miller*, CIV. A. 91-493-A, 1998 WL 329264, at *3 (E.D. Va. June 8, 1998) ("federal

14   courts generally hold that while the limitations of the state remedies are controlling, the details

15   and distinctions of state procedures need not necessarily be followed.")

16   In short, the new authority cited by LVB does not support the relief it originally

17   requested, and still less, the expanded relief it now requests under RCW 6.32.080.  The request

18   to freeze hypothetical distributions of property not currently owned or controlled by the judgment

19   debtor should be denied.

20   B.    LVB's New Authority Does Not Support a Freeze of the 2007 Trust.

21   On reply, LVB cites to authority for a Washington court (or a federal court through Rule

22   69(a)) in execution proceedings to temporarily enjoin a person "from making or suffering any

23   _____

24   all worldly goods.  Since a sheriff would need to bring a truck to haul off larger objects anyway, the intended
     scope of this statute must be small moveables such as jewelry, car keys, gold coins, and perhaps certain objets
     d'art.

25   [3] That concept is further refuted in Defendants' initial opposition brief, Dkt. No. 300 at 6–9.

DEFENDANTS' SURREPLY IN OPPOSITION TO
MOTION FOR FREEZE  - 4
(2:18-cv-00243-TSZ)

CLOUTIER ARNOLD ORTEGA, PLLC
2701 First Avenue, Suite 200
Seattle, WA  98121
(206) 866-3230  Fax (206) 866-3234

1    transfer or other disposition of or interference with the property **of the judgment debtor** or the

2    property or debt **concerning which any person is required to attend and be examined**, until

3    further direction in the premises," upon an appropriate bond being posted.  RCW 6.32.120

4    (emphasis added).  In other words, the court can freeze the judgment debtor's property, and can

5    freeze disputed property until discovery reveals whether or not the judgment debtor owns or is

6    owed it.  With the possible exception of the 'self-settled assets' discussed below, the assets in

7    the 2007 Trust fit neither of those categories.

8         Just as the Fisher Trust assets do not belong to Mrs. Bingham, the 2007 Trust assets do

9    not belong to her.  RCW 6.32.120 might apply only if the Court were to determine that the 2007

10   Trust is invalid.  Since that is an ultimate issue in the case, no such determination should be made

11   in an interlocutory motion for non-dispositive relief.  That issue, however, is ripe for summary

12   judgment in favor of Defendants, as a pure matter of law, for the reasons set forth in  Defendants'

13   brief opposing LVB's summary judgment motion. Dkt. No. 316 at 6–8.  As explained at greater

14   length therein, LVB's argument relies on the mistaken belief that in 2007–2010, when Mrs.

15   Bingham was the Trustee, she was the only beneficiary of the 2007 Trust—but the trust

16   instrument expressly creates secondary beneficiaries.  *Id.* at 4, 7 (quoting Dkt. No. 309-4 at 3).

17   Because the 2007 Trust is a valid trust, the trust assets do not belong to Mrs. Bingham. Discovery

18   has been completed, and there is no evidence that these assets are under Mrs. Bingham's control,

19   and much evidence that they are not (*e.g.*, Dean Dec. ¶ 9).  Therefore, RCW 6.23.120 cannot

20   support a freeze on trust assets.

21        For much the same reasons, even if Rule 69 by itself gave this Court the kind of power

22   LVB suggests to issue injunctions—which it does not for the reasons stated in Defendants'

23   opposition brief (Dkt. No. 300)—the standards for a preliminary injunction are not met.  LVB

24   argues that courts may preserve assets in the hands of a voidable transferee or habitual voidable

25

DEFENDANTS' SURREPLY IN OPPOSITION TO
MOTION FOR FREEZE  - 5
(2:18-cv-00243-TSZ)

CLOUTIER ARNOLD ORTEGA, PLLC
2701 First Avenue, Suite 200
Seattle, WA  98121
(206) 866-3230  Fax (206) 866-3234

1   transferor, to prevent further voidable transfers.  The Court has already rejected this request once,

2   after extensive briefing.  Dkt. No. 134.  The Court correctly determined that LVB had not shown

3   a likelihood of success on the merits, or, in view of its several-year delay in seeking execution,

4   irreparable injury.  *Id.* at 13–16.

5           LVB presents no additional supporting evidence that would make its success likely.

6   LVB's claim that Henry W. Dean as Trustee of the 2007 Trust is a voidable transferor, stumbles

7   at the threshold, because he is not LVB's debtor.  See RCW 19.40.041(1) and RCW 19.40.051(1)

8   (providing for avoidance of certain transfers "by a debtor.")  LVB has abandoned its unfounded

9   "alter ego" claim, and as discussed *supra*, the 2007 Trust is a valid trust.  As such, its non-self-

10  settled assets are not available for execution by its beneficiary's creditors.  RCW 6.32.250.

11  Therefore, when Mr. Dean as Trustee transfers trust assets, those transfers are not voidable by

12  LVB.  None of LVB's authority allowing a freeze on a voidable transferor's further transfers

13  apply.  LVB no longer even claims that the 2007 Trust is a voidable transferee, which

14  distinguishes this action from most of the remaining cases it cites.

15          Nor has LVB shown that Henry W. Dean has a history of concealing or dissipating assets

16  to avoid creditors, such as might impel a court to step in to preserve assets.  The record is replete

17  with evidence of Mr. Dean's transparency, including to LVB itself.  Dkt. No. 42, *passim*.  More

18  importantly, one can only be accused of trying to avoid creditors, if one is a debtor in the first

19  place.  Mr. Dean, however, is the Trustee of what he and almost everybody else considered to be

20  a valid spendthrift trust, which was not a debtor or holding a debtor's assets subject to execution.

21          Further, taking in order LVB's attempts to show a need for an injunction:

22  • That the 2007 Trust spent $85,000 in a year of very active litigation cannot support a

23      freeze.  Equity does not demand that a court shut down a litigant's ability to litigate,

24      merely because a judgment might later be entered against him.  If it did, every action

25

CLOUTIER ARNOLD ORTEGA, PLLC
2701 First Avenue, Suite 200
Seattle, WA  98121
(206) 866-3230  Fax (206) 866-3234

would include a freeze.  Equitably, a party should not be stripped of the means to defend itself because it spent money to defend itself.

- The 2007 Trust's attempt to execute on the 'self-settled assets' was in good faith, and on the advice of counsel.  Dean Dec. ¶ 10.  Those assets were neither hidden nor dissipated, nor does a creditor improperly interfere with another creditor's plan to execute on assets, by beating him to the punch.

- Mr. Dean was not responsible for Mrs. Graham's decision to put some emergency money in a safe-deposit box ten years ago.  He was not even Trustee at the time, or her lawyer, and he gave Mrs. Graham no advice on the subject.  Dean Dec. ¶¶ 5–6. Nor did it harm any creditor.

- LVB has not shown that so much as a single dollar was ever hidden "offshore away from creditors," by Mr. Dean or the Judgment Debtors. It produces one email where Mr. Dean raised the subject as one "that needs to be discussed," which was his plain duty as Trustee.

- Again, when a non-debtor distributes exempt funds, the debtor does not evade creditors. Any misuse of the corporate form of CCRB Enterprises, LLC was irrelevant where the funds could not have been executed on, were immediately spent on necessaries and asset improvements, and were not hidden from creditors.  If distributions made to CCRB had been made to Christopher Bingham, or if corporate formalities had been followed more strictly, the result would have been the same.

In short, LVB fails to show a likelihood of success on the merits, irreparable injury, or that the balance of equities favors injunction.  No injunction should issue.

C.    <u>Washington Law Does Not Provide for Execution from a Sheriff.</u>

DEFENDANTS' SURREPLY IN OPPOSITION TO
MOTION FOR FREEZE  - 7
(2:18-cv-00243-TSZ)

CLOUTIER ARNOLD ORTEGA, PLLC
2701 First Avenue, Suite 200
Seattle, WA  98121
(206) 866-3230  Fax (206) 866-3234

The Court requested briefing on the potential application of RCW 6.32.080 and/or RCW 6.32.120 to the 'self-settled assets.'  If there were small items of personal property capable of manual delivery, held by this Court to be 'self-settled,' in the possession or control of the Defendants, RCW 6.32.080 appears to provide an avenue of execution, whether for LVB or another creditor.  Right now, though, most of the 'self-settled assets' are in the hands of the King County Sheriff, not Mrs. Bingham or the 2007 Trust.  They do not control the Sheriff, or the assets while those assets are held by the Sheriff—they could not, for instance, require the Sheriff to give that property over to the U.S. Marshals.  The Anti-Injunction Act, 22 U.S.C. § 2283, prevents this Court from interfering itself with the Sheriff, as by ordering the Sheriff to turn over property under RCW 6.32.080, or from interfering with the 2007 Trust's use of state execution proceedings, as by enjoining it under RCW 6.23.120 from "interference" with the assets in the form of proceeding with a Sheriff's sale.  These state statutes do not avoid the Anti-Injunction Act.  For that matter, not even a state court could use state execution statutes to snatch property, mid-execution, from another court's sheriff: "where the court, in the progress of a suit properly pending before it, takes possession of property, its jurisdiction over the property for the time being becomes exclusive, and no other court can interfere with the possession so acquired." *State v. City of Centralia*, 93 Wash. 401, 403–04, 161 P. 74, 76 (1916).  Therefore, these state statutes do not seem to have any useful application to the 'self-settled assets.'

## IV.  CONCLUSION

Respectfully, for the reasons above and those stated in Defendants' initial opposition brief, the Court should deny LVB's modified motion.

Dated this 26th day of April, 2019.

**CLOUTIER ARNOLD ORTEGA, PLLC**

  /s/ Emanuel Jacobowitz
Emanuel Jacobowitz, WSBA #39991

DEFENDANTS' SURREPLY IN OPPOSITION TO
MOTION FOR FREEZE  - 8
(2:18-cv-00243-TSZ)

CLOUTIER ARNOLD ORTEGA, PLLC
2701 First Avenue, Suite 200
Seattle, WA  98121
(206) 866-3230  Fax (206) 866-3234

2701 First Avenue, Suite 200
Seattle, WA 98121
Tel: (206) 866-3230
Fax: (206) 866-3234
Manny@CAOteam.com
*Counsel for Defendants Bingham, Bingo
Investments, LLC, CCRB Enterprises, LLC,
and SKBB Enterprises, LLC*

/s/ Scott B. Henrie, WSBA #12673
Scott B. Henrie, WSBA #12673
Attorneys for Defendants Henry Dean in his capacity as Trustee for the Sharon Graham
Bingham (2007) Trust, Park Place Motors, Inc. and HTP Inc. f/k/a  Hytech Power Inc.
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone:  (206) 628-6600
Fax:  (206) 628-6611
 Email:     shenrie@williamskastner.com

DEFENDANTS' SURREPLY IN OPPOSITION TO
MOTION FOR FREEZE  - 9
(2:18-cv-00243-TSZ)

CLOUTIER ARNOLD ORTEGA, PLLC
2701 First Avenue, Suite 200
Seattle, WA  98121
(206) 866-3230  Fax (206) 866-3234

CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2019, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to those registered with CM/ECF, including the following:

Scott B Henrie     shenrie@williamskastner.com, mphilomeno@williamskastner.com, rvansteen@williamskastner.com

Dennis John McGlothin     dennis@westwalaw.com, docs@westwalaw.com

Emanuel Fraser Jacobowitz     manny@caoteam.com, lesley@caoteam.com

Jeffrey L Willian     jwillian@kirkland.com

Jonathan J Faria     jonathan.faria@kirkland.com, amy.palafox@kirkland.com, michael.tecuanhuehue@kirkland.com, tammy.tsoumas@kirkland.com

Manish Borde  mborde@bordelaw.com

Nathan J Arnold     nathan@caoteam.com, lesley@caoteam.com

R. Bruce Johnston     bruce@caoteam.com

Robert Joseph Cadranell , II     Robert@westwalaw.com, docs@westwalaw.com

Tammy Ann Tsoumas     tammy.tsoumas@kirkland.com

William Randolph Squires , III     rsquires@corrcronin.com, amy.palafox@kirkland.com, mbdahl@corrcronin.com, reception@corrcronin.com

DATED this 26th day of April, 2019.

**CLOUTIER ARNOLD ORTEGA, PLLC**

  /s/ Emanuel Jacobowitz
Emanuel Jacobowitz, WSBA #39991
2701 First Avenue, Suite 200
Seattle, WA 98121
Tel: (206) 866-3230
Fax: (206) 866-3234
manny@CAOteam.com
*Counsel for Defendants Bingham, Bingo*
*Investments, LLC, CCRB Enterprises, LLC,*
*and SKBB Enterprises, LLC*

DEFENDANTS' SURREPLY IN OPPOSITION TO
MOTION FOR FREEZE  - 10
(2:18-cv-00243-TSZ)

CLOUTIER ARNOLD ORTEGA, PLLC
2701 First Avenue, Suite 200
Seattle, WA  98121
(206) 866-3230  Fax (206) 866-3234