UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LVB-OGDEN MARKETING, LLC,

Plaintiff,

v.

DAVID S. BINGHAM, SHARON
BINGHAM, CHRISTOPHER
BINGHAM, CHERISH BINGHAM,
KELLY BINGHAM, BINGO
INVESTMENTS, LLC, CCRB
ENTERPRISES, LLC, PARK
PLACE MOTORS, LTD., HYTECH
POWER, INC., HENRY DEAN, as
Trustee for the SHARON GRAHAM
BINGHAM TRUST, and BGH
HOLDINGS, LLC

Defendants.

C18-243 TSZ

ORDER

THIS MATTER comes before the Court on Plaintiff's Ex Parte Motion for Freeze, docket no. 297. Having reviewed all papers filed in support of, and in opposition to, the motion, as well as the papers filed in response to the Court's Order to Show Cause, docket no. 299, the Court enters the following order.

**Background**

The facts of this long-running dispute have been summarized elsewhere. For purposes of this Order, the Court notes the following facts. On December 7, 2018, the Court entered an Order recognizing that "Plaintiff is entitled to seize any distributions made or hereafter distributed to Sharon Bingham and/or the [Sharon Graham Bingham 2007] Trust from the Fisher Trusts." Order, docket no. 182, at 12. At the time, the Fisher Trust assets were subject to a separate garnishment action, Case No. 18-786, during which the assets were subject to a statutory freeze. *See* RCW 6.27.120. On February 27, 2019, the Court conducted a hearing in the garnishment proceeding, and concluded the Fisher Trust assets were not Sharon Bingham's property subject to garnishment. *See* Minutes and Judgment, Case No. 18-786, docket nos. 63 & 64. The Court denied Plaintiff's controversion of the answer and entered judgment in favor of the garnishee and Defendant Sharon Bingham. *Id.*

Plaintiff then filed a notice of appeal in the garnishment action and moved ex parte for a freeze on the Fisher Trust assets pending that appeal. *See* Pltf.'s Ex Parte Motion for Freeze, Case No. 18-786, docket no. 65. The Court denied that motion by Minute Order on March 4, 2019, because the Court lacked jurisdiction in light of Plaintiff's appeal, and also because the Court had previously denied an oral motion requesting the same relief at the hearing. *See* Minute Order, Case No. 18-786, docket no. 67.

Plaintiff then moved ex parte for a freeze in this action, not against the Fisher Trustee, but against dissipation of the assets by Defendants Sharon Bingham and Henry Dean as Trustee for the Sharon Graham Bingham 2007 Trust. *See* Pltf.'s Ex Parte

Motion for Freeze, docket no. 297. The Court issued an order to show cause why the December 7, 2018 Order did not already prohibit dissipation of any distributions received by Sharon Bingham or the Sharon Graham Bingham 2007 Trust and ordered briefing on the issue. *See* Order, docket no. 299.

**Discussion**

The Court will grant Plaintiff's Motion for Freeze. The Court finds that because Plaintiff is seeking, in part, equitable remedies, this Order is appropriate to preserve assets. *See In re Focus Media, Inc.*, 387 F.3d 1077, 1084-85 (2004) (holding that where a party alleges equitable causes of action, *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999) does not bar the issuance of a preliminary injunction freezing assets); *see also Dargan v. Ingram*, No. 08-1714, 2009 WL 1437564, *3 (W.D. Wash. May 22, 2009) ("The Court has inherent equitable power to issue provisional remedies, such as a freeze asset order, which are ancillary to its authority to provide final equitable relief.").

I.  *Likelihood of Success*

Plaintiff has already prevailed on its claim of entitlement to seize distributions to Defendants from the Fisher Trusts. *See* Order, docket no. 182 at 11. Plaintiff has therefore demonstrated more than a likelihood of success on the merits related to this claim.

II.  *Irreparable Harm*

Since the initiation of this action in early 2018, the Sharon Graham Bingham 2007 Trust's assets have been dramatically reduced. Defendant Dean, as Trustee, testified in

late 2018 that the Sharon Graham Bingham 2007 Trust "has no money" despite assets in excess of $18 million at the outset of this proceeding. *See* docket no. 215, Ex. A at 48:9-11. Defendants have also acted to circumvent this Court's orders regarding the so-called Self-Settled assets, by executing on those assets shortly after the Court entered an order deeming those assets self-settled and subject to seizure.

### III. *Balance of Equities*

The equities favor an injunction. *See Virtue Global Holdings Ltd. v. Rearden LLC*, No. 15-797, 2016 WL 9045855, at *9 (N.D. Cal. June 17, 2016). Defendants do not argue the Sharon Graham Bingham 2007 Trust will be harmed in any way by an injunction prohibiting the use or transfer of any distributions from the Fisher Trusts.

### IV. *Public Interest*

When a proposed injunction is narrowly tailored to impact only the parties and not the broader public, the public interest will be "at most a neutral factor in the analysis rather than one that favor[s] [granting or] denying the preliminary injunction." *Bernhardt v. L.A. County*, 339 F.3d 920, 931 (9th Cir. 2003). Here, the Court finds the injunction narrowly tailored to private interests.

### **Conclusion**

For the foregoing reasons, the Court ORDERS:

(1)	The Court GRANTS Plaintiff's Motion, docket no. 297, in part and orders that in the event of any distributions from the O.D. Fisher Trust and/or Nellie Hughes Fisher Trust to Sharon Graham Bingham and/or the Sharon Graham Bingham 2007 Trust, Defendants Sharon Graham Bingham and Henry Dean, as Trustee for the Sharon Graham

Bingham 2007 Trust, shall not spend, transfer, cause to be transferred, distribute, deliver or otherwise dissipate any funds or assets received from the O.D. Fisher Trust or Nellie Hughes Fisher Trust during the pendency of this action, pending further Order of the Court.

(2)     In the event of any distributions from the O.D. Fisher Trust or Nellie Hughes Fisher Trust, Sharon Bingham and Henry Dean, as Trustee of the Sharon Graham Bingham 2007 Trust, shall notify Plaintiff and the Court of any such distribution within twenty-four (24) hours.

(3)     The Court DENIES in part Plaintiff's motion to freeze, docket no. 297, insofar as the motion asks for a freeze on all other assets in the Sharon Graham Bingham 2007 Trust, except as related to the Disputed Assets as defined in the Court's December 7, 2018 Order, docket no. 182.

(4)     The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 3rd day of May, 2019.

Thomas S. Zilly
United States District Judge