UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LVB-OGDEN MARKETING, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DAVID S. BINGHAM, SHARON BINGHAM, CHRISTOPHER BINGHAM, CHERISH BINGHAM, KELLY BINGHAM, BINGO INVESTMENTS, LLC, CCRB ENTERPRISES, LLC, PARK PLACE MOTORS, LTD., HYTECH POWER, INC., HENRY DEAN, as Trustee for the SHARON GRAHAM BINGHAM TRUST, and BGH HOLDINGS, LLC<br><br>Defendants. | C18-243 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on several rounds of briefing on issues related to the temporary restraining order entered on January 16, 2019, docket no. 230, and the subsequent hearing regarding a preliminary injunction on the sale by the King County Sheriff of certain assets of Sharon and David Bingham, docket no. 243. The issue of the King County Sheriff sale was also briefed in cross-motions for summary

ORDER - 1

judgment, docket nos. 309 & 310. Having reviewed all papers filed in support of, and in opposition to, the motions, the Court enters the following order.

**Background**

The facts underlying this dispute have been summarized elsewhere. In December 2018, the Court entered an Order granting summary judgment in favor of Plaintiff's claim that certain assets held by the Sharon Graham Bingham 2007 Trust were "self-settled" and therefore subject to seizure by creditors. Order, docket no. 182. Those assets included the following: (1) shares of stock in Park Place Motors, Ltd.; (2) 1,263,333 shares of stock in Biolytical Laboratories, Inc.; (3) a preferred ship's mortgage on the M/V Bingo; (4) the Binghams' furniture, fixtures, equipment, and appliances; and (5) Sharon Bingham's wedding ring (collectively, the "Disputed Assets"). *Id.* at 5.

After the Court's order was docketed, Defendant Henry Dean as Trustee for the Sharon Graham Bingham 2007 Trust attempted to execute on some of the Disputed Assets. Dean obtained a writ of execution pursuant to a prior state court judgment against David and Sharon Bingham—the "Umpqua judgment"—that had been partially assigned to the Sharon Graham Bingham 2007 Trust. *See* Def.'s Memorandum re: Anti-Injunction Act, docket no. 241, at 2, 5; *see also* Declaration of Henry W. Dean, docket no. 245, Exhibit C (Sheriff's Sale Postponement Notice referencing *Umpqua Bank v. Bingo Investments*, LLC, No. 09-2-19684-2 as the underlying judgment). Defendants did not give contemporaneous notice to Plaintiff or the Court. The King County Sheriff scheduled a sale for January 31, 2019. *Id.* at 2.

Hours after Defendants obtained a writ of execution from the state court, Plaintiff sought a writ of execution from this Court in a separate ex parte proceeding.[1]  *See LVB-Ogden Marketing LLC v. David S. Bingham, et al.*, Case No. 18-mc-128, docket no. 1. Less than two weeks later on December 21, 2018, but weeks prior to the scheduled Sheriff's sale, Defendants filed motions for this Court to reconsider its December 7, 2018 Order.  *See* docket nos. 201, 202.

The Court denied the motions for reconsideration on January 15, 2019, docket no. 222, and Plaintiff moved ex parte for a freeze order regarding certain assets, docket no. 224. The motion was fully briefed.  The Court treated Plaintiff's motion for a "freeze" as a motion for a temporary restraining order and granted Plaintiff's motion on January 16, 2019.  Docket no. 230.  In granting the motion, the Court prohibited Defendants from participating in the scheduled sheriff's sale and required service of the order on the King County Sheriff.  *Id.*  The Court also set a hearing to determine whether the injunction should be continued, modified, or expunged, and whether the injunction should be broadened to cover other assets in the Sharon Graham Bingham 2007 Trust.  *Id.*  The Court also issued a writ of execution in favor of Plaintiff on January 18, 2019.  *See LVB-Ogden Marketing LLC v. David S. Bingham, et al.*, Case No. 18-mc-128, docket nos. 3, 4.

---

[1] Defendant Dean informed opposing counsel of the execution, in general terms, in a letter dated December 19, 2018.  Declaration of Henry W. Dean, docket no. 227, ¶ 2, Ex. A ("[S]o you don't hear it elsewhere, upon entry of that judgment a few weeks ago, I immediately caused the 2007 Trust to obtain Writs of Execution upon those items of personal property, and some others, and for those Writs he [sic] delivered to the appropriate officials for processing.").

1       The Court heard argument regarding the injunction and the King County Sheriff's
2 sale on January 22, 2019. At that hearing, the parties informed the Court that they had
3 agreed to voluntarily continue the date of the sale for thirty days. Minutes of
4 Proceedings, docket no. 243. Plaintiffs likewise agreed to voluntarily refrain from
5 executing for the same period of time. *Id.* The Court also allowed the parties to submit
6 additional briefing regarding the injunction, including (1) the applicability of the Anti-
7 Injunction Act, 28 U.S.C. § 2283, (2) whether the Disputed Assets would remain self-
8 settled and subject to seizure by Plaintiff after the sheriff's sale, and (3) the effect of the
9 assignment of the underlying state court judgment. The Court has received and reviewed
10 these supplemental briefs (see docket nos. 241, 250, 269 (Anti-Injunction Act); docket
11 nos. 263, 272, 275 (effect of sheriff's sale on self-settled nature of assets); docket nos.
12 264, 271, 276 (assignment of Umpqua judgment to Sharon Graham Bingham 2007 Trust
13 and priority of same). The Court heard argument on February 27, 2019, at which time
14 the parties agreed to continue to voluntarily refrain from executing on or taking other
15 action with respect to the Disputed Assets while those issues were briefed as part of
16 cross-motions for summary judgment. The Court has now reviewed the cross motions,
17 docket nos. 309 & 310, and the papers filed in support of and opposition to the same, and
18 has considered the argument of counsel at the hearing on April 30, 2019.

**<u>Discussion</u>**

20       The Court GRANTED Plaintiff's motion for the reasons stated on the record at the
21 April 30, 2019 hearing, and now enters the following order prohibiting the King County

Sheriff from conducting any sale of the Disputed Assets and enjoining Defendants from taking any further action with respect to the Disputed Assets absent further order of the Court.

### A. Injunction

The Court concludes that Plaintiff, who has already prevailed on the underlying summary judgment motion and is entitled to seize the Disputed Assets, has demonstrated a likelihood of irreparable harm if the sheriff's sale proceeds, and the balance of the equities and the public interest favor an injunction preventing the dissipation of assets subject to the Court's earlier orders. *See, e.g.*, *Selective Insurance Co. of America v. Kuan-Tsan Yu*, No. 14-5888, 2014 WL 12674384 (W.D. Wash. Nov. 21, 2014). Given the longstanding nature of the dispute between the parties and the fact that the Court has already ruled in Plaintiff's favor regarding the Disputed Assets, the Court finds that no bond is necessary.

### B. Anti-Injunction Act

The Court's injunction is not barred by the Anti-Injunction Act, 28 U.S.C. § 2283, because the injunction is "necessary in aid of [the Court's] jurisdiction" and "protect[s] or effectuate[s] its judgments." Because this action to execute on a prior federal judgment is *quasi in rem*, "the doctrine of prior exclusive jurisdiction fully applies." *Chapman v. Deutsche Bank Nat. Tr. Co.*, 651 F.3d 1039, 1044 (9th Cir. 2011) (citations and quotation marks omitted); *see also Koh v. Inno-Pac. Holdings, Ltd.*, 114 Wash. App. 268, 273, 54 P.3d 1270, 1273 (2002).

Separately, Defendant Dean's initiation of state court proceedings was "an attempt to circumvent the enforcement of the district court's judgment," and may be enjoined by this Court. *G.C. and K.B. Invs., Inc. v. Wilson*, 326 F.3d 1096, 1107 (9th Cir. 2003). The Court's December 7, 2018 Order held that the Disputed Assets were subject to seizure by creditors. Defendant Dean's decision to move to reconsider that order and to attempt to organize a sheriff's sale of the same assets while that motion was pending was an effort to circumvent the Court's order. The Anti-Injunction Act does not prohibit this Court from enjoining the parallel state proceeding.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) Defendants are enjoined from transferring, or causing to be transferred, any of the Disputed Assets to any person or entity pending further order of the Court. Defendants, including Henry Dean both individually and as Trustee of the Sharon Graham Bingham 2007 Trust, are enjoined from taking any action in connection with the property described above, including, without limitation, purchasing it at any sale or auction.

(2) The King County Sheriff is enjoined from proceeding with the Sheriff's Sale in *Umpqua Bank v. Bingo Investments, LLC, et al.*, No. 09-2-19684-2 SEA.

(3) Defendant Dean is ORDERED to serve immediately a copy of this Order on the King County Sheriff and any other person or agency that currently possesses the Disputed Assets described in the Court's December 7, 2018 Order, docket no. 182.

1 | Defendant Dean is further ORDERED to file a proof of such service by 12:00 p.m.

2 | (noon) on Wednesday, May 8, 2019.

3 |     (4)    The Clerk is directed to send a copy of this Order to all counsel of record.

4 | IT IS SO ORDERED.

5 | Dated this 3rd day of May, 2019.

/s/ Thomas S. Zilly

Thomas S. Zilly
United States District Judge